JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

General Counsel for Seth Haldane Casden, Debtor
and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:23-bk-16904-BR |
| SETH HALDANE CASDEN, | Chapter 11 |
| Debtor and Debtor in Possession. | **NOTICE OF APPLICATION AND APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY THEODORA ORINGHER, PC AS HIS SPECIAL LITIGATION COUNSEL; STATEMENT OF DISINTERESTEDNESS** |
| | Date: June 18, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, California |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on June 18, 2024, at 10:00 a.m., in Courtroom "1668" of the United States Bankruptcy Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California, the debtor and debtor in possession herein, Seth Haldane Casden (the "Debtor"), will and hereby does move the Court for entry of an order under 11 U.S.C. § 327(e) authorizing the Debtor to employ Theodora Oringher, PC ("TO" or the "Firm") as his special litigation counsel in the matter of *Multiple Energy Technologies, LLC v. Seth Casden*, U.S. District Court, Central District of California, Case No. 2:21-cv-01149-ODW (RAOx) (the "MET v.

Casden Action"). In compliance with LBR 2014-1(b)(3), the Debtor hereby provides the following information regarding the Application:

1.    _Identity of professional and the purpose and scope for which it is being employed_

The Debtor seeks to employ TO as his special litigation counsel in connection with the MET v. Casden Action.

2.    _Whether professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330_

The Debtor seeks to employ TO pursuant to 11 U.S.C. § 327(e).  TO will seek to approval of its compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331.

3.    _Arrangements for compensation_

TO will charge for its services at an hourly rate measured in increments of tenths of an hour.  The professional rates for TO's attorneys for this matter will be as follows: $450 - $595 for Senior Attorneys (note: TO does not use the designation "Partner" to describe its more experienced attorneys, but rather "Senior Attorney"), and will bill $350 for Associates, and $175 for Practice Technology professionals, and $175 for Paralegals.  It will also seek reimbursement of its expenses.  Attached hereto as Exhibit "2" are the rates of reimbursement of expenses.

The lead attorneys that will be working with the Debtor from TO are Scott K. Behrendt and Chris Harney.  Mr. Behrendt's hourly billing rate is $450 and his Mr. Harney's hourly billing rate is $450.

The Debtor proposes to pay TO a post-petition retainer of $40,000 as an advance against fees and costs to be incurred by the Firm in the course of its representation of the Debtor (the "Retainer").  TO's receipt of the $40,000 is a condition precedent to its performance of the legal services contemplated in the Application.  The Debtor proposes to compensate TO on the following basis, except as the Court may otherwise determine and direct, after appropriate notice and hearing:

First, with respect to the Retainer, for fees and costs chargeable to the Debtor, TO will draw down on the Retainer in accordance with the _Guide to Applications for Retainers, and_

*Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United States Trustee, except that the Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust account.  TO will submit a monthly Professional Fee Statement each month until the Retainer is exhausted. Second, TO will apply to the Court under §§ 330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more often than every 120 days.  All applications of TO for compensation will be heard upon notice to creditors and other parties-in-interest.  TO will accept such fees and reimbursement for expenses as may be awarded by the Court.  TO expects that its compensation will be based upon a combination of factors including, without limitation, its customary fees charged to clients who pay TO monthly, as those fees are adjusted from time to time, the experience and reputation of counsel, the time expended, the results achieved, the novelty and difficulty of the tasks undertaken (including applicable time limitations) and the preclusion from other employment caused by its work on behalf of the Debtor.

The source of future payments to the Firm from the Debtor after the Retainer has been exhausted will be the Debtor's estate.

4.    <u>Name, address and telephone number of person who will provide a copy of the Application</u>

A copy of the Application is appended hereto.  Copies may also be requested by contacting Shelly Panta, Danning, Gill, Israel & Krasnoff, LLP, 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067, Email: spanta@DanningGill.com.  Her telephone number is (310) 277-0077.

**PLEASE TAKE FURTHER NOTICE** that any party seeking to oppose the Application must, not later than 14 days before the hearing date, file a written opposition with the Clerk of the Court and serve copies of the opposition upon the Debtor's counsel and upon the Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017.  Failure to file and serve oppositions as set forth above may be deemed consent to the relief sought in the

1    motion.  If you do not have any opposition to the motion and/or to approval of the Application, you

2    need not take any further action.

3

4    DATED:  May 28, 2024                DANNING, GILL, ISRAEL & KRASNOFF, LLP

5

6                                        By:        */s/ Aaron E. de Leest*
                                                _____
7                                              AARON E. DE LEEST
                                               General Counsel for Seth Haldane Casden,
8                                              Debtor and Debtor-in-Possession

9

10   MAILING DATE:  May 28, 2024

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPLICATION

Seth Haldane Casden (the "Debtor"), the debtor and debtor-in-possession herein, respectfully represents as follows:

## A.    BANKRUPTCY BACKGROUND

On October 17, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code").  The Debtor remains in possession of his property and continues to operate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

## B.    THE DEBTOR'S HISTORY

The Debtor is the co-founder and Chief Executive Officer of Hologenix, LLC, a Delaware limited liability company ("Hologenix").  Hologenix is a materials science company.  Hologenix's flagship product is CELLIANT which is a proprietary blend of naturally occurring minerals that capture and convert body heat into infrared energy.  CELLIANT is imbedded in yarn or applied to fabric and used in various consumer products, including, but not limited to, athletic wear, athleisure wear, and bedding.  Hologenix is a debtor in its own chapter 11 bankruptcy proceeding, Case No. 2:20-bk-13849-BR (the "Hologenix Case").

## C.    THE MET V. CASDEN ACTION AND THE DEBTOR'S PREPETITION RETENTION OF TO

On or about February 8, 2021, Multiple Energy Technologies LLC ("MET") filed a complaint against the Debtor for alleged violations of the Lanham Act, unfair competition, and tortious interference with contractual relations, commencing a lawsuit against the Debtor captioned *Multiple Energy Technologies, LLC v. Seth Casden*, U.S. District Court, Central District of California, Case No. 2:21-cv-01149-ODW (RAOx) (the "MET v. Casden Action").

On or about July 20, 2021, the Debtor entered into an engagement agreement with Theodora Oringher, PC ("TO" or the "Firm") to represent the Debtor in the MET v. Casden Action. A true and correct copy of the engagement agreement is attached as Exhibit "1" hereto.

On September 26, 2023, MET obtained a judgment against the Debtor in the MET v. Casden Action in the amount of $5,449,513 (the "Judgment").  The Debtor intends to pursue an appeal from the Judgment.

On October 13, 2023, MET obtained an order for appearance for a judgment debtor examination the Debtor, service of which would have created a lien on his personal property assets. Because the Debtor was unable to post a bond or otherwise obtain a stay with respect to MET's judgment enforcement efforts, the Debtor filed a voluntary petition commencing this Chapter 11 case to protect his assets and reorganize his debts.

At the time that the Debtor filed his bankruptcy case on October 17, 2023, the Debtor had three motions pending in the MET v. Casden Action – the Debtor's: (1) Motion for Judgment as a Matter of Law; (2) Motion to Alter Judgment; and (3) Ex Parte Application to Waive Requirement of Bond and Stay Enforcement of Judgment.  MET's Motion for Attorneys Fees was also pending.

On October 20, 2022, postpetition and following its receipt of notice of the Debtor's bankruptcy filing and automatic stay, the District Court in the MET v. Casden Action entered an order vacating all dates and deadlines in the MET v. Casden Action and dismissing the Debtor's and MET's motions as moot.  The District Court's order further and authorized the parties to renew their motions upon lifting of the stay.

On May 21, 2024, The Debtor filed his motion for relief  from the automatic stay in the MET v. Casden Action to challenge the Judgment, renew his motions in the District Court, and pursue an appeal of the Judgment, among other relief.

