1  DANNING, GILL, ISRAEL & KRASNOFF, LLP
2  907 Westwood Blvd., Suite 1078
   Los Angeles, California 90024
   Telephone: (310) 277-0077
3
4  Former attorneys for Debtor and Debtor in
   Possession Seth Haldane Casden

5

6                  **UNITED STATES BANKRUPTCY COURT**

7                  **CENTRAL DISTRICT OF CALIFORNIA**

8                        **LOS ANGELES DIVISION**

9

10  In re                                    Case No. 2:23-bk-16904-BR

11  SETH HALDANE CASDEN,                     Chapter 11

12                  Debtor and Debtor in     **RESPONSE OF DANNING, GILL,**
                    Possession.              **ISRAEL & KRASNOFF, LLP, TO**
13                                           **MULTIPLE ENERGY TECHNOLOGIES,**
                                             **LLC'S MOTION FOR APPOINTMENT**
14                                           **OF A CHAPTER 11 TRUSTEE OR,**
                                             **ALTERNATIVELY, CONVERSION TO**
15                                           **CHAPTER 7; AND REQUEST FOR**
                                             **JUDICIAL NOTICE IN SUPPORT**
16                                           **THEREOF**

17                                           Date:    November 18, 2025
                                             Time:    10:00 a.m.
18                                           Place:   Courtroom 1668
                                                      255 East Temple Street
19                                                    Los Angeles, CA 90012

20

21        To correct certain statements made by Multiple Energy Technologies, LLC ("**MET**") in its

22  motion for appointment of a chapter 11 trustee or, alternatively, conversion of this case to chapter 7

23  (the "**Motion**") (*docket no. 366*), Danning, Gill, Israel & Krasnoff, LLP ("**Danning Gill**") responds

24  to the Motion as follows.

25

26        1.       MET seeks the appointment of a trustee (but not dismissal) because Seth Casden

27  (the "**Debtor**") has allegedly made "unauthorized and undisclosed post-petition transfers," and

28  because it wants a trustee to pursue litigation against the Debtor's spendthrift trust.

2.      MET's Preliminary Statement does not allege that payments made to Danning Gill and certain other estate professionals were "unauthorized and undisclosed."  On pages 14-15 of the Motion, though, the Motion contains a section with the heading, "Casden's Use of the Trust to Pay Administrative Claims Without Prior Disclosure to or Approval by the Court."  There, MET refers to distributions from the trust to Danning Gill and two of the Debtor's other attorneys.  Later, MET similarly alleges that distributions made by the trust for the Debtor's benefit, including a $450,000 distribution to Danning Gill's client trust account, "were property of the Estate and should not have been transferred to third-parties without prior approval from this Court."[1]

3.      The truth is that the Court expressly authorized and directed the Debtor to pay Danning Gill's and Armory's approved fees and costs.  The order did not require the Debtor to pay the professionals from any particular funds, nor did it restrict the Debtor from using any particular funds when paying the professionals.  There also was no requirement that the trust wire funds into a DIP account just so the funds could immediately be wired from the DIP account to Danning Gill and Armory.  As MET knows (or has reason to know), the $450,000 distribution was wired into Danning Gill's client trust account at Danning Gill's request to ensure that payment was received by Danning Gill and Armory before year-end.  In any event, the payment of the estate's funds received from the trust was authorized.

(a)      On October 1, 2024, the Court entered an order granting Danning Gill's first interim fee application and awarding over $670,000 of fees and costs, of which about $500,000 was outstanding.  The order expressly stated, "Except as Applicant may otherwise agree, the Debtor is authorized and directed to pay the unpaid balances of the fees and costs awarded hereby."[2]

(b)      Also on October 1, 2024, the Court entered an order granting Armory's first interim fee application and awarding about $84,000 of fees.  Again, the order expressly authorized and directed the Debtor to pay Armory's approved fees.[3]

---

[1] Motion, page 18, lines 9-11.

[2] A copy of the Court's order is attached as Exhibit "1" to the Request for Judicial Notice.

[3] A copy of the Court's order is attached as Exhibit "2" to the Request for Judicial Notice.

