GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 92618
Telephone: (213) 484-8400

Attorneys for Debtor and Debtor-in-Possession
SETH HALDANE CASDEN

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| In re:<br><br>SETH HALDANE CASDEN,<br><br>   Debtor and<br>   Debtor-in-Possession. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**Debtor's Opposition to Motion for Appointment of a Trustee, or Alternatively, Conversion to Chapter 7; Declarations of Seth Casden and Joel Tucker**<br><br>Date: November 18, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>    Roybal Federal Building<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

Salvato Boufadel
LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Salvato Boufadel
LLP

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................ 5

BRIEF PROCEDURAL HISTORY OF THIS CASE ..................................................... 6

ALLEGATIONS OF MET'S MOTIONS ......................................................................... 8

THE SPENDTHRIFT TRUST ......................................................................................... 9

LEGAL ARGUMENT ..................................................................................................... 10

    A.    Payments made by the Spendthrift Trust to Debtor's counsel were
              fully disclosed and approved by the Court. ................................................ 10

    B.    The Spendthrift Trust contributions to Hologenix were valid
              investments by the Trust to protect its original investments and
              were fully disclosed. ................................................................................... 11

    C.    The Debtor's expenditures of funds distributed by the Spendthrift
              Trust were made in the ordinary course and were fully disclosed. ............ 12

    D.    MET fails to establish cause for appointment of a Chapter 11
              Trustee ......................................................................................................... 14

    E.    MET fails to establish cause for conversion of this case. ........................... 17

    F.    Even if "cause" is identified by the Court, the case should not be
              converted ...................................................................................................... 18

CONCLUSION ................................................................................................................ 20

# TABLE OF AUTHORITIES

**Federal Cases**                                                                    Page(s)

*Baroni v. Seror (In re Baroni)*
    36 F.4th 958 (9th Cir. 2022) ........................................................ 19

*In re Bergeron*
    2013 WL 5874571 (Bankr. E.D.N.C. 2013) ........................................ 15

*Ganis Credit Corp. v. Anderson (In re Jan Weilert RV, Inc.)*
    315 F. 3d 1192 (9th Cir. 2003) .................................................... 12

*In re Seely*
    492 B.R. 284 (Bankr. C.D. Cal. 2013) ............................................ 13

*In re Sletteland*
    260 B.R. 657 (Bankr. S.D.N.Y. 2001) ............................................ 15

*In re Sundale, Ltd.*
    400 B.R. 890 (Bankr. S.D.Fla. 2009) ............................................ 15

*In re Sunnyland Farms, Inc.*
    517 B.R. 263 (Bankr. D. N.M. 2014) ............................................ 18

**Federal Statutes & Rules**

Bankruptcy Code
    § 363(c) ........................................................................ 12, 13
    § 363(c)(1) ........................................................................ 12
    § 541(c)(2) ........................................................................ 7
    § 1104 ........................................................................... 15
    § 1104(a)(1) ...................................................................... 15
    § 1104(a)(2) ...................................................................... 16
    § 1112(b)(2) ................................................................... 18, 19
    § 1112(b)(4) ................................................................... 17, 18
    § 1112(b)(4)(A) ................................................................... 18
    § 1112(b)(4)(B) ................................................................... 18

Federal Rules of Bankruptcy Procedure
    Rule 2004 ........................................................................ 17

Local Bankruptcy
    Rule 9013-1(*l*) ................................................................... 5

Salvato Boufadel
LLP

1

## **TABLE OF AUTHORITIES**

2
### **(Continued)**

3

4

5
**Other Authorities**

6
7 Collier on Bankruptcy ¶ 1104.02[3][d][ii] ....................................................................... 16

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Salvato Boufadel
LLP

28

Debtor and Debtor in Possession Seth Haldane Casden ("Debtor") files this Opposition to the *Notice of Motion and Motion of Multiple Energy Technologies, LLC for Appointment of a Chapter 11 Trustee, or, Alternatively, Conversion to Chapter 7, etc."* (the "Motion"), filed by disputed creditor Multiple Energy Technologies, LLC ("MET").

**I.**

**INTRODUCTION**

This is the latest of several prior attempts by MET to appoint a trustee in this case or in the related case of *In re Hologenix, LLC,* Case No. 2:20-bk-13849-BR.

