GREGORY M. SALVATO (SBN 126285)
  Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
  Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 92618
Telephone: (213) 484-8400

Attorneys for Debtor and Debtor-in-Possession
SETH HALDANE CASDEN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES

| | |
|---|---|
| In re:<br><br>SETH HALDANE CASDEN,<br><br>  Debtor and<br>  Debtor-in-Possession. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**Declaration of Seth Casden in Opposition to Motion for Appointment of a Trustee, or Alternatively, Conversion to Chapter 7**<br><br>Date:  November 18, 2025<br>Time:  10:00 a.m.<br>Place: Courtroom 1668<br>       Roybal Federal Building<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

Salvato Boufadel LLP

CASDEN DECLARATION IN OPPOSITION    -1-    *In re Seth Haldane Casden, Debtor.*
TO MOTION TO APPOINT TRUSTEE              Chapter 11 Case No.2:23-bk-16904-BR

# DECLARATION OF SETH CASDEN

I, Seth Casden, declare:

1. I am the individual Debtor and Debtor in Possession in the Chapter 11 case entitled *In re Seth Haldane Casden,* Case No. 23-bk-16904-BR, pending before this Court.

2. I am the co-founder and Chief Executive Officer of Hologenix, LLC, a Delaware limited liability company ("Hologenix"). Disputed creditor and moving party Multiple Energy Technologies, LLC ("MET") is (or was) a competitor of Hologenix and made a competing bioceramic material.

3. Hologenix is a debtor in its own chapter 11 bankruptcy proceeding, *In re Hologenix, LLC,* Case No. 2:20-bk-13849-BR (the "Hologenix Case"), in which MET is also the largest unsecured and disputed creditor.

4. This Declaration is submitted in Opposition to the *"Notice of Motion and Motion of Multiple Energy Technologies, LLC for Appointment of a Chapter 11 Trustee, or Alternatively, Conversion to Chapter 7, etc."* (the "Motion") filed by MET. I have personal knowledge of the following facts set forth below, and if called as a witness I could and would competently testify thereto.

## Previous Failed Motions by MET

5. This is the second motion seeking the appointment of a trustee in my case, the first one having been filed on June 18, 2024 [Dkt. No. 199], on essentially similar grounds, and having been denied at a hearing on July 30, 2025, by Order entered September 11, 2024 [Dkt. No. 247]. The Court noted at that time that the allegations of allegedly improper actions were repetitive of matters previously brought to the Court's attention in prior hearings.

6. MET has previously filed a Motion to Appoint a Chapter 11 Trustee in *Hologenix* case [Dkt. No. 964], also heard on July 30, 2024, and denied at that time.

7. And, MET had filed a Motion to Dismiss the *Hologenix* case on January 25, 2022, [Dkt. No. 468] which was also denied.

8. This fourth successive Motion by MET is essentially repetitive of its prior Motions and is simply aimed at interrupting the pending appeals and interfering with the progress of these bankruptcy proceedings.

9. I have proposed a plan of reorganization and disclosure statement. Further action on these matters has been deferred not because of any actions or inactions by me, but because the issues of confirmation are linked to the success of the Hologenix plan, which has been confirmed, but is now on appeal.

## **Attempt to Derail Pending Appeals**

10. I appealed the Judgment entered against me, individually, in the United States District Court in the action entitled *Multiple Energy Technologies, LLC v. Seth Casden,* Case No. 2:21-cv-01149-ODW-RAO. My appeal before the Ninth Circuit is fully underway, with the Appellant's Opening Brief filed on October 5, 2025. MET's Answering Brief was filed on October 28, 2025, with the Reply currently scheduled to be filed November 18, 2025, unless extended.

11. In the *Hologenix* case, MET has opposed Hologenix's reorganization efforts at every turn. Notwithstanding such opposition, Hologenix confirmed two plans of reorganization over MET's objection. Hologenix's bankruptcy case remains pending because MET appealed the Bankruptcy Court's most recent order confirming Hologenix's chapter 11 plan.

