GREGORY M. SALVATO (SBN 126285)
   Gsalvato@salvatoboufadel.com
JOSEPH BOUFADEL (SBN 267312)
   Jboufadel@salvatoboufadel.com
SALVATO BOUFADEL LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 92618
Telephone: (213) 484-8400

Attorneys for Debtor and Debtor-in-Possession
SETH HALDANE CASDEN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES

| | |
|---|---|
| In re:<br><br>SETH HALDANE CASDEN,<br><br>    Debtor and<br>    Debtor-in-Possession. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**Declaration of Joel Tucker, Trust Advisor, in Response to Motion for Appointment of a Trustee, or Alternatively, Conversion to Chapter 7**<br><br>Date:   November 18, 2025<br>Time:   10:00 a.m.<br>Place:  Courtroom 1668<br>         Roybal Federal Building<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

Salvato Boufadel LLP

JOEL TUCKER DECLARATION IN RESPONSE
TO MOTION TO APPOINT TRUSTEE
-1-
*In re Seth Haldane Casden, Debtor.*
Chapter 11 Case No.2:23-bk-16904-BR

# DECLARATION OF JOEL TUCKER

I, Joel Tucker, declare:

1. I am the individual Trust Advisor with respect to the Seth Casden Resulting Trust u/d/t 2016 ("Spendthrift Trust"), duly appointed in September 2024. The Trust Advisor of the Spendthrift Trust directs the Trustee, Northern Trust Company of Delaware, with respect to distributions to the beneficiary, Seth Casden ("Debtor"), and also with respect to trust investment decisions.

2. I am the successor Trust Advisor to Terry Alan Leavitt, who resigned as Trust advisor in late 2024 following his serious illness.

3. This Declaration is filed in response to the *"Notice of Motion and Motion of Multiple Energy Technologies, LLC for Appointment of a Chapter 11 Trustee, or Alternatively, Conversion to Chapter 7, etc."* (the "Motion") filed by Multiple Energy Technologies, LLC ("MET").

## Valid Spendthrift Trust created under Delaware law

4. The Seth Casden Resulting Trust (the "Spendthrift Trust") is a valid discretionary trust created under Delaware law, 12 Del. C. §§ 3536-3546, with spendthrift provisions. The Trust was created in 2009, as a modification to an existing trust agreement (dating from the 1930s), well before the commencement of the MET litigation or the bankruptcy filing. The Northern Trust Company of Delaware is the corporate trustee.

5. As a spendthrift trust, neither the trust beneficiary, Seth Casden, nor any creditor can compel distributions from the Trust. The Trust is irrevocable, with a spendthrift clause and was not created to hinder creditors. And, the Trust Advisor cannot be fired or replaced by the beneficiary.

6. Under Delaware law, a beneficiary of a fully discretionary trust has no property rights in the Trust and has only a "mere expectancy." The Debtor's interest in the Spendthrift Trust is subject to the full discretion of the Trustee and Trust Advisor. The Trust gives the Trust advisor sole and absolute discretion to make or withhold

Salvato Boufadel LLP

JOEL TUCKER DECLARATION IN RESPONSE
TO MOTION TO APPOINT TRUSTEE    -2-    *In re Seth Haldane Casden, Debtor.*
Chapter 11 Case No.2:23-bk-16904-BR

distributions. There is no mandatory distribution clause. The Spendthrift Trust cannot distribute any funds to anyone other than the Debtor, including and especially paying the Debtor's creditors.

7. Similarly, a trustee appointed under chapter 11 or chapter 7 of the Bankruptcy Code could not compel any payment or distribution from the Spendthrift Trust.

8. The Delaware Court of Chancery has exclusive jurisdiction over most trust administration matters, including modification, dissolution or termination of the trust.

9. Seth Casden is a beneficiary of the Trust with no power to direct or compel distributions from the Spendthrift Trust. Mr. Casden cannot require a distribution and it is discretionary with the Trust as to whether the request should be granted. The fact that there have been distributions made to Mr. Casden does not negate the absolute discretion legally vested in the Trust Advisor to approve or disapprove disbursements by the Spendthrift Trust to the Debtor.

## Capital Contribution to Hologenix as Investment

10. The contribution made to Hologenix was not made to Seth Casden but was made as direct investment in a business entity.

11. The Trust has made numerous investments in real estate, stocks and private equity investments to preserve and enhance the Trust property.

12. It is my understanding that the investment in Hologenix was fully disclosed in the Monthly Operating Reports filed with the Bankruptcy Court. The investment was not a distribution to the Debtor, but was an investment made by the Spendthrift Trust within its power to make investment decisions to preserve and grow the Trust estate.

## Payments to Counsel

13. In the past, the Spendthrift Trust has made payments to various attorneys for the Debtor, all as expressly authorized and ordered by the Bankruptcy Court.

14. All of these payments have been made within the discretionary authority of the Spendthrift Trust.

Salvato Boufadel LLP

JOEL TUCKER DECLARATION IN RESPONSE
TO MOTION TO APPOINT TRUSTEE
-3-
*In re Seth Haldane Casden, Debtor.*
Chapter 11 Case No.2:23-bk-16904-BR

**Distributions to Debtor**

15. The Spendthrift Trust has made distributions to the Debtor from time to time, all within the discretionary authority of the spendthrift provisions of the trust.

16. These distribution have been made to cover expenses for the cost of living, for support for Seth Casden and his family, for his son's education and medical and wellness care and other expenses that could not be covered from the salary paid to Seth Casden, all within the purposes and authority of the Spendthrift Trust.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 4, 2025, at Los Angeles, California.

_____
JOEL TUCKER