ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
  *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Nicole A. Sullivan (pro hac vice)
  *sullivann@whiteandwilliams.com*
Thomas E. Butler (pro hac vice)
  *butlert@whiteandwilliams.com*
WHITE AND WILLIAMS LLP
7 Times Square - Suite 2900
New York, New York 10036
Telephone: (212) 631-4420

*Attorneys for Creditor Multiple Energy Technologies, LLC*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SETH HALDANE CASDEN,<br><br>    Debtor. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>Hon. Barry Russell<br><br>**RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVAN FILED IN SUPPORT OF MOTION OF MULTIPLE ENERGY TECHNOLOGIES, LLC FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR ALTERNATIVELY, CONVERSION TO CHAPTER 7**<br><br>**Hearing Date & Time:**<br>Date:   November 18, 2025<br>Time:   10:00 a.m.<br>Place:   Courtroom 1668<br>           255 E. Temple St.<br>           Los Angeles, CA 90012 |

5757072.1

RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVANT
IN SUPPORT OF MOTION OF MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

Multiple Energy Technologies, LLC ("**MET**") hereby responds to the evidentiary objections of Seth Haldane Casden, the Debtor and Debtor-in-Possession in the above-captioned case ("**Debtor**"), to the declaration of Nicole A. Sullivan in support of MET's motion (the "Motion") for an order appointing a Chapter 11 trustee pursuant to 11 U.S.C. § 1104(a) or, alternatively, converting the above-captioned case to Chapter 7 pursuant to 11 U.S.C. § 1112(b)(1) ("**Sullivan Decl**.") [Docket No. 366].

The Debtor's objections to the evidence submitted by MET in support of the Motion are meritless and appear calculated to create additional work for MET rather than to actually exclude evidence. The Debtor objects to the authenticity and admissibility of his own testimony, made under oath, and documents he prepared, signed and filed with this Count – including his monthly operating reports, business records produced and authenticated by a third-party, and an order and judgment entered by the District Court. The authenticity of these documents is not in dispute and the objections should be overruled.

Moreover, the Debtor's objections are nearly identical to his objections (the "**Previously Overruled Objections**") to the Declaration of Nicole A. Sullivan filed in support of the *Motion of Multiple Energy Technologies, LLC to Dismiss Debtor's Chapter 11 Case or, In the Alternative, for Appointment of Chapter 11 Trustee or Conversion to Chapter 7* [Docket No. 224], and the result should be the same—the vague and meritless objections should be overruled.

Once again the Debtor has objected each and every exhibit attached to the Sullivan Declaration. The Debtor does not object to any specific information contained in any of the exhibits. Nor does the Debtor offer any evidence to dispute the facts contained in the exhibits. Rather than directly dispute the facts contained in the exhibits or present any evidence of substance, the Debtor makes, among other baseless objections, a hearsay objection to each and every exhibit without providing any specifics as to why each exhibit (and the information contained therein) is objectionable. The Debtor simply cites Fed. R. Evid. 802 without any application. Vague and generalized objections such as these can and should be rejected from the outset. *Siam v. Potter*, 2005 U.S. Dist. LEXIS 11893, at *17, n.6 (N.D. Cal. May 17, 2005) ("District courts cannot be expected to sift through the large body of evidence submitted to the court in order to apply a party's vague and

generalized objections"); *Owens v. Superfos A/S*, 170 F. Supp. 2d 1188, 1190 n. 1 (M.D. Ala. 2001) ("Defendant objected to virtually every paragraph relied upon in Plaintiff's briefs... [T]he form of Defendant's objections is offensive.").

In lieu of offering any evidence to controvert any of the facts in the exhibits submitted by MET and failing to contradict any of the facts contained therein, the Debtor has initiated a wholesale attack on every exhibit, which rings hollow. This Court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible and is not bound by evidence rules, except those on privilege, in making that determination. *See* Fed. R. Evid. 104(a); *see also* Fed. R. Evid. 1101(d)(1).

This Court should not exclude evidence that can be admitted at trial through another form, such as live witnesses. *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.") (citations omitted); *Id.* ("the contents of a document can be presented in a form that would be admissible at trial — for example, through live testimony by the author of the document — the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment"); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that plaintiff's diary could be considered on summary judgment because she could testify consistent with its contents at trial); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (IRS litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections; facts underlying affidavit were of type admissible as evidence even though affidavit itself may not be); FRE 104(a), 1101(d)).