D.    **TO'S PRIOR EMPLOYMENT IN THE HOLOGENIX CASE**

On or about August 3, 2021, in the Hologenix Case, Hologenix filed an application to employ TO as its special litigation counsel in connection with the lawsuit entitled *Multiple Energy Technologies, LLC v. Under Armour, Inc.*, U.S. District Court, Western District of Pennsylvania, as

Case No. 2:20-cv-00664 (the "UA Action").  Pursuant to an order entered on August 27, 2021, in the Hologenix Case, TO was employed as special litigation counsel for Hologenix in connection with the UA Action.

On or about June 9, 2022, Hologenix filed an application to employ TO as its special litigation counsel in connection with the MET v. Casden Action.  Hologenix's application to employ TO included a copy of Hologenix's engagement agreement with TO and a copy of the Debtor's engagement agreement with TO (Exhibit "1" hereto).  The Debtor's engagement agreement with TO provides that Hologenix, will pay the engagement deposit and that Hologenix will pay TO's fees and expenses on behalf of the Debtor.

Hologenix's application further disclosed in connection with the Debtor that it:

> has previously paid TO on behalf of Mr. Casden a $25,000 retainer that TO will retain in a client trust account and apply against the last expenses and any unpaid services rendered under the engagement with Mr. Casden in connection with MET, and at the conclusion of the engagement, Debtor is entitled to a refund of any unused portion. The Debtor has paid and intends to continue to pay Mr. Casden's attorneys fees owed to TO in connection with the lawsuit filed by MET against Mr. Casden as they are incurred on a monthly basis.

Pursuant to an order entered on June 13, 2022, in the Hologenix Case, TO was employed as special litigation counsel for Hologenix in connection with the MET v. Casden Action.

**E.    THE DEBTOR'S PROPOSED RETENTION OF TO**

It is necessary for the Debtor to employ special litigation counsel to represent the Debtor in and with respect to the Debtor's post-trial motions and future matters that will arise in the MET v. Casden Action.  As set forth above, TO represented the Debtor prior to the Petition Date in the MET v. Casden Action.  TO is intimately familiar with the facts and issues in the MET v. Casden Action and its employment is necessary to pursue the Debtor's post-trial motions and any future matters that arise in the MET v. Casden Action.  The Debtor will also, pursuant to separate application, seek to employ special appellate counsel to handle the actual appeal of the Judgment.

TO provides legal services in a wide-range of legal fields, including in sophisticated, high stakes litigation, and also provides counsel to businesses on transactions and operations issues. TO

1  has offices in Los Angeles and Orange County, California, and more than fifty attorneys.  TO is

2  well qualified to perform the requisite legal services as special counsel for the Debtor.

3       The lead attorneys that will be working with the Debtor from TO are Scott K. Behrendt and

4  Chris Harney.  Mr. Behrendt has been practicing law for over 20 years and specializes in complex

5  commercial litigation and business disputes.  Mr. Harney concentrates his practice on bankruptcy

6  matters, litigation and complex commercial disputes in both federal and state courts.  The

7  professional resumes of Mr. Behrendt and Mr. Harney are attached, collectively, as Exhibit "3" to

8  the Statement of Disinterestedness, filed with this application and incorporated herein..  As needed

9  and for reasons such as expediency, expertise and efficiency, other attorneys from TO may work on

10  the Debtor's case, which work will be billed using TO's standard hourly billing rates.

11       The Debtor believes and assert that the employment of TO is in the best interest of the

12  estate. Furthermore, the Debtor and TO believe and assert that TO does not represent or hold any

13  interest adverse to the Debtor or to the estate with respect to the proposed representation or

14  otherwise.

15

16  **F.**     **ARRANGEMENTS FOR COMPENSATION**

17       TO will charge for its services at an hourly rate measured in increments of tenths of an

18  hour.  The professional rates for TO's attorneys for this matter will be as follows: $450 - $595 for

19  Senior Attorneys (note: TO does not use the designation "Partner" to describe its more experienced

20  attorneys, but rather "Senior Attorney"), and will bill $350 for Associates, and $175 for Practice

21  Technology professionals, and $175 for Paralegals.

22       As set forth above, the lead attorneys that will be working with the Debtor from TO are

23  Scott K. Behrendt and Chris Harney. Mr. Behrendt's hourly billing rate is $450 and his Mr.

24  Harney's hourly billing rate is $450. TO will also seek reimbursement of its expenses.  Attached

25  hereto as Exhibit "2" are the rates of reimbursement of expenses.

26       The Debtor proposes to pay TO a retainer of $40,000 as an advance against fees and costs

27  to be incurred by the Firm in the course of its representation of the Debtor (the "Retainer").  TO's

28  receipt of the $40,000 is a condition precedent to its performance of the legal services contemplated

1  in the Application.  The Debtor proposes to compensate TO on the following basis, except as the

2  Court may otherwise determine and direct, after appropriate notice and hearing:

3         First, with respect to the Retainer, for fees and costs chargeable to the Debtor, TO will draw

4  down on the Retainer in accordance with the *Guide to Applications for Retainers, and*

5  *Professionals and Insider Compensation* ("Fee Guide"), promulgated by the Office of the United

6  States Trustee, except that the Retainer will be maintained in the Firm's attorney-client trust

7  account rather than a segregated trust account.  TO will submit a monthly Professional Fee

8  Statement each month until the Retainer is exhausted. Second, TO will apply to the Court under §§

9  330 and 331 of the Bankruptcy Code for an allowance of fees and reimbursable expenses not more

10  often than every 120 days.  All applications of TO for compensation will be heard upon notice to

11  creditors and other parties-in-interest.  TO will accept such fees and reimbursement for expenses as

12  may be awarded by the Court.  TO expects that its compensation will be based upon a combination

13  of factors including, without limitation, its customary fees charged to clients who pay TO monthly,

14  as those fees are adjusted from time to time, the experience and reputation of counsel, the time

15  expended, the results achieved, the novelty and difficulty of the tasks undertaken (including

16  applicable time limitations) and the preclusion from other employment caused by its work on

17  behalf of the Debtor.

18

19  **G.**    **DISINTERESTEDNESS**

20         As of the date of this application, to the best of the Debtor's knowledge and after

21  consideration of the disclosures in the attached Statement of Disinterestedness, the Debtor believes

22  that the Firm and all of its partners and associates are disinterested persons as that term is defined

23  in 11 U.S.C. § 101(14), and neither the Firm nor any partners or associates of the Firm are

24  connected with the Debtor, his creditors, any other party in interest, his attorneys and accountants,

25  or to this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of

26  the Court or any relation to the United States Trustee in this district, or any person employed at the

27  Court or the Office of the United States Trustee, nor does the Firm or its attorneys represent or hold

28  an adverse interest with respect to the Debtor, any creditor, or to this estate, except that TO

1  represented the Debtor and Hologenix prior to the Petition Date, and TO is owed approximately

2  $267,734.25 for services rendered pre-petition in the MET v. Casden Action and has filed a proof

3  of claim for that amount in the Debtor's case.

4      If the Court does not approve TO's employment as requested in this application, the Firm

5  will not be obligated to provide services to the Debtor.  The only source of payment of

6  compensation for TO will be from the Debtor's estate.

7      WHEREFORE, the Debtor requests that the Court enter an order authorizing him to employ

8  TO as his special counsel and for such other and further relief as may be determined just and

9  proper.

10

11  DATED: May __24__, 2024

12

13

14                                          By: _____

                                                 Seth Haldane Casden

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1. Name, address and telephone number of the professional ("the Professional" or "the "Firm") submitting this Statement:

   Theodora Oringher PC
   Scott K Behrendt, Senior Attorney
   1840 Century Park East, Suite 500
   Los Angeles, CA 90067
   310.557.2009

2. The services to be rendered by the Professional in this case are (specify):

   To represent the Debtor in and with respect to the Debtor's post-trial motions and future matters that will arise in the MET v. Casden Action.

3. The terms and source of the proposed compensation and reimbursement of the Professional are (specify):

   See Pages 8-9 of the Application

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):

   None applicable.