(c)     Danning Gill and Armory could have demanded that the Debtor partially pay these amounts from cash on hand or other sources.  Instead, to preserve cash on hand in the estate, as a courtesy to the Debtor, they "otherwise agree[d]" to wait to receive payments until later in the year, when they understood that the trust likely would be able and willing to distribute funds to pay part of their allowed fees and costs.

(d)     The parties originally anticipated that the trust would make a distribution to the Debtor's DIP account and then the Debtor would immediately wire the funds to Danning Gill's trust account (or directly to Danning Gill and Armory).  However, in mid-December, Danning Gill suggested that, to skip a step and ensure that payment was received before it closed its books at year-end, the trust could make its distribution into Danning Gill's client trust account.  Danning Gill would then disburse the funds from the client trust account to Armory and Danning Gill on a pro rata basis.  To the Debtor, the bankruptcy estate, and creditors, it made no difference whether the funds flowed through the Debtor's DIP account or Danning Gill's client trust account.

(e)     As stated by MET, the trust distributed $450,000 to the Debtor by transferring the funds to Danning Gill's trust account.  As a courtesy to Armory, Danning Gill forwarded $83,925.00 to Armory to pay the full amount of its then-approved fees, and applied the rest to Danning Gill's allowed fees and costs.

(f)     On page 18 of the Motion, MET recognizes that funds distributed by the trust for the Debtor's benefit "became property of the estate."  MET then argues that because such funds were property of the estate they "should not have been transferred to third-parties without prior approval from this Court."  MET ignores (or fails to recognize) the fact that the payments to Danning Gill and Armory *were* approved (and in fact directed) by the Court.

4.     Not only were the payments to Danning Gill and Armory approved, the entire transaction was disclosed.  On January 24, 2025, the Debtor filed his monthly operating report for December 2024.[4]  Because the $450,000 distribution from the trust was not deposited into a DIP account, it was correctly disclosed as a "Disbursement[] made by third party for the benefit of the

---

[4] A copy of the monthly operating report, without the accompanying bank statements, is attached as Exhibit "3" to the Request for Judicial Notice.

1 estate."  The next page disclosed that $450,000 was paid to the Debtor's professionals – $366,075

2 to Danning Gill and $83,925 to Armory.  Finally, the exhibits to the MOR contained the following

3 disclosure in conspicuous bold letters:

4     **<u>Additional Note:</u>**

5     **In December 2024, Debtor's Irrevocable Trust transferred
$450,000 to Danning Gill's ("DG") client trust account.  DG, in**

6     **turn, paid out $83,925 to Armory pursuant to Armory's approved
interim fee application, with the $366,075 balacne [sic] applied to**

7     **DG's approved costs and fees.**

8     **The $450,000 disbursement is included in the UST Form 11-MOR
(12/01/2021), Part 1(e) tabulation.**

9

10 Thus, the December 2024 MOR fully disclosed the fact that the trust had a made a $450,000

11 distribution, the distribution was made into Danning Gill's client trust account, and that the funds

12 were then disbursed to Danning Gill and Armory on account of their approved fees and costs.

13     5.    In sum, to the extent that MET asserts that the payment to Danning Gill was

14 "unauthorized" or "undisclosed," MET is wrong.  The Court's fee orders required the Debtor to

15 pay Danning Gill and Armory, and it made no difference whether the payment flowed through the

16 Debtor's DIP account or Danning Gill's client trust account.  Also, although MET may not have

17 reviewed the December 2024 MOR, the transaction was in fact disclosed therein.

18

19 DATED:  November 4, 2025        DANNING, GILL, ISRAEL & KRASNOFF, LLP

20

21

22         By:        */s/ John N. Tedford, IV*

            JOHN N. TEDFORD, IV

23             Former attorneys for Debtor and Debtor in
            Possession Seth Haldane Casden

24

25

26

27

28

## **REQUEST FOR JUDICIAL NOTICE**

Danning, Gill, Israel & Krasnoff, LLP ("**Danning Gill**"), requests that the Court take judicial notice of the following:

1.      On October 1, 2024, the Court entered an *Order on Application for Payment of Interim Fees and/or Expenses* (*docket no. 261*), pursuant to which the Court approved fees and costs sought by Danning Gill, and authorized and directed payment thereof.  A true and correct copy of the order is attached as Exhibit "1" hereto.