In this case, this is MET's second motion seeking the appointment of a trustee to replace the Debtor as Debtor in Possession. The first motion was filed on June 18, 2024 [Dkt. No. 199], on essentially similar grounds.[1] The previous motion was denied at a

---

[1] MET fails to meet the requirements of the Local Rules applicable when a party re-files a motion filed and ruled upon in this Court. The Local Bankruptcy Rules 9013-1(*l*) provides:

(*l*) Motion Previous Denied:  Whenever any motion for an order or other relief has been made to the court and has been denied in whole or in part, or has been granted conditionally or on terms, and a subsequent motion is made for the same relief in whole or in part upon the same or any allegedly different state of facts, it is the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent motion is made, a declaration of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior motion including:
(1) The date of the prior motion;
(2) The identity of the judge to whom the prior motion was made;
(3) The ruling, decision or order on the prior motion; and
(4) The new or different facts and circumstances claimed to exist, which either did not exist or were not shown upon the prior motion; and
(5) The new or different law or legal precedent claimed to exist, which either did not exist or were not shown upon the prior motion,
The failure to comply with the foregoing requirement is grounds for the court to set aside any order or ruling made on the subsequent motion and subjects the offending party or attorney to sanctions.

LBR 9013-1(*l*).

1   hearing on July 30, 2025, by Order entered September 11, 2024. [Dkt. No. 247].  The

2   Court noted at that time that the allegations of allegedly improper actions were repetitive

3   of matters previously brought to the Court's attention in prior hearings.

4          MET has previously filed a motion to appoint a chapter 11 trustee in the *Hologenix*

5   case [Dkt. No. 964], also heard on July 30, 2024, and denied at that time. Similarly, MET

6   had filed a motion to dismiss the *Hologenix* case on January 25, 2022 [Dkt. No. 468],

7   which was also denied.

8          This fourth successive Motion by MET is essentially repetitive of its prior motions

9   and is simply aimed at interrupting the Debtor's efforts to prosecute the appeals of the

10  MET judgment and blocking the Debtor's attempt to reorganize through a confirmed plan

11  of reorganization.

12         As the Court has recognized, property held in a valid spendthrift trust is not

13  property of the estate.  MET attempts to challenge the validity of the Seth Casden

14  Resulting Trust, albeit indirectly, without bringing an action in Delaware, where any trust

15  challenge must be filed.

16         MET's motion is premised on the assumption that the Debtor can make

17  withdrawals at will from the Spendthrift Trust, which is untrue. Were that to be the case,

18  this bankruptcy proceeding would not have been filed to stay judgment enforcement

19  actions, as the trust assets could simply have been used to post an appeal bond.  (Casden

20  Declaration at ¶ 16).

21         Appointment of a trustee would make it extremely unlikely that a plan could be

22  confirmed in this case, or that there would be any distribution to creditors.

23         As before, MET's Motion should be denied as unsupported and unwarranted.

## II.

## BRIEF PROCEDURAL HISTORY OF THIS CASE

26         This individual bankruptcy case was filed on October 17, 2023, following the

27  judgment enforcement efforts by creditor MET in *Multiple Energy Technologies, LLC, v.*

28  *Seth Casden,* USDC Case No. 2:21-cv-01149-ODW-RAO.  The Debtor tried to obtain

Salvato Boufadel
LLP

---

OPPOSITION TO MOTION TO APPOINT          -6-          *In re Seth Haldane Casden, Debtor*
TRUSTEE OR CONVERT TO CHAPTER 7                    Chapter 11 Case No.2:23-bk-16904-BR

1  funds to post a bond pending appeal, but was unable to do so, thereby necessitating the

2  bankruptcy filing. (Seth Declaration ¶ 16).

3       The Debtor is a beneficiary of a spendthrift trust, the Seth Casden Resulting Trust

4  u/d/t 2016 (the "<u>Spendthrift Trust</u>"), resulting from modifications to a family generational

5  trust initiated in the 1930s.  The Spendthrift Trust is a valid directed trust under Delaware

6  law, and the Delaware Chancery Court has sole jurisdiction over any modification,

7  dissolution or termination of the Trust. (Tucker Declaration ¶ 4).  The Debtor is unable to

8  compel distributions from the Spendthrift Trust, which are subject to the absolute sole

9  discretion of the Trust Advisor, Joel Tucker. (Tucker Declaration ¶ 6).

10       Bankruptcy Code section 541(c)(2) specifically <u>excludes</u> from the bankruptcy

11  estate property that is subject to spendthrift trust provisions:

12
13         A restriction on the transfer of a beneficial interest of the debtor
       in a trust that is enforceable under applicable nonbankruptcy law
14         is enforceable in a case under this title.