12. MET's repeated efforts are clearly aimed at interrupting the multiple pending appeals, including (1) My appeal to the Ninth Circuit Court of Appeals of the judgment entered against me in the District Court, (2) Hologenix's Ninth Circuit appeal of the District Court Order reversing this Court's confirmation order of Hologenix's Plan of Reorganization, (3) Hologenix's Ninth Circuit appeal of the Casden Employment Agreement, and (4) Hologenix's Ninth Circuit appeal of the preference judgment .

Salvato Boufadel LLP

CASDEN DECLARATION IN OPPOSITION
TO MOTION TO APPOINT TRUSTEE
-3-
*In re Seth Haldane Casden, Debtor.*
Chapter 11 Case No.2:23-bk-16904-BR

## MET'S Complaints About Trust Distributions / Payments

13. It is my understanding that MET has made allegations regarding distributions made to me or on my behalf and investments made in Hologenix from a directed spendthrift trust, of which I am the beneficiary.

14. As the Court is aware, I am the beneficiary of a spendthrift trust, the Seth Casden Resulting Trust u/d/t 2016 (the "Spendthrift Trust"), which is a valid discretionary trust created under Delaware law, 12 Del. C. §§ 3536-3546, with spendthrift provisions. The Trust was created in 2009, as a modification to an existing trust agreement, well before the commencement of the MET litigation or the bankruptcy filing. The Northern Trust Company of Delaware is the corporate trustee.

15. As a spendthrift trust, neither I nor any creditor can compel distributions from the Spendthrift Trust. The Spendthrift Trust is irrevocable, with a spendthrift clause and was not created to hinder creditors, but to provide income for my support and that of my family, on a controlled basis.

16. MET has asserted that I am able to make withdrawals at will from my Spendthrift Trust and that I have improperly expended funds that have been distributed to me by the Spendthrift Trust. That is not true. If I had truly the ability to access the assets of the Spendthrift Trust, I would not have found it necessary to file this bankruptcy proceeding, which I desperately tried to avoid. I would have simply posted a bond in the sufficient amount to stay the enforcement of the judgment pending appeal. Unfortunately, I was unable to access the funds from the Trust and was unable to post an appeal bond, thereby necessitating this bankruptcy filing.

## Trust's Investment in Hologenix

17. In 2025, the Trust made two capital contributions to Hologenix totaling $650,000 that were fully disclosed on the Monthly Operating Reports filed by Hologenix. The contributions to Hologenix were not made to me and did not go through my accounts, but were paid directly to Hologenix. These payments were not made to me, but were

CASDEN DECLARATION IN OPPOSITION    -4-    *In re Seth Haldane Casden, Debtor.*
TO MOTION TO APPOINT TRUSTEE    Chapter 11 Case No.2:23-bk-16904-BR

Salvato Boufadel LLP

direct capital contributions to Hologenix as a capital investments made to protect the Spendthrift Trust's previous investments in Hologenix.

18. The Spendthrift Trust contributions we investments – similar to many other investments in stocks and private equity – in which the Spendthrift Trust assets are invested, and are made solely within the discretion and approval of the Trust Advisor of the Spendthrift Trust and Trust Advisor.

19. The capital contributions to Hologenix only serve to strengthen Hologenix and make it possible for it to continue with its reorganization plan, now on appeal. As a major creditor of Hologenix, MET should be supportive of such payments, not opposed to them, as they only make it possible for Hologenix to emerge from bankruptcy and pay creditors.

20. In sum, the Spendthrift Trust contributions to Hologenix have assisted in maintaining it as a going concern so that Hologenix can continue to operate, continue to pay its employees and continue defending against the litigation and appeals blocking the confirmed plan of reorganization.

### Trust's Payments for Legal Fees

21. The Spendthrift Trust has made payments to my attorneys, as fully disclosed to the Court in Employment and Fee Applications and as expressly authorized and approved by the Bankruptcy Court.