Nevertheless, MET hereby responds to the Debtor's meritless objections as follows:

| | **Statement / Exhibit** | **Objections:** | **Reply** | **Ruling:** |
|---|---|---|---|---|
| 1. | Sullivan Declaration, ¶ 6, Exhibit B: Non-confidential portions of the transcript from Debtor's 2004 Examination. | Rule 2004 Transcript is not admissible. *In re Oliver*, 414 B.R. 361 (Bankr. E.D. Tenn. 2009) ("oral testimony is taken by deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure and its admissibility is governed | 2004 Examinations are admissible if they are not inadmissible hearsay. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 964–65 (6th Cir.1993); *In re Avon Townhomes Venture*, 433 B.R. 269, | Sustained _____ Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|
| | by Rule 32. Because a Rule 2004 examination is not a deposition, Mr. Householder's testimony will not be admitted into evidence for purposes of the Motion for Summary Judgment"); *& In re Smith*, 77 B.R. 496, 499 (Bankr. E.D. Pa. 1987) ("we cannot append F.R.Civ.P. 32(a)(2) to B.Rule 2004 and allow materials from a 2004 Examination to constitute the record") | 280 n. 13 (Bankr. N.D. Cal. 2010); *In re Blixseth*, 489 B.R. 154, 182 (Bankr. D. Mont. 2013).

Party admissions are not hearsay. FRE 801(d)(2)) The Court has previously overruled an objection to a transcript of the Debtor's testimony. (Hearing Transcript from July 30, 2024, Dkt No. 33, p. 5 of 57:13-15) ("And then the transcript, yes, that of course would be anything that Mr. Casden said. That would be an admission anyway so that objection is overruled.").

The cases, previously cited by the Debtor in the Previously Overruled Objections, are inapposite. In *In re Oliver*, the court followed Sixth Circuit precedent and found that a 2004 Examination could not be used as evidence on a motion for summary judgment because the witness could have been deposed under Fed. R. Civ. P. 30 and the party offering the evidence chose not to do so. 414 B.R. at 371.

In *In re Smith*, the court refused to admit into the record the transcript of the 2004 Examination because there was a trial and the witness could be | |

| Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|
| | | (and was) called to testify live at the trial. 77 B.R. at 499.<br><br>Neither case involved circumstances similar to here and when we look at Ninth Circuit cases, it favors admitting the examination into evidence. On a dispositive motion, this Court should not exclude evidence that can be admitted at trial through another form, such as live witnesses.<br><br>*Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." (citations omitted); *Id.* ("the contents of a document can be presented in a form that would be admissible at trial — for example, through live testimony by the author of the document — the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment"). *See also Fraser v. Goodale,* 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that plaintiff's diary could be considered | |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5757072.1

5

RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVANT IN SUPPORT OF MOTION OF MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

| | **Statement / Exhibit** | **Objections:** | **Reply** | **Ruling:** |
|---|---|---|---|---|
| | | | on summary judgment because she could testify consistent with its contents at trial); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (IRS litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections; facts underlying affidavit were of type admissible as evidence even though affidavit itself may not be); FRE 104(a), 1101(d). | |
| 2. | Sullivan Declaration, ¶ 7, Exhibit C: December 16, 2024 letter of direction to distribute $450,000 to Danning, Gill, Isreal & Krasnoff, LLP. | Lack of foundation. (FRE 602) Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) Relevance. (FRE 401 & 402) | Subject to the business records exception (FRE 803(6)) and not hearsay because not asserted for the truth of the matter therein, rather for the fact they were sent. (FRE 801).<br><br>Records a business receives from others are admissible under FRE 803(6) when those records are kept in the regular course of that business. *MRT Constr. Inc. v. Hardrives, Inc*., 158 F.3d 478, 483 (9th Cir. 1998).<br><br>FRE 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010). | Sustained _____<br>Overruled: _____ |

| | Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|---|
| 3. | Sullivan Declaration, ¶ 8, Exhibit D: Correspondence concerning the February 25, 2025 initial capital call to Interplay Venture Fund III, LP in the amount of $23,976.69. | Best Evidence Rule / not the document claimed to be authenticated. (FRE 2002) Lack of foundation. (FRE 602) Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) Relevance. (FRE 401 & 402) | Subject to the business records exception (FRE 803(6)) and not hearsay because not asserted for the truth of the matter therein, rather for the fact they were sent. (FRE 801).<br><br>Records a business receives from others are admissible under FRE 803(6) when those records are kept in the regular course of that business. *MRT Constr. Inc. v. Hardrives, Inc*., 158 F.3d 478, 483 (9th Cir. 1998).<br><br>FRE 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010). | Sustained _____<br><br>Overruled: _____ |
| 4. | Sullivan Declaration, ¶ 10, Exhibit F: Hologenix, LLC's Monthly Operating Report for the month ending June 29, 2025 (Hologenix Doc. 1078 in Case No. 2:20-bk-13849-BR) | Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) | This monthly operating report was signed and filed by the Debtor under penalty of perjury. It is a party admission. FRE 801(d)(2).<br><br>The monthly operating report can be authenticated by Sullivan, an attorney who retrieved the public record from the official court docket. FRE 803(8). These publicly filed documents are subject to judicial notice | Sustained _____<br><br>Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|---|
| | | | and are not reasonably subject to dispute.  FRE 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010). | |
| 5. | Sullivan Declaration, ¶ 11, Exhibit G: Hologenix, LLC's Monthly Operating Report for the month ending April 30, 2025 (Hologenix Doc. 1068 in Case No. 2:20-bk-13849-BR) | Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) | This monthly operating report was filed by the Debtor under penalty of perjury. It is a party admission. FRE 801(d)(2).  The monthly operating report can be authenticated by Sullivan, an attorney who retrieved the public record from the official court docket. FRE 803(8). These publicly filed documents are subject to judicial notice and are not reasonably subject to dispute.  FRE 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010). | Sustained _____  Overruled: _____ |
| 6. | Sullivan Declaration, ¶ 12, Exhibit H: Hologenix, LLC's Monthly Operating Report for the month ending July 31, 2025 | Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801 | This monthly operating report was filed by the Debtor under penalty of perjury. It is a party admission. FRE 801(d)(2).  The monthly operating | Sustained _____  Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | **Statement / Exhibit** | **Objections:** | **Reply** | **Ruling:** |
|---|---|---|---|---|
| | (Hologenix Doc. 1080 in Case No. 2:20-bk-13849-BR | | report can be authenticated by Sullivan, an attorney who retrieved the public record from the official court docket. FRE 803(8). These publicly filed documents are subject to judicial notice and are not reasonably subject to dispute. FRE 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all." *United States v. Kaiser*, 609 F.3d 556, 574 (2d Cir. 2010). | |
| 7. | Sullivan Declaration, ¶ 13, Exhibit I: Transcript of the 2004 Examination of Alan Terry Leavitt | Rule 2004 Transcript is not admissible. *In re Oliver*, 414 B.R. 361 (Bankr. E.D. Tenn. 2009); *In re Smith*, 77 B.R. 496, 499 (Bankr. E.D. Pa. 1987) ("we cannot append F.R.Civ.P. 32(a)(2) to B.Rule 2004 and allow materials from a 2004 Examination to constitute the record"). | The 2004 Examination of the Debtor was taken under oath. The 2004 Examination has the same effect as a declaration that is sworn to under the penalties of perjury. There is no basis to exclude the 2004 Examination from evidence here. The only other means to obtain this evidence is for this Court to hold an evidentiary hearing and permit MET to call Debtor as a witness. *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." (citations | Sustained _____ Overruled: _____ |

| Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|
| | | omitted); *Id.* ("the contents of a document can be presented in a form that would be admissible at trial — for example, through live testimony by the author of the document — the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment"). *See also Fraser v. Goodale,* 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that plaintiff's diary could be considered on summary judgment because she could testify consistent with its contents at trial); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (IRS litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections; facts underlying affidavit were of type admissible as evidence even though affidavit itself may not be); FRE 104(a), 1101(d). | |
| 8. | Sullivan Declaration, ¶ 14, Exhibit J: Letters of Direction signed | Relevance. The letters relate to purported transactions years prior to 2025, which is the date of the purported | Authenticated and foundation laid during the 2004 Examination of Alan Terry Leavitt (Exhibit I to | Sustained _____ Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | **Statement / Exhibit** | **Objections:** | **Reply** | **Ruling:** |
|---|---|---|---|---|
| | by Alan Terry Leavitt for distributions to or on behalf of Seth Casden | transactions at issue in MET's motion. (FRE 401 & 402) Lack of foundation. (FRE 602) Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) | the Sullivan Decl.). FRE 901.  Subject to the business records exception (FRE 803(6) and no hearsay because not asserted for the truth of the matter therein (FRE 801). | |
| 9. | Sullivan Declaration, ¶ 15, Exhibit K: Letters of Direction signed by Alan Terry Leavitt sent by Seth Casden to Northern Trust via email | Relevance. The letters relate to purported transactions years prior to 2025, which is the date of the purported transactions at issue in MET's motion. (FRE 401 & 402) Lack of foundation. (FRE 602) Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) | Authenticated and foundation laid during the 2004 Examination of Alan Terry Leavitt (Exhibit I to the Sullivan Decl.). FRE 901.  Subject to the business records exception (FRE 803(6) and no hearsay because not asserted for the truth of the matter therein (FRE 801). | Sustained _____  Overruled: _____ |
| 10 | Sullivan Declaration, ¶ 16, Exhibit L: January 26, 2024 email from Alan Levitt to Natalie Schiavone | Lack of foundation. (FRE 602) Lack of personal knowledge. (FRE 602) Inadmissible hearsay. (FRE 801) Relevance. (FRE 401 & 402 | Authenticated and foundation laid during the 2004 Examination of Alan Terry Leavitt (Exhibit I to the Sullivan Decl.). FRE 901.  Subject to the business records exception (FRE 803(6) and no hearsay because not asserted for the truth of the matter therein (FRE 801). | Sustained _____  Overruled: _____ |
| 11 | Sullivan Declaration, ¶ 17, Exhibit M: Post-Trial Order referenced in the | Inadmissible hearsay. (FRE 801) Relevance. (FRE 401 & 402) | The Trial Order falls under the hearsay exceptions because it is a public record. Fed. R. Evid. 803(8). In addition, | Sustained _____  Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5757072.1
11
RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVANT IN SUPPORT OF MOTION OF MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

| Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|
| Motion | | even if hearsay, it should not be excluded under FRE 807(3) and (4) because the evidence is more probative on the point for which it is offered than any other evidence and admitting the evidence will best serve the interests of justice.<br><br>The Court has previously overruled the Debtor's evidentiary objection to the Trial order. (Hearing Transcript from July 30, 2024, Dkt No. 33, p. 5 of 57:2-9 ) ("An order is an order. That's like a contract. That is what it is. So, on all these various orders like Number D, I'll overrule the objection….Number F is a post-trial order. Again, the orders are not really hearsay in that sense.") | |
| 12  Sullivan Declaration, ¶ 18, Exhibit N: Final Judgment referenced in the Motion | Inadmissible hearsay. (FRE 801) Relevance. (FRE 401 & 402) | The Final Judgment falls under the hearsay exceptions because it is a public record. Fed. R. Evid. 803(8). In addition, even if hearsay, it should not be excluded under FRE 807(3) and (4) because the evidence is more probative on the point for which it is offered than any other evidence and admitting the evidence will best serve the interests of justice. | Sustained _____<br><br>Overruled: _____ |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

5757072.1

12

RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVANT IN SUPPORT OF MOTION OF MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

| Statement / Exhibit | Objections: | Reply | Ruling: |
|---|---|---|---|
| | | The Court has previously overruled the Debtor's evidentiary objection to the Final Judgement. (Hearing Transcript from July 30, 2024, Dkt No. 33, p. 5 of 57:10-11) ("Final judgment which is G. Again, I'm overruling all of these with some brief explanation.") | |

DATED: November 11, 2025     WHITE AND WILLIAMS LLP

By:     */s/ Nicole A. Sullivan*
NICOLE A. SULLIVAN (pro hac vice)
THOMAS E. BUTLER (pro hac vice)
Attorneys for Creditor Multiple Energy Technologies, LLC

DATED: November 11, 2025     ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By:     */s/ Roye Zur*
ROYE ZUR
LAUREN GANS
Attorneys for Creditor Multiple Energy Technologies, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **RESPONSES TO DEBTOR'S EVIDENTIARY OBJECTIONS TO DECLARATION OF NICOLE A. SULLIVAN FILED IN SUPPORT OF MOTION OF MULTIPLE ENERGY TECHNOLOGIES, LLC FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE, OR ALTERNATIVELY, CONVERSION TO CHAPTER 7** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 11, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shraddha Bharatia**   notices@becket-lee.com
- **Joseph Boufadel**   jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Thomas E Butler**   butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Aaron E. De Leest**   adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **John-Patrick M Fritz**   jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Matthew Grimshaw**   mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Jeff D Kahane**   jkahane@skarzynski.com, dahn@ecf.courtdrive.com
- **Sweeney Kelly**   kelly@ksgklaw.com
- **Wendy A Locke**   ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Betty Luu**   bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com
- **Ron Maroko**   ron.maroko@usdoj.gov
- **Allison C. Murray**   acmurray@swlaw.com, kcollins@swlaw.com
- **William M Noall**   wnoall@gtg.legal, bknotices@gtg.legal
- **Kurt Ramlo**   RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- **Arjun P Rao**   arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com
- **Michael B Reynolds**   mreynolds@swlaw.com, kcollins@swlaw.com
- **Gregory M Salvato**   gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Nicole Sullivan**   sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- **John N Tedford**   JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **David Wood**   dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Roye Zur**   rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 11, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 11, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 11, 2025 | Lauren Gans | /s/ Lauren Gans |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**