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify):

   We conducted a conflict check with respect to the Debtor, and all of the creditors listed on the master mailing list to determine whether the Firm has any prior attorney-client relationship or other connection thereto.

6. The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

   None, except that it represented the Debtor and Hologenix prior to the Petition Date, and TO is owed approximately $267,734.25 for services rendered pre-petition in the MET v. Casden Action and has filed a proof of claim for that amount in the Debtor's case.

7. The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):

   TO has filed a proof of claim in the amount of $267,734.25 for services rendered pre-petition in the MET v. Casden Matter.

8. The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect

relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary): None.

10.    Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

Theodora Oringher PC
Scott K Behrendt, Senior Attorney
1840 Century Park East, Suite 500
Los Angeles, CA 90067
310.557.2009

11.    The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary): None.

12.    Total number of attached pages of supporting documentation:    22

13.    After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 and 11 are stated on information and belief.

Executed on May  24 , 2024, at Los Angeles, California.

_____
Scott K. Behrendt

# EXHIBIT "1"

**THEODORA ORINGHER PC**
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
T (310) 557-2009 • F (310) 551-0283
www.tocounsel.com

**SCOTT K. BEHRENDT**
sbehrendt@tocounsel.com
(310) 788-3543
File No. 02532-02532

July 20, 2021

**VIA EMAIL ONLY**

Seth Casden
Hologenix, LLC
17383 Sunset Boulevard, Suite A420
Pacific Palisades, CA 90272
Email: Seth@Celliant.com

> Re:    Legal Services in Connection with *Multiple Energy Technologies, LLC v. Seth Casden,* U.S. District Court, Central Dist. of Cal., Case No. 2:21-cv-01149

Dear Mr. Casden,

Thank you for selecting Theodora Oringher PC (the "Firm") to provide you (the "Client") with legal services related to the above-referenced matter.  We very much look forward to working with you and furthering your interests.  This Engagement Letter sets forth the terms upon which we will represent you.  This Engagement Letter is intended to be a binding legal contract and replaces any prior discussions or agreements that may have been had regarding the scope, cost and nature of our representation of you.  If you agree to these terms, please sign the letter and return it to us.

1.  <u>Scope of Representation</u>.  Client has retained the Firm to provide legal advice, negotiation, representation, and/or litigation services in connection with the lawsuit of *Multiple Energy Technologies, LLC v. Seth Casden,* U.S. District Court, Central District of California, Case No. 2:21-cv-01149 (*i.e.,* the Project).  The terms of this Engagement Letter will also apply to any additional matters unrelated to the Project which we agree to handle on behalf of Client or at Client's direction, unless we enter into a separate engagement letter with respect to any such additional matters.

   The Firm is ***not*** being retained to provide advice on any tax matters or to represent or protect the interests of any individual or entity other than Client.  Retention for any such matter must be negotiated and memorialized in a separate signed agreement.

   Client acknowledges that the Firm has made no promises about the outcome of the Project and that any opinion offered by the Firm in the future will not constitute a guaranty about the outcome of the Project.

**14**



2.    <u>Clarification of "Client".</u>   The Firm is representing Client and Client alone in this matter.  The Firm is ***not*** being retained to represent or protect the interests of any individual or entity other than Client, including any affiliates, investors, partners, parents, shareholders, or subsidiaries of Client or any other person or entity related to or claiming any relationship with Client (collectively, "Associated Parties").  In connection with *this* engagement, the Firm does not and will not represent any Associated Party unless such additional representation is agreed to in writing between the Firm and Client.  Therefore, unless the Firm and Client have agreed within this Engagement Letter that the Firm will not now or in the future represent interests either allied with or adverse to those of an identified Associated Party, the Firm may freely do so.

3.    <u>Client's Duties</u>.  Client agrees to be truthful and cooperative with the Firm, to keep the Firm informed of any information or developments which may come to Client's attention which are relevant to the scope of the Firm's representation, to abide by this Engagement Letter, to ensure payment of the Firm's bills on time, to attend meetings when reasonably requested by the Firm, and to keep Firm advised of Client's address and telephone number.

4.    <u>Engagement Deposit</u>.  Hologenix, LLC ("Hologenix") will initially deposit the total sum of **$25,000** ("Engagement Deposit"), which Firm will retain in a client trust account and apply against the last expenses and any unpaid services rendered under this Engagement Letter, unless applied to earlier fees and expenses on reasonable notice to Client and in Firm's sole discretion.  This Engagement Letter is not effective until Firm receives the Engagement Deposit.  Hologenix authorizes Firm to use the Engagement Deposit (as well as any future deposit) to pay for fees and other charges.  Hologenix hereby grants Firm a security interest in the Engagement Deposit.  Hologenix is obligated to pay any invoice for services as it is rendered, without reference to the Engagement Deposit, and to pay for any invoice if the Engagement Deposit is exhausted.  The Engagement Deposit represents neither a "maximum" fee nor an "estimate" of the fee.  Firm reserves the right to increase the Engagement Deposit if, in the Firm's sole discretion, the circumstances so warrant.  In particular, Client and Hologenix agree that before Firm begins work on any major activity in the matter, including but not limited to dispositive motions, depositions, trial preparation, mediation, arbitration, trial, or settlement agreements, Firm is entitled to receive an increase in the Engagement Deposit sufficient to cover the reasonably estimated fees and costs of any such activity.  At the conclusion of the matter and after all fees and costs have been paid, Hologenix is entitled to a refund of any unused portion of the Engagement Deposit.

5.    <u>Fees and Expenses</u>.

    5.1    <u>Fee Estimate.</u>  Because the course of a project can sometimes be unpredictable, we cannot estimate with any reasonable accuracy the



nature, extent and ultimate cost of the legal services to be performed. Therefore, we have not made any commitment as to the maximum fee or as to the outcome of this matter.

5.2.    <u>Hourly Rates</u>.   Hologenix, on behalf of Client, will pay the Firm the following hourly rates for services: $450 - $595 for Senior Attorneys (note: the Firm does not use the designation "Partner" to describe its more experienced attorneys, but rather "Senior Attorney"), $350 for Associates, $175 for Practice Technology professionals, and $175 for Paralegals. Firm shall record time to the nearest one-tenth hour invested in providing services to Client, including telephone calls, meetings and conferences, and time traveling to and from meetings and hearings on behalf of Client. The Firm's hourly rates are subject to periodic adjustment.  Normally, they are adjusted no more than once each year and this adjustment, if it occurs, usually takes place in the first quarter of each year. Hologenix's and Client's notification of any such adjustment in rates will appear in the monthly invoice for services generated by the Firm. There will be no other notice of such an adjustment.

5.3    <u>Lead Attorneys.</u> Unless we each later agree, the lead attorneys for this engagement will be Antony Buchignani and Scott K. Behrendt.  The hourly rates for Buchignani and Mr. Behrendt are $595 and $450, respectively. As needed in their judgment for reasons such as expediency, expertise and efficiency, Messrs. Buchignani and Behrendt will involve other attorneys in the Firm on this engagement at the billing rates set forth in Paragraph 5.2 above.  While Firm takes all prudent steps to minimize the number of attorneys who perform services on Client's behalf, Firm will charge for attorney conferences and supervision where appropriate to ensure that the work is done properly and thoroughly.

5.4    <u>Settlement Proceeds.</u> Client and Hologenix agree that any money paid to Client by another person in settlement or satisfaction of any obligation or judgment in this matter will be deposited into the Theodora Oringher trust account, which is identified as the Theodora Oringher PC – IOLTA.  Client and Hologenix agree that any settlement agreement shall provide that any payment to Client by check will be made payable jointly to Client and Theodora Oringher PC – IOLTA, and that any payment to Client by wire or electronic bank deposit shall be made directly into the Theodora Oringher PC – IOLTA account.  Client and Hologenix agree that all outstanding fees and costs will be paid to Firm prior to any such proceeds being disbursed to Client, and that Firm will not disburse any money to Client until the payment funds are verified to have cleared and be available funds.  Any interest earned in the Theodora Oringher PC – IOLTA will be paid to the California State Bar pursuant to the Firm's standard policies.