2.      On October 1, 2024, the Court entered an *Order on Application for Payment of Interim Fees and/or Expenses* (*docket no. 262*), pursuant to which the Court approved fees sought by Armory Consulting Company, and authorized and directed payment thereof.  A true and correct copy of the order is attached as Exhibit "2" hereto.

3.      On January 24, 2025, Seth Casden (the "**Debtor**") filed his monthly operating report for the month of December 2024 (*docket no. 305*).  A true and correct copy of the report, excluding (a) blank pages in the form MOR and (b) all exhibits to the MOR except the page with notes to the P&L statement, is attached as Exhibit "3" hereto.

DATED:  November 4, 2025                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:     _/s/ John N. Tedford, IV_____
          JOHN N. TEDFORD, IV
          Former attorneys for Debtor and Debtor in
          Possession Seth Haldane Casden

EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN N. TEDFORD, IV (State Bar No. 205537)<br>jtedford@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735 | **FILED & ENTERED**<br><br>**OCT 01 2024**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY toliver    DEPUTY CLERK |
| ☒ *Attorney for*: Debtor Seth Casden | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>SETH HALDANE CASDEN,<br><br><br><br><br><br><br><br><br><br><br>                                             Debtor(s). | CASE NO.: 2:23-bk-16904-BR<br>CHAPTER: 11<br><br>**ORDER ON APPLICATION**<br>**FOR PAYMENT OF:**<br>  ☒ **INTERIM FEES AND/OR EXPENSES**<br>    **(11 U.S.C. § 331)**<br>  ☐ **FINAL FEES AND/OR EXPENSES**<br>    **(11 U.S.C. § 330)**<br><br>DATE: September 17, 2024<br>TIME: 10:00 a.m.<br>COURTROOM: 1668<br>PLACE: 255 E. Temple St., Los Angeles, CA |

1.  Name of Applicant (*specify*): Danning, Gill, Israel & Krasnoff, LLP

2.  This proceeding was heard at the date and place set forth above and was   ☐ Contested   ☒ Uncontested

3.  Appearances were made as follows:

    a.  ☒  Applicant present in court
    b.  ☐  Attorney for Applicant present in court (name):
    c.  ☐  Attorney for United States trustee present in court
    d.  ☒  Other persons present as reflected in the court record

4.  Applicant gave the required notice of the Application on (*specify date*): 8/27/24

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                        Page 1                          **F 2016-1.3.ORDER.PAYMENT.FEES**
1778028.1  27200

5. The court orders as follows:

a. ☒ Application for Payment of Interim Fees is approved as follows:

   (1) ☒ Total amount allowed:  $ 659,700.00

   (2) ☒ Amount or percentage authorized for payment at this time: $498,670.54 (unpaid balance after application of prepetition retainer)

b. ☒ Application for Reimbursement of Interim Expenses is approved and authorized for payment:

   ☒ Total amount allowed: $ 13,391.26

c. ☐ Application for Payment of Final Fees is approved in the amount of: $ _____

d. ☐ Application for Reimbursement of Final Expenses is approved and authorized for payment:

   ☐ Total amount allowed: $ _____

e. (1) ☐ Application is denied
       ☐ in full
       ☐ in part
       ☐ without prejudice
       ☐ with prejudice

   (2) Grounds for denial *(specify):*

f. ☒ The court further orders *(specify):* Except as Applicant may otherwise agree, the Debtor is authorized and directed to pay the unpaid balances of the fees and costs awarded hereby.