15  11 U.S.C. § 541(c)(2).  The Court has already indicated that it would assume—on a

16  preliminary basis—that the Spendthrift Trust was not property of the Debtor's

17  estate. (*See* Transcript from Hearing 2/20/2024 [Dkt. No.133]).

18       The Debtor has appealed the USDC judgment against him, and the related rulings

19  in the Ninth Circuit, Appeal No. 24-4691. Debtor's opening brief was filed on August 5,

20  2025; MET's answering brief was filed October 28, 2025.  The appeal has not yet been set

21  for oral argument.

22       The Debtor's bankruptcy proceeding is inextricably linked to the related

23  bankruptcy proceedings of *In re Hologenix, LLC,* Case No. 2:20-bk-13849-BR.  The

24  Debtor is the co-founder and chief executive officer of Hologenix, LLC.  MET is a former

25  competitor of Hologenix that sued Hologenix in District Court.  Hologenix's inability to

26  make agreed settlement payments to MET ultimately led to Hologenix's bankruptcy

27  filing.

28       This Court confirmed Hologenix's plan of reorganization (twice), which was

Salvato Boufadel
LLP

1    reversed on appeal (twice).  Hologenix's appeal to the Ninth Circuit, and related appeals,

2    are currently pending, with Hologenix's reply briefs due on November 7, 2025.

3        This Court has deferred consideration of the Debtor's individual chapter 11 plan of

4    reorganization, pending the outcome of the Hologenix appeal and the non-dischargeability

5    action in this action, because of the impact that those matters would have on the Debtor's

6    plan. Thus, the Debtor's plan has not been confirmed, but not through any fault or delay

7    caused by the Debtor. (Casden Declaration ¶ 9).

8        This Court has also trailed hearings on the adversary proceeding for non-

9    dischargeability commenced by MET against the Debtor entitled *Multiple Energy*

10   *Technologies, LLC, Plaintiff, v. Seth Haldane Casden, Defendant,* Adv. Proc. No. 2:24-

11   ap-01022-BR.  The Debtor recently defeated MET's attempt to withdraw the reference of

12   the Adversary Proceeding by motion filed in the District Court. (*See* Adv. Proc. x01022,

13   Dkt. No. 46).

14       In the Bankruptcy Court, the status conferences on the aforementioned proceedings

15   have been continued from time to time, while the appeals are progressing, including

16   hearings on a pending motion to compel production from Northern Trust following a 2004

17   Examination, and several avoidance power adversary proceedings commenced by MET.

19                                   **III.**

20                      **ALLEGATIONS OF MET'S MOTIONS**

21       The instant motion to appoint a trustee is the latest of several previous attempts to

22   interrupt the appeal process, Debtor's appeal of the USDC Judgment, and MET's appeal

23   of the Hologenix confirmation order and subsequent Hologenix appeals.

24       Specifically, the Motion by MET claims that (1) the Debtor has suffered a negative

25   cash flow, due to excessive spending, far exceeding his salary from Hologenix; (2) the

26   Debtor allegedly made $650,000 in undisclosed equity contributions to Hologenix; (3) the

27   Debtor made unapproved payments to the Debtor's attorneys; and (4) such actions

28   constitute bad faith conduct justifying the appointment of a chapter 11 or chapter 7

Salvato Boufadel
LLP

1   trustee.  (*See* Opposition at pp. 9-10).

2       Significantly, MET does not argue for the dismissal of the Debtor's bankruptcy

3   case.  This demonstrates that MET's objective is solely to interrupt the prosecution of the

4   pending appeals and the continued operation of this bankruptcy case by removing the

5   Debtor from his management of the individual bankruptcy estate and, through his

6   company, the Hologenix bankruptcy estate.

7

8                                    **IV.**

9                       **THE SPENDTHRIFT TRUST**

10      The Seth Casden Resulting Trust, u/d/t 2016 (the "Spendthrift Trust") is a valid

11  discretionary trust created under Delaware law, 12 Del. C. §§ 3536-3546, with spendthrift

12  provisions.  The Trust was created in 2009, as a modification to an existing trust

13  agreement (dating from the 1930s), well before the commencement of the MET litigation

14  or the bankruptcy filings.  The Northern Trust Company of Delaware is the corporate

15  trustee.  (Joel Tucker Declaration ¶ 1).

16      As a spendthrift trust, neither the trust beneficiary, Seth Casden, nor any creditor

17  can compel distributions from the Trust. The Trust is irrevocable, with a spendthrift clause

18  and was not created to hinder creditors.  The Trust Advisor cannot be fired or replaced by

19  the beneficiary. (Tucker Declaration ¶ 5).