22. The payment of the substantial legal fees incurred as a result of MET's litigation against me are necessary for me to proceed with the appeals of the adverse judgment and with prosecuting a plan of reorganization to eventually emerge from these bankruptcy proceedings.

23. MET would like to terminate these proceedings and preclude my ability to defend myself by depriving me of counsel.

24. Payment of my counsel's legal fees by the Spendthrift Trust is necessary to enable me to withstand the legal war wrongly perpetrated against me by MET. MET's

CASDEN DECLARATION IN OPPOSITION    -5-    *In re Seth Haldane Casden, Debtor.*
TO MOTION TO APPOINT TRUSTEE            Chapter 11 Case No.2:23-bk-16904-BR

Salvato Boufadel LLP

opposition to such payments are clearly aimed at precluding my attempts to continue with the appeals of MET's judgment against me.

25. The payments made by the Spendthrift Trust are not a dissipation of assets of the bankruptcy estate but are additive to the estate and enhance my ability to confirm a plan of reorganization for the benefit of all creditors.

### Trust's Distributions to Me for Living Expenses

26. The Spendthrift Trust has made distributions to me from time to time to fund my expenses and cover the shortfall in living expenses from the salary paid to me by Hologenix.

27. In the past, I have received a substantially greater amount from the Spendthrift Trust each year, which distributions have now been significantly curtailed. Outside of legal fees, the Spendthrift Trust has made one distribution to me during the bankruptcy case of $100,000 (over the last 24 months), which is significantly (more than twenty-five times) less than I have customarily received from the Spendthrift Trust in the past over just a one-year period (for example in 2023, I received 2.7MM).

28. As a beneficiary of this Spendthrift Trust, I have no power to compel distributions or invade the trust principal. Similarly, a chapter 11 trustee or chapter 7 trustee would have no power to compel payments for the Spendthrift Trust and would thus have no access to the Spendthrift Trust. Accordingly, I believe that MET's actions are not aimed at obtaining access to the funds in my Spendthrift Trust – which they cannot do and an appointed chapter 11 or chapter 7 could not do -- so much as to retaliate against me and prevent me from prosecuting the appeals of the judgment entered against me and continuing with the prosecution of this case.

29. The Trust Advisor of the Spendthrift Trust has authorized distributions to me for legitimate and approved living expenses in the ordinary course that are within the spendthrift provisions and authority of the Spendthrift Trust. These include payments for my personal expenses and that of my family, the education and welfare / medical treatment of my son, Charles, and other normal living expenses.

CASDEN DECLARATION IN OPPOSITION   -6-   *In re Seth Haldane Casden, Debtor.*
TO MOTION TO APPOINT TRUSTEE           Chapter 11 Case No.2:23-bk-16904-BR

Salvato Boufadel LLP

30. These expenses do not harm MET or my bankruptcy estate, as they only add to the available assets for me to continue supporting my family and, hopefully, eventually to emerge from this bankruptcy proceeding with a confirmed plan of reorganization.

### Reduction of Expenses

31. As a result of prior hearings in this case, I have greatly reduced certain expenditures and eliminated certain expenditures at the direction of the Court, including, but not limited to eliminating the monthly cost of a large fish tank, eliminating certain payments for my father's care, eliminating payments for a housekeeper and reducing payments for my son's mother, among others.

32. I am not aware of any other requirements or restrictions on expenditures I make in the ordinary course, which based on valid, authorized, discretionary distributions from the Spendthrift Trust that was established to provide for my support and care, and that of my family.

33. It is my intent to continue to fully comply with the orders and instructions of the Bankruptcy Court and also to continue with the appeals and other proceedings to enable me to confirm a plan of reorganization and emerge from bankruptcy.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2025, at Los Angeles, California.

_____
SETH CASDEN

Salvato Boufadel LLP

CASDEN DECLARATION IN OPPOSITION    -7-    *In re Seth Haldane Casden, Debtor.*
TO MOTION TO APPOINT TRUSTEE              Chapter 11 Case No.2:23-bk-16904-BR