5.5   <u>Expenses</u>.  Hologenix will pay directly or reimburse Firm for all out-of-pocket expenses reasonably incurred in connection with this engagement.  Such expenses include, without limitation, filing fees, database research, reporter fees, witness fees, bond fees, court costs, long distance telephone, electronic discovery or due diligence vendor fees, delivery, copying, travel, and secretarial or staff overtime if needed.  Client and Hologenix agree that Firm may require Client and/or Hologenix to sign separate engagement agreements with vendors including but not limited to expert witnesses or court reporters wherein vendors will directly invoice and be paid by Hologenix.  In cases where the Firm may retain the services of outside vendors (e.g., expert witnesses, court reporters, etc.) on Client's behalf, it is agreed that Hologenix is solely responsible for payment of their fees and expenses, and that Firm may require Hologenix to advance money to the Firm to engage and pay such vendors.

Client expressly agrees that he is ultimately responsible to the Firm for payment of all fees, costs, and expenses should Hologenix fail to pay the Firm for them.

6.   <u>Periodic Invoicing and Payment</u>.  Approximately once a month, Firm will submit to Hologenix (and Client) an invoice for fees for services and expenses.  Invoices shall set forth the date, time and brief itemized description of the services rendered and the initials of the professional rendering the service, as well as the billing professional's hourly rate.  Costs and expenses will be summarized by category.  Invoice amounts shall be paid by Hologenix, on behalf of Client, within 15 days of the date of the invoice ("due date").  After the date due, a late payment charge will be added to any unpaid balance at the rate of 18 percent per year (1.5 percent per month).  If Firm fails to initially demand the late payment charge, this shall not waive the Firm's right to demand such a charge at a later date.  It is explicitly understood by Client and Hologenix that Firm is authorized by Client and Hologenix to halt work on all matters for Client if any invoice, or increase in the Engagement Deposit, has not been paid by the due date.  If Client or Hologenix have any billing questions or concerns, Stacy Scott is the head of the billing department and can be reached directly at (310) 788-3612.

Client hereby grants Firm a lien on any and all claims or causes of action that are the subject of Firm's representation under this Engagement Letter.  Firm's lien will be for any sums owing to Firm for any unpaid fees or costs at the conclusion of Firm's services.  The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement, or otherwise.  The effect of such a lien is that Firm may be able to compel payment of fees and costs recovered on behalf of Client even if Firm has been discharged before the end of the matter.  Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's choice before agreeing to such a lien.  Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and – regardless of whether Client has

**17**



chosen to consult such a lawyer – Client agrees that Firm will have a lien as specified above.

7.    <u>Termination, Limitations, Assignment, and Amendment</u>. Client may terminate this Engagement Letter at any time by giving the Firm reasonable advance written notice.  Firm may terminate this Engagement Letter (i) for cause, (ii) for any reason permitted under California law, or (iii) if Client fails to make any payment to Firm when due.  Upon termination of the engagement, Firm will (i) where required, take such steps as it deems appropriate to formally withdraw from pending proceedings, if any, in which it may be counsel of record, (ii) provide reasonable transitional assistance to new counsel, if any, designated by Client, and (iii) thereafter, at Client's direction, refund any remaining balance of Client's Engagement Deposit.  Firm may, at its discretion, bill Hologenix for the cost of duplicating any or all documents from the Client's file.

Firm may assign this Engagement Letter and all rights and obligations under it to any entity that succeeds in whole or in part to the professional activities now conducted by Firm.

This Engagement Letter reflects the standard terms upon which Firm currently makes its services available to clients.  In the event that such standard terms are modified at any future date, Firm may amend this Engagement Letter to reflect such modified standard terms in accordance with the following procedures.  First, Firm must give Client at least 30 days' advance written notice by certified or registered mail, return receipt requested ("30-day notice period") of its intent to amend this Engagement Letter, including with such written notice a copy of the proposed amended terms of engagement (the "Amended Engagement Letter").  Second, if Client agrees and desires to receive services from Firm under the Amended Engagement Letter following the 30-day notice period, no further action evidencing agreement need be taken by either party and the Amended Engagement Letter shall automatically become effective at the end of the 30-day notice period.  Third, if Client does not agree to or desire to receive services from Firm following the 30-day notice period pursuant to the terms of the Amended Engagement Letter, Client may at any time prior to the end of the 30-day notice period exercise Client's existing right to unilaterally terminate this engagement by written notice to the Firm pursuant to the first paragraph of this section and Firm shall thereby discharge its termination responsibilities.

8.    <u>Retention of Files for Five Years</u>.  The Firm's document retention policy is guided by Formal Opinion No. 475 of the Los Angeles County Bar Association.  Under these guidelines, client files may be destroyed five years after a matter is closed unless the client makes other arrangements.  Therefore, unless Client informs the Firm in writing to the contrary, the Firm may destroy Client's files five years after this engagement ends.



9.    <u>Arbitration</u>.

9.1    We appreciate the opportunity to serve as Client's attorneys and look forward to having a productive and mutually rewarding relationship.  If Client becomes dissatisfied with our charges or services, we encourage Client to bring it to our attention immediately.  We believe that most problems of this nature can be resolved through good faith discussion.

9.2    <u>Arbitration of All Disputes.</u>  In the event that we cannot resolve a dispute through discussion, we believe that binding arbitration offers a more expeditious and less expensive alternative than court action.  Therefore, any dispute between Client and the Firm, or Hologenix and the Firm, related in any way to the Firm's work or this Engagement Letter, including but not limited to Firm's demand for payment of its fees under this Engagement Letter, shall be submitted to final and binding arbitration on written request of either Client, Hologenix, or the Firm after service of that request on the other party.  The arbitration shall be conducted pursuant to California Code of Civil Procedure section 1280 et seq.  The place of the arbitration shall be Orange County or Los Angeles County, California.  The arbitration shall be before a retired judge or justice affiliated with the Judicial Arbitration and Mediation Service (JAMS), pursuant to California Code of Civil Procedure section 1280 et seq.  If Client, Hologenix, and the Firm are unable to agree on a retired judge or justice affiliated with JAMS, each party will name one retired judge or justice and the two named persons will select a neutral judge or justice affiliated with JAMS, who will act as the sole arbitrator.  Each party is entitled to appear at the arbitration hearing and may be represented by counsel.

Each party will bear their own attorneys' fees and costs in any dispute, arbitration or litigation.

9.3    <u>Special Provisions for Arbitration of Fee Disputes.</u>  In the case of disputes regarding payment of the Firm's fees and/or costs, the dispute shall proceed to final and binding arbitration as set forth in Paragraph 9.2, but only after non-binding arbitration has been conducted pursuant to the provisions of California Business & Professions Code section 6200 et seq., unless those provisions are not timely and properly invoked.

The final and binding arbitration of a fee and/or cost dispute shall proceed as set forth in Paragraph 9.2, except that the matter shall be heard by the arbitrator within 30 days of a party's initiation of the arbitration with JAMS, and the arbitration will be presented via letter briefing and argument and/or live testimony at a one-day, in-person hearing.  If Client or Hologenix, respectively, refuse to participate in arbitration, then Client and Hologenix, respectively, agree and consent that arbitration may proceed



Seth Casden
July 20, 2021
Page 7

against Client and/or Hologenix by default prove-up hearing without prior court order.  Said arbitration may occur through any Southern California arbitration company in front of any competent arbitrator selected by Firm.  If the arbitrator finds in favor of Firm and against the Client or Hologenix regarding the payment of fees, the Client or Hologenix shall pay Firm the fees awarded pursuant to the arbitration within ten days of the arbitrator's ruling.  If Client or Hologenix refuse to pay all attorney's fees awarded within ten days, Client and Hologenix agree to stipulate to Firm's withdrawal from representation of the Client, and Client and Hologenix agree that they shall remain bound by the arbitrator's award.