### 

Date: October 1, 2024

_____

Barry Russell
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                          Page 2                                          **F 2016-1.3.ORDER.PAYMENT.FEES**

1778028.1  27200

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN N. TEDFORD, IV (State Bar No. 205537)<br>jtedford@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735 | **FILED & ENTERED**<br><br>**OCT 01 2024**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY toliver     DEPUTY CLERK |
| ☒ *Attorney for*: Debtor Seth Casden | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>SETH HALDANE CASDEN,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-16904-BR<br>CHAPTER: 11 |
|---|---|
| | **ORDER ON APPLICATION**<br>**FOR PAYMENT OF:**<br>☒ **INTERIM FEES AND/OR EXPENSES**<br>**(11 U.S.C. § 331)**<br>☐ **FINAL FEES AND/OR EXPENSES**<br>**(11 U.S.C. § 330)** |
| | DATE: September 17, 2024<br>TIME: 10:00 a.m.<br>COURTROOM: 1668<br>PLACE: 255 E. Temple St., Los Angeles, CA |

1. Name of Applicant (*specify*): Armory Consulting Company

2. This proceeding was heard at the date and place set forth above and was    ☐ Contested    ☒ Uncontested

3. Appearances were made as follows:

   a. ☐ Applicant present in court
   b. ☐ Attorney for Applicant present in court (name):
   c. ☐ Attorney for United States trustee present in court
   d. ☒ Other persons present as reflected in the court record

4. Applicant gave the required notice of the Application on (*specify date*): 8/27/24

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  The court orders as follows:

    a.  ☒  Application for Payment of Interim Fees is approved as follows:

       (1) ☒  Total amount allowed:  $ 83,925.00

       (2) ☒  Amount or percentage authorized for payment at this time: $83,925.00


    b.  ☐  Application for Reimbursement of Interim Expenses is approved and authorized for payment:

        ☐  Total amount allowed: $


    c.  ☐  Application for Payment of Final Fees is approved in the amount of: $ _____


    d.  ☐  Application for Reimbursement of Final Expenses is approved and authorized for payment:

        ☐  Total amount allowed: $ _____


    e.  (1) ☐  Application is denied

           ☐  in full

           ☐  in part

           ☐  without prejudice

           ☐  with prejudice

      (2) Grounds for denial *(specify):*


    f.  ☒  The court further orders *(specify):* Except as Applicant may otherwise agree, the Debtor is authorized and directed to pay the unpaid balances of the fees and costs awarded hereby.


###


Date: October 1, 2024

_____

Barry Russell
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                          Page 2                    **F 2016-1.3.ORDER.PAYMENT.FEES**
1778029.1  27200

EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT

### Central   DISTRICT OF   California

### Los Angeles Division

In Re. Seth Haldane Casden

§
§
§
§

_____
Debtor(s)

Case No.  23-16904  _____

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 12/31/2024 _____

Petition Date: 10/17/2023 _____

Months Pending: 15

Industry Classification: 9 9 9 9

Reporting Method:        Accrual Basis ○        Cash Basis ◉

Debtor's Full-Time Employees (current):                    0 _____

Debtor's Full-Time Employees (as of date of order for relief):   0 _____

## Supporting Documentation (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒   Statement of cash receipts and disbursements
☐   Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☒   Statement of operations (profit or loss statement)
☐   Accounts receivable aging
☐   Postpetition liabilities aging
☐   Statement of capital assets
☐   Schedule of payments to professionals
☐   Schedule of payments to insiders
☒   All bank statements and bank reconciliations for the reporting period
☐   Description of the assets sold or transferred and the terms of the sale or transfer

/s/ John Tedford, IV
_____
Signature of Responsible Party

01/21/2025
_____
Date

John Tedford, IV, attorney for Debtor
_____
Printed Name of Responsible Party

1901 Ave. of the Stars, Suite 450, LA, CA  90067-6006
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 11-MOR (12/01/2021)                    1

Debtor's Name  Seth Haldane Casden                                          Case No.  23-16904

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a.  Cash balance beginning of month | $210,189 | |
| b.  Total receipts (net of transfers between accounts) | $36,058 | $720,182 |
| c.  Total disbursements (net of transfers between accounts) | $54,456 | $860,319 |
| d.  Cash balance end of month (a+b-c) | $191,791 | |
| e.  Disbursements made by third party for the benefit of the estate | $450,000 | $450,000 |
| f.  Total disbursements for quarterly fee calculation (c+e) | $504,456 | $1,310,319 |