20      Under Delaware law, a beneficiary of a fully discretionary trust has no property

21  rights in the Trust and has only a "mere expectancy."  The Debtor's interest in the

22  Spendthrift Trust is subject to the full discretion of the Trustee and Trust Advisor.   The

23  Trust gives the Trust advisor sole and absolute discretion to make or withhold

24  distributions.  There is no mandatory distribution clause.  The Spendthrift Trust cannot

25  distribute any funds to anyone other than the Debtor, including and especially paying the

26  Debtor's creditors. (Tucker Declaration ¶ 6).

27      Similarly, a chapter 7 or chapter 11 trustee could not compel any payment or

28  distribution from the Spendthrift Trust.

Salvato Boufadel
LLP

OPPOSITION TO MOTION TO APPOINT          -9-          *In re Seth Haldane Casden, Debtor*
TRUSTEE OR CONVERT TO CHAPTER 7                      Chapter 11 Case No.2:23-bk-16904-BR

1    The Delaware Court of Chancery has exclusive jurisdiction over most trust

2    administration matters, including modification, dissolution or termination of the trust.

3    (Tucker Declaration ¶ 8).

4    Seth Casden is a beneficiary of the Trust with no power to direct or compel

5    distributions from the Spendthrift Trust.  Mr. Casden cannot require a distribution, and it

6    is discretionary with the Trust as to whether any request for a distribution should be

7    granted.  The fact that there have been distributions made to Mr. Casden does not negate

8    the absolute discretion legally vested in the Trust Advisor to approve or disapprove

9    disbursements by the Spendthrift Trust to the Debtor.  (Tucker Declaration ¶ 9).

10

11    **V.**

12    **LEGAL ARGUMENT**

13    **A.  Payments made by the Spendthrift Trust to Debtor's counsel were fully**

14    **disclosed and approved by the Court.**

15    The Spendthrift Trust has made payments to Debtor's counsel on behalf of the

16    Debtor, as fully disclosed in Employment and Fee Applications, and as authorized and

17    approved by the Bankruptcy Court.

18    The payment of the substantial legal fees incurred as a result of MET's litigation

19    against the Debtor are necessary for the Debtor to be able to proceed with the appeals of

20    the adverse judgment and with pursuing a plan of reorganization to eventually emerge

21    from these bankruptcy proceedings. (Casden Declaration ¶ 22).

22    MET would like to terminate these proceedings and preclude the ability of the

23    Debtor to defend himself by depriving the Debtor of counsel.

24    Payment of Debtor's counsel's legal fees by the Spendthrift Trust is necessary to

25    enable the Debtor to withstand the legal onslaught wrongly perpetrated against him by

26    MET.  MET's opposition to such payments are clearly aimed at precluding the Debtor's

27    attempts to continue with the appeals of MET's judgment against him and Hologenix's

28    appeals of the denial of the confirmation orders.

Salvato Boufadel
LLP

| OPPOSITION TO MOTION TO APPOINT TRUSTEE OR CONVERT TO CHAPTER 7 | -10- | *In re Seth Haldane Casden, Debtor* Chapter 11 Case No.2:23-bk-16904-BR |

1    The payments made by the Spendthrift Trust are not a dissipation of assets of the

2    bankruptcy estate but are additive to the estate and to the Debtor's ability to confirm a

3    plan of reorganization for the benefit of all creditors.

4    **B.    The Spendthrift Trust contributions to Hologenix were valid investments**

5    **by the Trust to protect its original investments and were fully disclosed.**

6    In 2025, the Trust made two capital contributions to Hologenix totaling $650,000

7    that were fully disclosed on the Monthly Operating Reports filed by Hologenix.  The

8    contributions to Hologenix were not made to the Debtor and did not go through the

9    Debtor's accounts.  They were paid directly to Hologenix.  As such, MET's allegations

10    have nothing to do with this case, and they should be addressed in the Hologenix case, if

11    at all.

12    These payments from the Spendthrift Trust were not made to the Debtor but were

13    direct capital contributions to Hologenix as capital investments.  The Spendthrift Trust

14    capital contributions are investments in a business enterprise–similar to many other

15    investments in stocks and private equity–that the Spendthrift Trust has made. They are

16    solely within the discretion and approval of the Trust Advisor of the Spendthrift Trust.

17    (Casden Declaration ¶ 18).