9.4 **Client and Hologenix understand that, by signing this Engagement Letter, they are agreeing to binding arbitration of any dispute, claim or controversy regarding any of our past, present or future services as described in this letter, and are waiving any right they may have to a trial by jury and possibly other substantial rights.**

10. <u>Governing Law</u>.  This Engagement Letter shall in all respects be interpreted, enforced and governed by the laws of the State of California.

11. <u>Marketing</u>.  The Firm includes in its marketing materials references to some of our clients and some of the publicly disclosed transactions and other legal matters that we have handled for them.  These references may appear on our website (tocounsel.com), in our printed marketing materials, and in advertising in industry and news publications.  With respect to industry and news publications, prior to publication, we notify those clients that may be referenced in a printed advertisement.  We would like to be able to include your company in these materials, and may include your company name and logo(s), and non-confidential information concerning transactions and other legal matters we have handled for you, on our website and in our marketing, advertising and informational materials.  By signing this letter, you agree to these terms, although you may withdraw this consent at any time by informing us with an email sent to Kevin A. Dorse, Managing Partner   (<u>kdorse@tocounsel.com</u>).

12. <u>Allowed Adverse Representation.</u>  Firm is a general service law firm that Client recognizes has represented, now represents, and will continue to represent numerous clients (including without limitation Client's or its affiliates' debtors, creditors, and direct competitors), nationally and internationally, over a wide range of industries and businesses and in a wide variety of matters.  Given this, without a binding conflicts waiver, conflicts of interest might arise that could deprive Client or other clients of the right to select Firm as their counsel.

Thus, as an integral part of the engagement, Client agrees that Firm may, now or in the future, represent other entities or persons, including in litigation, adversely to Client or any affiliate on matters that are not substantially related to (a) the



legal services that Firm has rendered, is rendering, or in the future will render to Client under the engagement and (b) other legal services that Firm has rendered, is rendering, or in the future will render to Client or any affiliate (an "Allowed Adverse Representation").

Client also agrees that it will not, for itself or any other entity or person, assert that either (a) the Firm's representation of Client or of one or more Associated Parties in any past, present, or future matter or (b) the Firm's actual, or possible, possession of confidential information belonging to Client or any Associated Party is a basis to disqualify the Firm from representing another entity or person in any Allowed Adverse Representation. Client further agrees that any Allowed Adverse Representation does not breach any duty that the Firm owes to Client.

13.    <u>Email Communications.</u>  The Firm routinely uses internet electronic mail to communicate with its clients.  While electronic mail is generally considered  to be confidential and reliable, using it creates some risk that such communications may be intercepted by, or otherwise disclosed to, third parties.  Client assumes all risks associated with using internet electronic mail to communicate with Firm. If Client considers certain communications to be of such a nature that this risk is unacceptable, Client must advise Firm in writing and request not to communicate by electronic mail or to request the use of data encryption for such communications.  In such cases, Client will be responsible for all additional costs associated with using alternative means of communication.  Should the need for encryption be identified, Firm will coordinate with Client's Information Technology personnel to implement the required protocol.

14.    <u>Audit Letter Issues.</u>   In response to your possible requests to provide information to your auditors, our policy is to comply with the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information regarding the scope and content of such responses, except when that policy is clearly inapplicable.  Audit responses are prepared as a professional service to the Client for which Client will compensate Firm based on the hourly rates set forth in this engagement agreement.

15.    <u>HIPAA Compliance.</u>  It is the policy of the Firm to comply with the Health Insurance Portability and Accountability Act (HIPAA).  In compliance with the HIPAA Security Rule, the Firm has put in place appropriate administrative, technical and physical safeguards to protect the integrity, confidentiality and availability of both paper and electronic protected health information (PHI) that is created, received or managed from the Firm's clients and handled by the Firm's employees and covered entities.  The Firm maintains a security program that addresses the domains of commonly accepted security frameworks.  If Client requires additional safeguards for protected health information, Client must advise Firm in writing.  Firm will coordinate with Client's information technology personnel to implement the required protocol at Client's expense.



Seth Casden
July 20, 2021
Page 9

16.  <u>Conflict of Interest Matters</u>.  Rule 1.7 of the Rules of Professional Conduct of the State Bar of California provides, in pertinent part, as follows:

(a)  A lawyer shall not, without informed written consent* from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter.

(b)  A lawyer shall not, without informed written consent* from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person,* or by the lawyer's own interests.

(c)  Even when a significant risk requiring a lawyer to comply with paragraph (b) is not present, a lawyer shall not represent a client without written* disclosure of the relationship to the client and compliance with paragraph (d) where:

(1)  the lawyer has, or knows* that another lawyer in the lawyer's firm* has, a legal, business, financial, professional, or personal relationship with or responsibility to a party or witness in the same matter; or

(2)  the lawyer knows* or reasonably should know* that another party's lawyer is a spouse, parent, child, or sibling of the lawyer, lives with the lawyer, is a client of the lawyer or another lawyer in the lawyer's firm,* or has an intimate personal relationship with the lawyer.

**NOTICE OF SPECIFIC POTENTIAL CONFLICT**

Firm may be retained to represent Hologenix in connection with a subpoena issued to it, and other activities, in the matter of *Multiple Energy Technologies, LLC v. Under Armour Inc.*, U.S. District Court for the Western District of Pennsylvania, Case No. 2:20-cv-00664 (the "*MET v. UA* matter").

Hologenix and Client are not aware of any conflicts or potential conflicts of interest amongst them now, or that they foresee arising in the future, regarding the Project and/or the *MET v. UA* matter.  Hologenix and Client agree to immediately advise Firm in the event any potential conflict of interest may or does arise in the future.  In the event that a conflict arises in the future that prevents the Firm from representing Hologenix and Client, each agrees and understands that the Firm will withdraw from representing Hologenix and will continue representing Client, and Hologenix hereby waives any conflict of interest in such event and agrees not to seek to disqualify Firm from continuing to

represent Client; provided, however, that in such event, the Firm will not be adverse to Hologenix in the same matter.

17.   <u>Disclosure and Waiver of Any Conflict of Interest Related to Payment of Fees and Costs by Hologenix</u>.  We have been advised that Hologenix has agreed to defend and indemnify Client in connection with the Project in accordance with the First Amended and Restated Limited Liability Company Agreement and Client's employment agreement with Hologenix.  Client is hereby notified that when another person (such as Hologenix) makes the payment for the provision of legal services, as is the case here, it may create the potential for a conflict of interest were the interest of Hologenix to diverge from that of as Client.

In particular, Rule 1.8.6 of the Rules of Professional Conduct of the State Bar of California provides, in pertinent part, as follows:

"A lawyer shall not enter into an agreement for, charge, or accept compensation for representing a client from one other than the client unless:

(a) there is no interference with the lawyer's independent professional judgment or with the lawyer-client relationship;
(b) information is protected as required by Business and Professions Code section 6068, subdivision (e)(1) and rule 1.6; and
(c) the lawyer obtains the client's informed written consent* at or before the time the lawyer has entered into the agreement for, charged, or accepted the compensation, or as soon thereafter as reasonably* practicable, provided that no disclosure or consent is required if:

> (1) nondisclosure or the compensation is otherwise authorized by law or a court order; or
> (2) the lawyer is rendering legal services on behalf of any public agency or nonprofit organization that provides legal services to other public agencies or the public."

Although Hologenix (and ultimately Client) will have the sole responsibility of paying for Firm's services, under the California Rules of Professional Responsibility, it is hereby acknowledged that the Firm has a fiduciary duty to represent the interests of the Client, and that the payment obligations of Hologenix will not interfere with the Firm's independence of professional judgment or with the client-lawyer relationship.