| Part 2:  Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a.  Accounts receivable (total net of allowance) | $0 |
| b.  Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c.  Inventory    (Book ○  Market ○  Other ◉  (attach explanation)) | $0 |
| d   Total current assets | $0 |
| e.  Total assets | $0 |
| f.  Postpetition payables (excluding taxes) | $0 |
| g.  Postpetition payables past due (excluding taxes) | $0 |
| h.  Postpetition taxes payable | $0 |
| i.  Postpetition taxes past due | $0 |
| j.  Total postpetition debt (f+h) | $0 |
| k.  Prepetition secured debt | $0 |
| l.  Prepetition priority debt | $0 |
| m.  Prepetition unsecured debt | $0 |
| n.  Total liabilities (debt) (j+k+l+m) | $0 |
| o.  Ending equity/net worth (e-n) | $0 |

| Part 3:  Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a.  Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b.  Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c.  Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4:  Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a.  Gross income/sales (net of returns and allowances) | $0 | |
| b.  Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c.  Gross profit (a-b) | $0 | |
| d.  Selling expenses | $0 | |
| e.  General and administrative expenses | $0 | |
| f.  Other expenses | $0 | |
| g.  Depreciation and/or amortization (not included in 4b) | $0 | |
| h.  Interest | $0 | |
| i.  Taxes (local, state, and federal) | $0 | |
| j.  Reorganization items | $0 | |
| k.  Profit (loss) | $0 | $0 |

Debtor's Name Seth Haldane Casden                                                                      Case No.  23-16904

| Part 5:  Professional Fees and Expenses | | | | | | |
|---|---|---|---|---|---|---|
| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
| a. | Debtor's professional fees & expenses (bankruptcy)  *Aggregate Total* | | $757,016 | $757,016 | $450,000 | $624,421 |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | Danning Gill | Lead Counsel | $673,091 | $673,091 | $366,075 | $540,496 |
| ii | Armory Consulting | Financial Professional | $83,925 | $83,925 | $83,925 | $83,925 |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |
| xxx | | | | | | |
| xxxi | | | | | | |
| xxxii | | | | | | |
| xxxiii | | | | | | |
| xxxiv | | | | | | |
| xxxv | | | | | | |
| xxxvi | | | | | | |

Debtor's Name Seth Haldane Casden                                    Case No. 23-16904

| | | | | | | |
|---|---|---|---|---|---|---|
| | xcix | | | | | |
| | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | $757,016 | $757,016 | $450,000 | $624,421 |

## Part 6:  Postpetition Taxes

| | | Current Month | Cumulative |
|---|---|---|---|
| a. | Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b. | Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c. | Postpetition employer payroll taxes accrued | $0 | $0 |
| d. | Postpetition employer payroll taxes paid | $0 | $0 |
| e. | Postpetition property taxes paid | $0 | $0 |
| f. | Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g. | Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

## Part 7: Questionnaire - During this reporting period:

| | | | |
|---|---|---|---|
| a. | Were any payments made on prepetition debt?  (if yes, see Instructions) | Yes ○  No ● | |
| b. | Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions) | Yes ○  No ● | |
| c. | Were any payments made to or on behalf of insiders? | Yes ●  No ○ | |
| d. | Are you current on postpetition tax return filings? | Yes ●  No ○ | |
| e. | Are you current on postpetition estimated tax payments? | Yes ●  No ○ | |
| f. | Were all trust fund taxes remitted on a current basis? | Yes ●  No ○ | |
| g. | Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions) | Yes ○  No ● | |
| h. | Were all payments made to or on behalf of professionals approved by the court? | Yes ○  No ○  N/A ● | |
| i. | Do you have:  Worker's compensation insurance? | Yes ○  No ● | |
| | If yes, are your premiums current? | Yes ○  No ○  N/A ● | (if no, see Instructions) |
| | Casualty/property insurance? | Yes ●  No ○ | |
| | If yes, are your premiums current? | Yes ●  No ○  N/A ○ | (if no, see Instructions) |
| | General liability insurance? | Yes ●  No ○ | |
| | If yes, are your premiums current? | Yes ●  No ○  N/A ○ | (if no, see Instructions) |
| j. | Has a plan of reorganization been filed with the court? | Yes ●  No ○ | |
| k. | Has a disclosure statement been filed with the court? | Yes ●  No ○ | |
| l. | Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930? | Yes ●  No ○ | |