18    Contributions to Hologenix only serve to strengthen Hologenix and make it

19    possible for it to continue with its reorganization plan, now on appeal.  As a major creditor

20    of Hologenix, MET should be supportive of such payments, not opposed to them, as they

21    only make it possible for Hologenix to emerge from bankruptcy and pay creditors.

22    In sum, the Spendthrift Trust distributions to Hologenix have assisted in maintaining it as

23    a going concern so that Hologenix can continue to operate, continue paying its employees,

24    and continue defending against the litigation and appeals blocking the confirmed plan of

25    reorganization.  (Casden Declaration ¶ 20).

26

27

28

Salvato Boufadel
LLP

---

**C. The Debtor's expenditures of funds distributed by the Spendthrift Trust were made in the ordinary course and were fully disclosed.**

Under Bankruptcy Code section 363(c)(1), a trustee or debtor in possession may use property of the estate in the ordinary course of business, without notice or a hearing. While that section is applicable to "if the business of the debtor is authorized to be operated," by analogy, the same rules should be applicable here, in the case of an individual debtor, for use of estate property in the ordinary course.[2]

In order for the debtor in possession to use property of the estate without the need for a prior notice and a hearing, the proposed use of the funds must be in the ordinary course of business. 11 U.S.C. § 363(c). "A determination of whether a transaction falls outside the ordinary course of business is a question of fact that depends on the nature of industry practice." *Ganis Credit Corp. v. Anderson (In re Jan Weilert RV, Inc.),* 315 F. 3d 1192 1196 (9th Cir. 2003).

As one judge in this Central District has stated:

> Rather than struggle to invent out of whole cloth a procedure and standard for approving requests by chapter 11 debtors for authority to spend property of the estate for the payment of post-petition living expenses, the court should give section 363(c)(1) the same interpretation in chapter 11 cases as it has always been understood to have in chapter 13 cases. The court should recognize that section 363(c)(1) authorizes a debtor in possession to use property of the estate to pay post-petition living expenses without prior court approval, so long as the amounts to be disbursed qualify as "ordinary course" expenses. An individual chapter 11 debtor needs to pay his living expenses in order to continue generating revenues for the estate. Thus, the payment of ordinary course living expenses should be treated as being within the

---

[2]   The Local Bankruptcy Rules Form 2081-2.2 attempts to address the "gap" in Bankruptcy Code section 363(c) with respect to individual debtors, entitled "*Motion in Individual Chapter 11 Case for Order Approving a Budget for The Use of the Debtor's Cash and Postpetition Income.*"  The form motion sets out a procedure sets out a motion by which a Debtor can request pre-approval of a budget for ordinary course expenses.  No such budget approval motion has been filed in this case.

Salvato Boufadel LLP

> debtor's ordinary course of business for the purpose of
> interpreting section 363(c)(1).

*In re Seely*, 492 B.R. 284, 290 (Bankr. C.D. Cal. 2013) (Bluebond, J.)

There is no party (such as a lender) with an interest in the funds paid to the Debtor, and no "cash collateral" limitation on the use of the funds paid to the Debtor. The Debtor is not aware of any requirements or restrictions on expenditures made by the Debtor for reasonable living expenses in the ordinary course. In light of the standard of living the Debtor enjoyed prior to bankruptcy and the reductions he has made to his expenditures in the course of this bankruptcy proceeding, the Debtor's living expenses are not unreasonable for his support and the support of his family.

MET has complained, repeatedly, about the level of expenditures by the Debtor, even though such expenditures are made in the ordinary course by the Debtor that are consistent with or greatly reduced from pre-petition distributions to the Debtor from the Spendthrift Trust. (Casden Declaration ¶ 27). To the extent the expenditures exceed the Debtor's fixed salary from Hologenix, they were made using funds received from the Spendthrift Trust specifically directed to support the Debtor's living expenses. As such, the level of expenditures made by the Debtor were made in the ordinary course of business, consistent with prior custom and practices and lifestyle of the Debtor and thus permissible expenditures under Bankruptcy Code section 363.

In the past, the Spendthrift Trust has made distributions to the Debtor from time to time to fund the Debtor's expenses and cover the shortfall in living expenses from the salary paid to the Debtor by Hologenix. (Casden Declaration ¶ 27). Prior to the bankruptcy filing, the Debtor received a substantially greater amount from the Spendthrift Trust each year, which has now been greatly curtailed. In fact, not counting payments to his attorneys, the Debtor received $100,000 in the course of this bankruptcy case thus far, while he customarily received more than 25 times that amount in discretionary distributions from the Spendthrift Trust prior to bankruptcy. (Casden Declaration ¶ 27).