By signing this Engagement Letter, Client hereby acknowledges the following: (a) They have been advised of the applicable Rule of Professional Conduct regarding payment by another person (i.e., Rule 1.8.6); (b) They understand that certain conflicts of interest may exist as the result of our Firm's receiving payments from Hologenix; (c) Notwithstanding the potential conflict, understanding the seriousness of this matter, Client still wants Firm to represent him in this matter; and (d) the Firm has advised



Seth Casden
July 20, 2021
Page 11

Client of the right to seek advice of independent legal counsel at any time regarding the advisability of entering into this representation.

## WAIVER OF CONFLICT OF INTEREST

Accordingly, pursuant to Rule 1.7 of the Rules of Professional Conduct of the State Bar of California, by signing this Engagement Letter, each of the undersigned individuals and entities will confirm the following:

    (a)    You have been advised of the applicable Rules of Professional Conduct;

    (b)    You understand that certain conflicts of interest may exist as the result of our representation of Client[s] in this matter;

    (c)    Notwithstanding the potential conflict, understanding the seriousness of this matter, you want Firm to represent Client[s] in this matter; and

    (d)    Firm has advised you of the right to seek the advice of independent legal counsel at any time regarding the advisability of entering into such representation, or terminating the representation.

* * *

By signing below, the Firm, Client, and Hologenix agree to the above terms and acknowledge receipt of a copy of this Engagement Letter. Each signatory hereto represents and warrants that they are authorized to sign this Engagement Letter and to bind the party on whose behalf this Engagement Letter is signed.

Dated: July 20, 2021            Dated: July 20, 2021

THEODORA ORINGHER, PC      HOLOGENIX

By: _____    By: _Amber Bezahler_____
Scott K. Behrendt, Esq.

                          Its: _Chief Operating Officer_____

Dated: July 20, 2021

SETH CASDEN

By: _Seth Casden_____
Seth Casden

cc:    Jeffrey D. Dermer, Esq.
1233349.1/02532.02532

# EXHIBIT "2"



# 2024 RATES FOR REIMBURSEMENT OF EXPENSES

Mileage .................................................................................................$0.67 per mile

Photocopy (Black & White) ...................................................................$0.25 per page

Photocopy (Color) .................................................................................$1.00 per page

Print (Black & White) ............................................................................$0.18 per page

Print (Color) ..........................................................................................$1.00 per page

Scan .....................................................................................................$0.13 per page

Arbitration/Mediation .................................................................. Actual Cost

Attorney Service........................................................................... Actual Cost

Computer Assisted Research ....................................................... Actual Cost

Conference Calls ......................................................................... Actual Cost

Court Reporter............................................................................. Actual Cost

Deposition/Witness Fees ............................................................. Actual Cost

E-Discovery Services................................................................... Actual Cost

Filing Fees  .................................................................................. Actual Cost

Messengers  ................................................................................ Actual Cost

Overnight Mail ............................................................................. Actual Cost

Parking......................................................................................... Actual Cost

Postage........................................................................................ Actual Cost

Transcripts ................................................................................... Actual Cost

Travel ........................................................................................... Actual Cost

EXHIBIT "3"



**SCOTT K. BEHRENDT**, Senior Attorney



**Phone:** 310.788.3543
**Fax:** 310.551.0283
**Email:** sbehrendt@tocounsel.com

Scott K. Behrendt has been named a "Super Lawyer" from 2012 - 2023 by Los Angeles Magazine – a distinction recognizing the top 5% of attorneys for excellence in the practice of law.  For the three years prior, he was named a "Super Lawyer Rising Star."

Scott achieved those accolades through his dedication as a results-oriented attorney and passionate advocate specializing in Business Fraud, Complex Commercial Litigation, Construction, and Judgment Enforcement and Debt Collection disputes, with an emphasis on providing excellent client service in a cost-effective and efficient manner.

Scott graduated Top 15 in his class at the University of California, Santa Barbara, with a B.A. in Business Economics, and #3 in the day student class at Loyola Law School, where he founded the Criminal Law Society, clerked for the Hon. Harvey A. Schneider (Ret.) of the Los Angeles Superior Court, and, as a certified law student, prosecuted numerous criminal jury and bench trials, and more than 500 felony preliminary hearings and related criminal proceedings, under the supervision of the Los Angeles City Attorney's Office, Los Angeles County District Attorney's Office, and the Orange County District Attorney's Office.

Since then, Scott has built a solid reputation assisting clients in favorably resolving complicated and highly contentious business and legal disputes informally, when possible, and successfully litigating them, when necessary.

Scott's recent litigation successes include leading a trial team to victory against two of the largest law firms in the world – who launched a scorched-earth series of interrelated lawsuits against Scott's clients – by winning a groundbreaking judgment invalidating the opposing party's industry-wide late payment penalty provision.

Scott also recently prevailed in high-stakes litigation against a multibillion-dollar publicly traded construction materials company in a case of first impression involving unique issues of California mechanic's lien law.

Over his 20-plus year career, Scott has accumulated a depth of expertise in a wide-range of complex legal matters in both state and federal courts involving multi-party contract, business financing, equity, and accounting disputes, inter- and intra-state judgment enforcement and debt collection, fraud and unfair business practices, employment, class actions, commercial leases, private and public sector construction, professional liability, intellectual property, entertainment, licensing and franchise agreements, white-collar crime and inspector general investigations, and consumer credit reporting and reseller services.

Scott's ability to rapidly understand and assist his clients in achieving their core legal and

© 2024 Theodora Oringher PC All rights reserved.



**SCOTT K. BEHRENDT**, Senior Attorney

business objectives is the result of his extensive exposure to, and representation of, a diverse cross-section of both large and small private and public entity and individual clients in industries such as healthcare, engineering and construction, entertainment, biomedical research and treatment, education, commercial and residential real estate, medical device manufacturing, telecommunications, national credit reporting, water and power utilities, textiles, meteorological sensors and aviation weather systems, law enforcement, specialized laser application products, notebook computer manufacturing, and many others.

Prior to joining Theodora Oringher PC, Scott was an associate attorney with the international mega law firm of Jones Day.

Scott resides, and is available for in person initial client consultations, in the firm's Los Angeles and Orange County Offices, or by phone.

**Representative Matters**

    Represented several businesses and individuals in all aspects of judgment enforcement and debt collection disputes, including successfully prosecuting a $38.8 million interstate judgment enforcement matter on behalf of a global telecommunications company against a California-based private equity firm, defending companies and individuals against various judgment enforcement proceedings involving both domestic and out-of-state judgments, levying and seizing assets of corporate and individual debtors, among other matters.

    Represented engineering, construction, and management services company against a major U.S. industrial corporation in arbitration of a $600 million stock purchase price adjustment contract and fraud dispute

    Represented customer experience and call center in litigation involving international contract disputes and business torts against one of the world's largest electronics manufacturers that culminated in a jury finding of fraud and $1.4 million award in favor of the client

    Represented client in a multimillion dollar earn-out accounting dispute related to the acquisition of a company via a stock purchase agreement

    Represented investment group in a complex commercial lease dispute with their publicly-traded corporate tenant

    Represented private operator of health care facilities in a broad range of matters, including contract disputes, subpoena compliance and indemnity, eminent domain and construction, Hospital Lien Act, account satisfaction, and interpleader, and patient-initiated disputes

    Represented investors and physician in litigation with a publicly traded hospital management company involving alleged breach of fiduciary duties and complex financing and equity issues

    Represented large public school district in approximately 100 complex construction litigation and advisory matters in connection with all aspects of construction, including

© 2024 Theodora Oringher PC All rights reserved.