UST Form 11-MOR (12/01/2021)                    8

Debtor's Name  Seth Haldane Casden                                              Case No.  23-16904

| | Part 8: Individual Chapter 11 Debtors (Only) | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $25,000 |
| b. | Gross income (receipts) from self-employment | $11,058 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $36,058 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $54,456 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $54,456 |
| j. | Difference between total income and total expenses (d-i) | $-18,398 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯  No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯  No ◯  N/A ⦿ |

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6).  The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith.  This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Seth Haldane Casden

Signature of Responsible Party

Debtor

Title

Seth Haldane Casden

Printed Name of Responsible Party

01/21/2025

Date

Debtor's Name   Seth Haldane Casden

Save

Case No.   23-16904

l.    Are you current with quarterly U.S. Trustee fees as                 Yes ⦿   No ◯
set forth under 28 U.S.C. § 1930?

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $25,000 |
| b. | Gross income (receipts) from self-employment | $11,058 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $36,058 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $54,456 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $54,456 |
| j. | Difference between total income and total expenses (d-i) | $-18,398 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ◯ No ⦿ |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ◯ No ◯ N/A ⦿ |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.**

/s/ Seth Haldane Casden                         Seth Haldane Casden
Signature of Responsible Party                    Printed Name of Responsible Party

Debtor                                          01/21/2025
Title                                             Date

Save

Generate PDF for Court Filing
and Remove Watermark

**Seth Casden**
**P&L- Budget to Actual Variance Report**
**Notes**

General note: Variance report excludes the Oct 2023 stub period Monthly Operating Report ("MOR"), as the Petition Date was October 17, 2023. Certain variances will occur throughout the year, such periodic HOA and insurance payments, seasonal tax and accounting services, as well as seasonal sports venue tickets.

[1]   Rental Income: In August 2024, new tenant paid a security deposit (one month) and first month's rent (beginning Oct 1, 2024), including realtor's commissions, of which the net to Debtor was $10,450.   In October 2024, tenant paid $9,500 security deposit (second month) and November's rent.

[2]   Purchase/ sale of Lakers/Kings Tickets: Debtor is selling his annually renewed season tickets at a net positive cash flow.

[3]   Other Income: At the request of the US Trustee, Kraken account was liquidated in Jan 2024, and transferred into the DIP account. For May 2024, includes a $8,900 business expense that was recorded in error.  Offsetting adjustment was made in Receipts on the same day.

[4]   Auto Expenses:  Vehicle required extensive engine and transmission repair in Jan 2024.

[5]   Auto Finance: Represents three payments (Nov/Dec 2023; Jan 2024) in Jan 2024.

[6]   Housekeeping: Cleaning for Debtor, Debtor's child's mother, and Debtor's father's residences.

[7]   Lincoln Rental, Mortgage: Represents three payments (Nov/Dec 2023; Jan 2024) in Jan 2024.  For September 2024, Debtor refunded security deposit of $15,000 to tenant who moved out, and also, mortgage increased to $9,105/month due to increase of property tax impound.

[8]   Miscellaneous: For online purchases, mostly through Amazon, 90% of the dollar amount is allocated for the Debtor, and the remaining 10% is allocated for Debtor's child.

[9]   Personal/ Fitness: Hobbies; yoga; tennis; meditation; and similar expenses.

[10]  Child Support: Pre-Petition, Debtor pre-funded Child's mother with annual monetary support of about $50,000 per year in a lump sum, which ended in February 2024.  Beginning March 2024, Debtor is providing $4,000 per month to her.
      June 2024 payment of $7,500 for son's  tuition; multiple payments through about December, totaling $37,540 plus fees.

[11]  Father's Living Expenses: Includes allocation of 10% of Debtor's dining charges and 40% of Debtor's grocery charges.

[12]  UST/ Legal Fees: For July 2024, the Court approved a $40,000 retainer to Theodora Oringher for post-trial litigation in district court action, plus the $802 quarterly US Trustee fee.