Salvato Boufadel
LLP

---

1    The Trust Advisor of the Spendthrift Trust has authorized distributions to the

2  Debtor for legitimate and approved living expenses within the spendthrift provisions and

3  authority of the Spendthrift Trust. These include payments for the Debtor's personal

4  expenses and that of the Debtor's family, the education and welfare / medical treatment of

5  the Debtor's son, Charles, and other normal living expenses.  (Casden Declaration ¶ 29).

6    As a result of prior hearings in this case, the Debtor has greatly reduced his

7  expenses, and eliminated certain expenditures at the direction of the Court, including, but

8  not limited to, eliminating the monthly cost of a large fish tank, eliminating certain

9  payments for his father's care, eliminating payments for a housekeeper and reducing

10  certain payments for his son's mother, among others.  (Casden Declaration ¶ 31).

11    The distributions from the Spendthrift Trust do not harm MET or the bankruptcy

12  estate, as they only add to the available assets for the Debtor to continue supporting the

13  Debtor's family and, hopefully, eventually emerging from this bankruptcy proceeding

14  with a confirmed plan of reorganization. (Casden Declaration ¶ 30).

15    As a beneficiary of this Spendthrift Trust, the Debtor has no power to compel

16  distributions or invade the trust principal. Similarly, a chapter 11 trustee or chapter 7

17  trustee <u>would have no power</u> to compel payments for the Spendthrift Trust and would

18  have no access to the Spendthrift Trust.  Accordingly, it is clear that MET's actions in

19  bringing these successive motions are not aimed at obtaining access to the funds in the

20  Spendthrift Trust–which they cannot do and an appointed chapter 11 or chapter 7 could

21  not do–so much as to retaliate against the Debtor and prevent the Debtor from prosecuting

22  the appeals of the judgment entered against him and continuing with the bankruptcy

23  reorganization. (Casden Declaration ¶ 28).

24    **D.  MET fails to establish cause for appointment of a Chapter 11 Trustee.**

25    MET's allegations in its motion are chiefly complaints about the Debtor's lifestyle.

26  They are complaints about expenditures made by the Debtor that MET believes are

27  inappropriate or excessive.  However, none of the allegations made by MET rise to the

28  level of necessitating appointment of a trustee or conversion of the case to chapter 7.

Salvato Boufadel
LLP

OPPOSITION TO MOTION TO APPOINT                      -14-                      *In re Seth Haldane Casden, Debtor*
TRUSTEE OR CONVERT TO CHAPTER 7                                              Chapter 11 Case No.2:23-bk-16904-BR

1    Appointment of a trustee under section 1104(a)(1) is not necessary because there

2    has been no showing by MET of "cause, including for fraud, dishonesty, incompetence, or

3    gross mismanagement of the affairs of the debtor," as required.  MET seeks to focus on

4    isolated pre and post-petition conduct of the Debtor as the basis for appointment of a

5    trustee.  However, as discussed here, MET's allegations are unsupported, wrong, and lack

6    merit.  There is simply no fraud, dishonesty, incompetence, or gross mismanagement

7    warranting appointment of a Trustee.

8    The *MET v. Casden* judgment and pending adversary proceeding for non-

9    dischargeability involved a false advertising claim and tortious interference claim.

10    Furthermore, even if such pre-petition conduct was present, under section 1104, the

11    general "focus is on the debtor's current activities, not past misconduct." *In re Sletteland*,

12    260 B.R. 657, 672 (Bankr. S.D.N.Y. 2001).  As discussed in *In re Bergeron*, 2013 WL

13    5874571, at *7 (Bankr. E.D.N.C. 2013), "isolated instances of prepetition

14    mismanagement, fraud, dishonesty or other misconduct by the debtor or its management

15    are not sufficient to support a finding of cause under § 1104(a)(1)." *Id.* (citing *Gomez v.*

16    *U.S. Trustee*, 2010 WL 582706, at *2 (W.D.Va. Feb. 18, 2010). The Court "should be

17    reluctant to appoint a trustee absent signs of post-petition mismanagement or misconduct

18    because "[s]peculation that a debtor may do something in the future does not overcome

19    the strong presumption that the debtor should be permitted to remain in possession in a

20    chapter 11 case or justify the additional costs of a trustee." *Bergeron*, 2013 WL 5874571,

21    at *7 (quoting *Sletteland*, 260 B.R. at 672).