**SCOTT K. BEHRENDT**, Senior Attorney

false claims, competitive bidding requirements, design-build projects, lease/lease-back projects, bonding and surety issues, and stop notice procedures, and involving general contractors, subcontractors, architects, construction managers, sureties, unions and insurers

Represented a major transit authority and commuter rail system in matters involving complex lease transactions for public transportation facilities and assets

Represented a large public entity in a complex multimillion dollar putative class action brought on behalf of approximately 600 Sheriff's Deputies alleging systematic race and gender based discrimination in recruitment, hiring, salaries, bonuses and promotions in violation of state and federal law

Obtained favorable settlement of claims on behalf of a medical device manufacturer for misappropriation of trade secrets, violation of noncompete clause, and breach of contract arising out of an exclusive marketing and distribution agreement concerning brachytherapy seeds and a computer-based workstation and automated cartridge-based needle loading system for prostate cancer treatment

Represented developer and supplier of specialized laser application products in a significant intellectual property dispute

Obtained case dismissal on behalf of investment holding company and internationally known actress in a complex entertainment litigation matter involving breach of contract, fraud, and investment related claims brought by a Taiwanese production company arising out of the financing and distribution of an award winning motion picture

Represented national credit reporting agency in numerous state and federal court cases throughout the US brought by consumers under the Fair Credit Reporting Act and related statutes, as well as cases involving disputes with resellers of credit information

Represented world renowned restaurant in litigation concerning the design, engineering, fabrication, and installation of a state-of-the-art kitchen

Represented county and flood control district as plaintiffs in a $100 million lawsuit against other governmental entities for indemnity and breach of contract arising from the construction of a storm drain built to protect a freeway that resulted in the flooding of and damages to a private developer's adjacent property

Represented flood control district as plaintiff in litigation against other governmental entities for inverse condemnation, nuisance, dangerous condition and indemnity to recover for the damage to, and taking of, the flood control district's property caused by a freeway-related flood control channel

Represented construction authority on an intercity light rail transit project involving a design-build contract and Dispute Review Board proceedings concerning delays, schedule recovery, and change orders

Represented water district against claims by a private developer for nuisance, negligent interference with economic relationships, and inverse condemnation purportedly attributable to the construction of a multi-mile pipeline project

Represented water district in a pipeline construction matter involving complex disputes

© 2024 Theodora Oringher PC All rights reserved.



**SCOTT K. BEHRENDT**, Senior Attorney

with the contractor concerning untimely project completion, alleged differing site conditions as to the strength and quantities of rock and existence of groundwater throughout the project, and various claims for changes and alleged disruption and acceleration of performance

Represented large U.S.-based personal and commercial property and casualty insurance company in complex bad faith litigation and defeated plaintiff's claims for punitive damages, fraud, and attorneys' fees, which lead to a favorable settlement for the client

## Publications

Your Deposition

Your Day in Court

General Conditions - Owner's Considerations

Reopening of Closing Arguments to Break Jury Deadlock

## News

Theodora Oringher Attorneys Named to 2023 Southern California Super Lawyers List

Theodora Oringher Attorneys Named to 2022 Southern California Super Lawyers List

Theodora Oringher Attorneys Named to 2021 Southern California Super Lawyers List

Theodora Oringher Attorneys Named To 2020 Southern California Super Lawyers List

Theodora Oringher Attorneys Named To 2019 Southern California Super Lawyers List

Theodora Oringher Attorneys Named To 2018 Southern California Super Lawyers List

Theodora Oringher Attorneys Named To 2017 Southern California Super Lawyers List

Theodora Oringher Attorneys Named To 2016 Southern California Super Lawyers List

Theodora Oringher Attorneys Honored as 2015 Southern California Super Lawyers

Theodora Oringher Attorneys Honored as 2014 Southern California Super Lawyers

Theodora Oringher Attorneys Honored as 2013 Southern California Super Lawyers

Theodora Oringher Attorneys Honored as 2012 Southern California Super Lawyers

Theodora Oringher Attorneys Honored as 2010 Southern California Rising Stars

## Practice Areas

© 2024 Theodora Oringher PC All rights reserved.

**THEODORA ORINGHER**
COUNSELORS AT LAW

**SCOTT K. BEHRENDT**, Senior Attorney

Business and Commercial Litigation
Class Actions
Construction
Real Estate Litigation

## Admissions

**Bar Admissions**

California

**Court Admissions**

US District Courts for the Central, Southern, Eastern, and Northern Districts of California
Ninth Circuit Court of Appeals
US Court of Federal Claims

## Education

Loyola Law School, Los Angeles (J.D., 1998)
    *cum laude (Top 3 graduates)*
    *Order of the Coif Member*
    *Criminal Law Society - Founder*
    *American Jurisprudence Awards*
University of California, Santa Barbara (B.A., 1993)
    Highest Honors (Top 15 graduates)

## Memberships & Associations

Association of Business Trial Lawyers
American Bar Association Forum on the Construction Industry and Litigation Section
California Council of School Attorneys
Legal Aid Foundation of Los Angeles
Orange County Bar Association's Construction Law Section
Public Counsel in Los Angeles

## Professional Recognition

Southern California Super Lawyers (2012-2023)
Southern California Super Lawyers "Rising Stars" (2009-2011)

## Speaking Engagements

California Council of School Attorneys/County Counsels' 2008 Joint Annual Workship,
Panelist, "Facilities Issues: Financing, Bonds, Construction and Terminations" (San
Diego, December 2008)

© 2024 Theodora Oringher PC All rights reserved.



**SCOTT K. BEHRENDT**, Senior Attorney

County Counsels' Association of California Public Works and Contracts Study Session Conference, Panelist, "Enforcing Claims Procedures in Public Contracts" (San Diego, May 2008)

County Counsels' Association of California Public Works and Contracts Study Session Conference, Panelist, "Drafting Public Works Construction Contracts - Important Considerations for Public Owners" (San Diego, May 2008)

© 2024 Theodora Oringher PC All rights reserved.



# THEODORA ORINGHER
COUNSELORS AT LAW

**CHRISTOPHER J. HARNEY**, Senior Attorney



**Phone:** 714.549.6200
**Fax:** 714.549.6201
**Email:** charney@tocounsel.com

Christopher Harney is a senior attorney in the Orange County office of Theodora Oringher PC. Mr. Harney concentrates his practice on bankruptcy matters and litigation and complex commercial disputes in both federal and state courts.  In his bankruptcy practice, Mr. Harney serves as counsel for debtors, secured lenders, unsecured creditors, insurers, and chapter 7 and chapter 11 bankruptcy trustees. His commercial and general litigation practice includes the following sectors and practice areas: construction law, breach of contract, shareholder derivative claims, breach of fiduciary duty, white-collar crime, commercial foreclosures, fraudulent transfers, requests for injunctive relief, real estate, securities and financial services, trade secret and non-disclosure, forcible entry and detainer actions, premises-liability, intellectual property, and collection matters.

Mr. Harney has been selected as a "Rising Star" by Illinois Super Lawyers in 2014-2019 and as an "Emerging Lawyer" by Leading Lawyers in 2017. He was also the recipient of Award of Excellence in Pro Bono Service issued by the United States District Court of the Northern District of Illinois in conjunction with the Chicago Chapter of the Federal Bar Association. He was a board member of the Young Professionals Board of the Chicago Bar Foundation from, the charitable arm of the Chicago Bar Association from 2011-2017 and was one of the wrestling team representatives for the Graduate "Order of the C," an alumni association of the University of Chicago from 2011-2017. He also served as a co-chair for the Bankruptcy Committee of the Young Lawyers Section of the Chicago Bar Association from 2011 to 2014.

Prior to joining Theodora Oringher Mr. Harney was an associate at Seyfarth Shaw LLP.

**Representative Matters**

*Trials and Settlements*

Served as first chair trial attorney and obtained a favorable judgment in the amount of the demand in an adversary proceeding seeking to avoid a fraudulent transfer under 11 U.S.C. § 548.
Obtained several favorable settlements in related bankruptcy cases resulting in recovery of over $15 million on creditor's claims against debtor-companies and insiders.
Served as second chair attorney in a two-day trial and successfully defeated an Emergency Motion for Temporary Restraining Order filed by eight-jointly administered Debtors to enjoin secured lender's pending actions against Debtors' principals.
Served as co-chair attorney in a three-day joint trial on Motions for Relief from Stay filed

© 2024 Theodora Oringher PC All rights reserved.