**<u>Additional Note:</u>**

**In December 2024, Debtor's Irrevocable Trust transferred $450,000 to Danning Gill's ("DG") client trust account.  DG, in turn, paid out $83,925 to Armory pursuant to Armory's approved interim fee application, with the $366,075 balacne applied to DG's approved costs and fees.**

**The $450,000 disbursement is included in the UST Form 11-MOR (12/01/2021), Part 1(e) tabulation.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 907 Westwood Blvd., Suite 1078, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*):  RESPONSE OF DANNING, GILL, ISRAEL & KRASNOFF, LLP, TO MULTIPLE ENERGY TECHNOLOGIES, LLC'S MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, ALTERNATIVELY, CONVERSION TO CHAPTER 7; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  November 4, 2025  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  November 4, 2025 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

(*By Federal Express for delivery on 11/5/25*)
The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple St., Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 4, 2025 | John N. Tedford, IV | /s/ John N. Tedford, IV |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1785774.1  27200

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Shraddha Bharatia on behalf of Creditor American Express National Bank
notices@becket-lee.com

Joseph Boufadel on behalf of Defendant Seth Haldane Casden
jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Thomas E Butler on behalf of Interested Party Multiple Energy Technologies, LLC
butlert@whiteandwilliams.com,
sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com

Aaron E. De Leest on behalf of Debtor Seth Haldane Casden
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

John-Patrick M Fritz on behalf of Interested Party Courtesy NEF
jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com

Matthew Grimshaw on behalf of Interested Party Courtesy NEF
mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com

Jeff D Kahane on behalf of Interested Party Alan Terry Leavitt
jkahane@skarzynski.com, dahn@ecf.courtdrive.com

Sweeney Kelly on behalf of Defendant American Express Company
kelly@ksgklaw.com

Wendy A Locke on behalf of Interested Party Courtesy NEF
ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com

Betty Luu on behalf of Interested Party Alan Terry Leavitt
bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA)
ron.maroko@usdoj.gov

Allison C. Murray on behalf of Respondent The Northern Trust Company of Delaware, as Trustee of the Seth Casden Resulting
Trust
acmurray@swlaw.com, kcollins@swlaw.com

William M Noall on behalf of Defendant ARIA Resort & Casino
wnoall@gtg.legal, bknotices@gtg.legal

Kurt Ramlo on behalf of Interested Party Courtesy NEF
RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email

Kurt Ramlo on behalf of Interested Party Hologenix, LLC
RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email

Arjun P Rao on behalf of Defendant Discover Bank d/b/a Discover Card, Discover Financial Services, and Discover Products
arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com

Michael B Reynolds on behalf of Respondent The Northern Trust Company of Delaware, as Trustee of the Seth Casden
Resulting Trust
mreynolds@swlaw.com, kcollins@swlaw.com

Gregory M Salvato on behalf of Attorney Salvato Boufadel LLP

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1785774.1  27200

**F 9013-3.1.PROOF.SERVICE**

gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Debtor Seth Haldane Casden
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Defendant Seth Haldane Casden
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Interested Party Salvato Boufadel LLP
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Gregory M Salvato on behalf of Plaintiff Multiple Energy Technologies, LLC
gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com

Nicole Sullivan on behalf of Interested Party Multiple Energy Technologies, LLC
sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com

Nicole Sullivan on behalf of Plaintiff Multiple Energy Technologies, LLC
sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com

John N Tedford, IV on behalf of Other Professional DANNING GILL ISRAEL & KRASSNOFF
JNT@LNBYG.com, jnt@ecf.courtdrive.com

John N Tedford, IV on behalf of Plaintiff Seth Casden
JNT@LNBYG.com, jnt@ecf.courtdrive.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

David Wood on behalf of Interested Party Courtesy NEF
dwood@marshackhays.com,
dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive

Roye Zur on behalf of Interested Party Courtesy NEF
rzur@elkinskalt.com,
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Roye Zur on behalf of Interested Party Multiple Energy Technologies, LLC
rzur@elkinskalt.com,
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

Roye Zur on behalf of Plaintiff Multiple Energy Technologies, LLC
rzur@elkinskalt.com,
lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

*June 2012*

1785774.1  27200

**F 9013-3.1.PROOF.SERVICE**