22    Here the Judgment is disputed and the pre-petition conduct attributed to the Debtor

23    by the District Court was done in error.  A trustee should not be appointed in the

24    bankruptcy case based on the District Court's finding.  In addition, there is no

25    incompetence or gross mismanagement in the Debtor's case.  Gross mismanagement

26    "suggests some extreme ineptitude on the part of management to the detriment of the

27    organization .... ris[ing] above simple mismanagement to achieve the level envisioned by

28    the Code." *In re Sundale, Ltd.*, 400 B.R. 890, 907 (Bankr. S.D.Fla. 2009).  Incompetence

Salvato Boufadel
LLP

1    is not alleged by MET and there is no mismanagement (or gross mismanagement) present.

2    The Debtor has done all the things required of him as a debtor-in-possession and there is

3    no evidence of any such ineptitude on the party of the Debtor.  And, as set forth above,

4    any issues with respect to the Debtor's spending are being corrected and his spending has

5    been substantially reduced.

6         A chapter 11 trustee is also not necessary in this case pursuant to section

7    1104(a)(2).  There is no evidence to establish that appointment of a trustee would be in the

8    best interests of any other party besides MET.  MET has already obtained authority to

9    pursue certain avoidance power claims at no cost to the estate.  It certainly would be of no

10   benefit to have a trustee hire counsel and investigate and pursue such claims at a

11   significant expense to the estate. A trustee would be unable to obtain any distribution from

12   the Spendthrift Trust.

13        There has also been no showing that the benefits accompanying the appointment of

14   a trustee outweigh the detriment to the bankruptcy estate.  *See, 7 Collier on Bankruptcy* ¶

15   1104.02[3][d][ii] ("The 'interests' standard suggests a balancing of costs and benefits in

16   determining whether the appointment of a trustee is appropriate. Such an appointment

17   would be in the interests of the estate if the benefits to all interests of the estate to be

18   derived from a trustee outweigh the detriment to the estate").  Here, the costs

19   accompanying an appointment of a trustee, including employment of trustee's

20   professionals that would need to get up to speed in the case, would impose a substantial

21   financial burden on the Debtor and the estate that exceeds any benefit.

22        However, the Debtor with the assistance of his counsel, is fully capable of

23   managing this case and has complied with the duties, obligations, and reporting

24   requirements imposed upon him by the Bankruptcy Code.  *See 7 Collier on Bankruptcy* ¶

25   1104.02[3][d][ii] (recognizing that "[w]hen current management is competent and able to

26   adjust to its new obligations under chapter 11, ... there may in fact be little or no benefit to

27   the appointment of a trustee.").  Furthermore, no creditors other than MET are seeking

28   appointment of a Trustee and there is simply no need to do so.  The oversight provided by

Salvato Boufadel
LLP

OPPOSITION TO MOTION TO APPOINT
TRUSTEE OR CONVERT TO CHAPTER 7

-16-

*In re Seth Haldane Casden, Debtor*
Chapter 11 Case No.2:23-bk-16904-BR

1    the chapter 11 process is sufficient to protect the interests of the Debtor, the bankruptcy

2    estate, and creditors.  A chapter 11 trustee is not necessary.

3    **E.   MET fails to establish cause for conversion of this case.**

4    None of the factors raised by MET in its motion justify a conversion of this case

5    and takeover of the appeals by a trustee.

6    Factors that constitute "cause" for dismissal and/or conversion are enumerated in

7    section 1112(b)(4).  Under section 1112(b)(4), the term "cause" includes, among other

8    things—

9
10   (A)    substantial or continuing loss to or diminution of the estate and the
            absence of a reasonable likelihood of rehabilitation;
11   (B)    gross mismanagement of the estate;
     (C)    failure to maintain appropriate insurance that poses a risk to the
12          estate or to the public;
13   (D)    unauthorized use of cash collateral substantially harmful to 1 or
            more creditors;
14   (E)    failure to comply with an order of the court;
15   (F)    unexcused failure to satisfy timely any filing or reporting
            requirement established by this title or by any rule applicable to a
16          case under this chapter;
17   (G)    failure to attend the meeting of creditors convened under section
            341(a) or an examination ordered under rule 2004 of the Federal
18          Rules of Bankruptcy Procedure without good cause shown by the
            debtor;
19   (H)    failure timely to provide information or attend meetings reasonably
            requested by the United States trustee (or the bankruptcy
20          administrator, if any);
21   (I)    failure timely to pay taxes owed after the date of the order for relief
            or to file tax returns due after the date of the order for relief;
22   (J)    failure to file a disclosure statement, or to file or confirm a plan,
            within the time fixed by this title or by order of the court;
23   (K)    failure to pay any fees or charges required under chapter 123 of title
24          28;
     (L)    revocation of an order of confirmation under section 1144;
25   (M)    inability to effectuate substantial consummation of a confirmed
            plan;
26   (N)    material default by the debtor with respect to a confirmed plan;
27   (O)    termination of a confirmed plan by reason of the occurrence of a
            condition specified in the plan; and

Salvato Boufadel
LLP
28

---

1      (P)    failure of the debtor to pay any domestic support obligation that
2                first becomes payable after the date of the filing of the petition.