**CHRISTOPHER J. HARNEY**, Senior Attorney

by secured lender client in two related Debtors' cases.

Served as co-chair attorney in a trial on secured lender client's Motion to Convert Case to Chapter 7 or, alternatively, to Appoint a Chapter 11 Trustee.

Served as second chair trial attorney in single asset debtor case under 11 U.S.C. §101(51B), negotiated settlement with debtor, and prepared all settlement documents, including court orders reflecting settlement and negotiated lease and option to purchase agreement.

Obtained favorable judgment as second-chair during trial to determine priority of interests in funds held in receivership between judgment creditor and mortgagee.

### *Representative Engagements*

Represented welfare benefits plan in multi-million dollar non-dischargeability action under 11 U.S.C. § 523 against Chapter 7 debtor.

Represented one of the largest unsecured creditors in the PG&E Chapter 11 bankruptcy case.

Represented Chapter 7 trustee in wind-down of Ponzi scheme involving technology company with more than $100 million in claims. Assisted in obtaining recoveries in excess of $80 million through prosecution and settlement of fraudulent transfer and breach of fiduciary duty actions and the sale of assets.

Represented owner in complex multi-party lawsuit involving a $36,000,000 hi-rise, hotel construction project located in downtown San Francisco.

Represented construction company in prosecuting claims in excess of $26,000,000 against a prime contractor with respect work performed in connection with a large U.S. Government-funded project.

Represented former Chief Executive Officer and President of defunct nonprofit organization in a Chapter 7 case relating to Chapter 7 Trustee's claims of breach of duty of care and breach of duty of loyalty.

Represented Chief Executive Officer and other officers and directors in a shareholder's derivative lawsuit involving breaches of fiduciary duty and related claims.

Represented Chapter 11 trustee with respect to operation and reorganization of commercial real estate holding company with ownership interests in more than 50 non-debtor entities and land trusts holding title to more than 70 parcels of real property. Handled negotiations with the United States Department of Agriculture ("USDA") which resulted in the USDA agreeing withdraw its $4.7 million demand for payment from client relating to loan guaranty entered into in conjunction with loss share agreement involving a defunct borrower, a failed bank, and the FDIC.

Represented petitioning creditors in involuntary Chapter 7 bankruptcy proceeding against defunct regional grocery store chain which resulted in entry of order for relief and commencement of chapter 7 bankruptcy case.

Represented former shareholder in fraudulent transfer adversary proceeding and related

© 2024 Theodora Oringher PC All rights reserved.



**CHRISTOPHER J. HARNEY**, Senior Attorney

appeals before the District Court and the Seventh Circuit stemming from prior leveraged buyout transaction.

Represented large, commercial bank in individual Chapter 11 bankruptcy case involving over $100 million in real estate related claims. Successfully obtained appointment of Chapter 11 trustee and favorable settlement involving over $16.5 million in disputed state and federal income tax refunds.

Represented Chapter 7 trustee in wind-down of operating logistics and warehouse company with two facilities totaling over 615,000 sq. ft. in space, liquidation of inventory and personal property, and sale of real property.

## Publications

A Bankruptcy Attorney's Top Five Tips for Businesses Facing Covid-19 Challenges

## News

Mohamed Hadid and Trial Team Wins Lengthy Court Battle of Strada Vecchia Mansion Dispute.

Jeff Reeves quoted in LA Magazine article regarding the ongoing dispute over property rights in Franklin Canyon.

Jeff Reeves Quoted in LA Magazine Article Regarding Development of Popular LA Hiking Area

## Practice Areas

Real Estate Litigation
White Collar and Internal Investigations
Business and Commercial Litigation
Bankruptcy, Restructuring and Creditors' Rights
Consumer Financial Services Litigation

## Admissions

### Bar Admissions

Arizona (inactive)
California
Illinois (inactive)

### Court Admissions

Illinois Supreme Court

© 2024 Theodora Oringher PC All rights reserved.

**THEODORA ORINGHER**
COUNSELORS AT LAW

**CHRISTOPHER J. HARNEY**, Senior Attorney

U.S. Court of Appeals for the Seventh Circuit
U.S. District Court for the Northern District of California
U.S. District Court for the Central District of California
U.S. District Court for the Northern District of Illinois

## Education

University of Mississippi (J.D. 2008)
    *cum laude*
University of Chicago (BA 2004)

## Memberships & Associations

Chicago Bar Association (Co-Chair, Young Lawyers Section Bankruptcy Committee (2011-2014))
Chicago Bar Foundation (Member, Young Professionals Board (2011-2017))
University of Chicago's Order of the C (Wrestling Team Representative (2011-2016))
American Bankruptcy Institute

## Speaking Engagements

Moderator, "What Every Bankruptcy Practitioner Should Know About Exceptions to Discharge (§ 523) and Denial of Discharge (§ 727) (June 2012)
Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 2011)
Presenter, "Underwater Stock Options," Legal Seminar sponsored by the Illinois Paralegal Association, Chicago, IL (May 2009)

© 2024 Theodora Oringher PC All rights reserved.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF APPLICATION AND APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION TO EMPLOY THEODORA ORINGHER, PC AS HIS SPECIAL LITIGATION COUNSEL; STATEMENT OF DISINTERESTEDNESS**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 28, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) May 28, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 28, 2024 | Patricia Morris | /s/ Patricia Morris |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1771721.1  27200

**F 9013-3.1.PROOF.SERVICE**

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

1. **<u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

- **Thomas E Butler**   butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Michael G D'Alba**   mdalba@DanningGill.com, DanningGill@gmail.com;mdalba@ecf.inforuptcy.com
- **Aaron E. DE Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **John-Patrick M Fritz**   jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Matthew Grimshaw**   mgrimshaw@marshackhays.com,
  mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Jeff D Kahane**   jkahane@duanemorris.com, dmartinez@duanemorris.com
- **Wendy A Locke**   ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Betty Luu**   bluu@duanemorris.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Kurt Ramlo**   kr@lnbyg.com, kr@ecf.courtdrive.com
- **Nicole Sullivan**   sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com
- **John N Tedford**   jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

2. **<u>SERVED BY U.S. MAIL</u>**

Debtor
Seth Haldane Casden
1112 Montana Ave Suite 13
Santa Monica, CA 90403-1652

**20 LARGEST UNSECURED CREDITORS (ONLY 14 LISTED)**

| | | |
|---|---|---|
| Alan Terry Leavitt<br>470 Deming Place<br>Chicago, IL 60614 | American Express<br>PO BOX 96001<br>Los Angeles, CA 90096 | Aria Resort & Casino<br>3730 S Las Vegas Blvd<br>Las Vegas, NV 89158 |
| BRE Sunset Coast LLC<br>c/o Brickman Associates<br>712 5th Avenue, 6th Floor<br>New York, NY 10019 | Chase Bank<br>PO Box 15298<br>Wilmington, DE 19850 | Chase Bank - Amazon<br>PO BOX 6294<br>Carol Stream, IL 60197 |
| Discover<br>PO Box 45909<br>San Francisco, CA 94145 | Fora Financial West LLC<br>519 8th Avenue, 11th Floor<br>New York, NY 10018 | Goldman Sachs Bank USA<br>Salt Lake City Branch<br>Lockbox 6112<br>PO BOX 7247<br>Philadelphia, PA 19170 |
| Juan Antonio Devoto<br>8430 Corbin Ave<br>Northridge, CA 91324 | Theodora Oringher PC<br>c/o Scott K Behrendt<br>1840 Century Park East, Suite 500<br>Los Angeles, CA 90067 | Wells Fargo Bank<br>5340 Kietzke Lane<br>Suite 200<br>Reno, NV 89511 |
| Golden1 Credit Union<br>PO BOX 15966<br>Sacramento, CA 95852 | Multiple Energy Technologies LLC<br>7 Times Square Ste 2900<br>New York, NY 10036-6524 | |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1771721.1  27200

**F 9013-3.1.PROOF.SERVICE**