3 11 U.S.C. § 1112(b)(4).

4      Of these enumerated nonexclusive factors, MET only mentions dissipation of the

5 cash in the estate as constituting cause for dismissal and/or conversion. MET's analysis,

6 albeit brief, is flawed and does not establish cause to convert the case.

7      MET's allegations that certain pre-petition and post-petition conduct of the Debtor

8 establishes cause under sections 1112(b)(4)(A) and (B) because it is "gross

9 mismanagement [to the estate]" and/or "substantial and continuing loss and diminution to

10 the estate" are wrong and not supported by the evidence.  MET's focus on pre-petition

11 conduct is not correct because the analysis under sections 1112(b)(4)(A) and (B) are only

12 on events <u>after</u> the bankruptcy filing, <u>not</u> the pre-petition conduct of the Debtor.  *In re*

13 *Sunnyland Farms, Inc.*, 517 B.R. 263, 267 (Bankr. D. N.M. 2014).

14      With respect to the alleged *post-petition* conduct that MET asserts the Court should

15 consider in connection with any section 1112(b) analysis, the alleged post-petition

16 conduct is either misstated, not accurate, or correctable by the Debtor.

17     **F.  Even if "cause" is identified by the Court, the case should not be converted.**

18      Even if the Court finds cause (which it should not do), the Court should not dismiss

19 or convert the case because the unusual circumstances exception applies.  Section

20 1112(b)(2) provides that

21     (2) The court may not convert a case under this chapter to a
22     case under chapter 7 or dismiss a case under this chapter if the
    court finds and specifically identifies unusual circumstances
23     establishing that converting or dismissing the case is not in the
    best interests of creditors and the estate, and the debtor or any
24     other party in interest establishes that—

25         (A) there is a reasonable likelihood that a plan will be
26         confirmed within the timeframes established in sections
        1121(e) and 1129(e) of this title, or if such sections do not
27         apply, within a reasonable period of time; and

Salvato Boufadel
LLP
28

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

   (i) for which there exists a reasonable justification for the act or omission; and

   (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

   In applying section 1112(b), the court "must consider the interests of all of the creditors." *Baroni v. Seror (In re Baroni)*, 36 F.4th 958, 968 (9th Cir. 2022).

   Here, there is no dispute that the Debtor timely filed his disclosure statement and plan. However, unusual circumstances exist because the Court determined that it will not consider the Debtor's disclosure statement and plan until it has a resolution with respect to the Hologenix plan and related appeals.

   Thus, although the Debtor believes that he can confirm a plan and the plan he has proposed is confirmable on its face, the Court has not yet considered the substance of the Debtor's disclosure statement or set a schedule for confirmation of the Debtor's plan. Any delay in reaching plan confirmation has not been caused by the Debtor. In fact, there is a reasonable likelihood that the Debtor's plan will be confirmed within a reasonable time once the Court determines that it can consider the plan. The Debtor will certainly make every effort to do so (and MET will certainly do everything it can to delay consideration and confirmation of the plan, all while complaining that no plan has been confirmed).

   Finally, although the Debtor submits that there is no cause for dismissal or conversion, to the extent that the Court identifies any such cause, the Debtor will address the reasonable justification for the act or omission identified by the Court and will cure it with a reasonable period of time fixed by the Court pursuant to section 1112(b)(2)(B).

Salvato Boufadel LLP

1

## VII.

2

## <u>CONCLUSION</u>

3

For the reasons set forth above, as supported by the attached Declarations, the

4

Court should deny MET's motion for Appointment of a chapter 11 Trustee or conversion

5

of this case to a case under chapter 7.

6

7

Dated: November 4, 2025                    SALVATO BOUFADEL LLP

8

9

*/s/ Gregory M. Salvato*

10
_____

Gregory M. Salvato

11
Joseph Boufadel

12
Attorneys for Debtor and Debtor in Possession

13
SETH HALDANE CASDEN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Salvato Boufadel
LLP                  28