SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Allison C. Murray, Bar No. 329336
acmurray@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone:   714.427.7000
Facsimile:    714.427.7799

Attorneys for Respondent
*The Northern Trust Company of Delaware, as*
*Trustee of the Seth Casden Resulting Trust*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| In re<br><br>SETH HALDANE CASDEN,<br><br>    Debtor. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**STATUS REPORT REGARDING CONTINUED HEARING ON MOTION FOR PROTECTIVE ORDER WITH REGARD TO 2004 EXAMINATION OF AND DOCUMENT PRODUCTION OF THE NORTHERN TRUST OF DELAWARE**<br><br>Hearing Information:<br>Date:    December 2, 2025<br>Time:    10:00 a.m.<br>Ctrm:    1668 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

The Northern Trust Company of Delaware, as the Trustee for the Seth Casden Resulting Trust ("Respondent"), by and through undersigned counsel, hereby files this Status Report ("Status Report") regarding Respondent's pending Motion for Protective Order with Regard to

2004 Examination of and Document Production of The Northern Trust of Delaware as Trustee of the Seth Casden Resulting Trust ("Motion").

The Court entered an order authorizing the examination of and document production of Respondent ("Order") [Dk. 275] as requested by creditor Multiple Energy Technologies, LLC ("MET") pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004 on October 24, 2024 ("2004 Request"). On November 22, 2024, Respondent filed its Motion [Dk. 288], seeking a hearing on shortened notice [Dk. 289]. Respondent's request was granted, and the hearing was set for December 3, 2024 [Dk. 291]. Thereafter, Respondent and MET stipulated to the continuance of the hearing and a briefing schedule [Dkt. 294]. By its order entered November 27, 2024 ("Order"), the Court approved the stipulation, continued the hearing on Respondent's Motion to February 4, 2025 ("February Hearing"). MET did not file an opposition to the Motion.

Since the February Hearing, which has now been continued on several occasions, Respondent and MET (together, "Parties") have worked cooperatively to manage the requested scope of production. Respondent produced its first set of requested documents on January 7, 2025. Respondent produced the remaining subset of documents on February 12, 2025. Thereafter, on March 28, 2025, MET requested that Respondent produce statements and direction letters related to distributions occurring since October 2024, and through February 2025. While such production was not included in the original scope of MET's 2004 Request, Respondent, in the spirit of cooperation, compiled and produced the supplemental production on April 10, 2025.

On April 14, 2025, MET requested that Respondent produce additional documents. After several weeks of negotiations, Respondent agreed to produce certain documents specific to particularized transactions and direction letters spanning the October 2021 to October 2023 timeframe. Respondent, in the spirit of cooperation and with the understanding that this would be the final request from MET regarding document production, compiled and produced the requested documents on June 25, 2025.

Thereafter, MET sought to take the deposition of Respondent's representative, noticing a deposition for August 14, 2025. Respondent objected to the notice of deposition, as Respondent's representative was unavailable to sit for a deposition in the months of August or September due to

her status as the primary contact/liaison of Respondent for an examination of Respondent's operations anticipated to be conducted by the Federal Reserve Board ("Fed Exam") during those months.

The Parties met and conferred as to this issue, and in connection therewith, on August 14, 2025, MET requested that Respondent produce statements and direction letters related to distributions occurring since March 1, 2025, to August 1, 2025. Respondent explained that it is cumbersome on its operations to accommodate MET's continuous requests for letters of direction and statements, but agreed to so provide the supplemental production if MET would agree that: (1) this would be the final document production request from MET; and (2) that the additional production would eliminate the need for a "live" deposition, and that any deposition (if necessary) would be conducted in a "written" format pursuant to FRCP 31.

On August 20, 2025, MET's counsel responded, indicating that she would get back to Respondent's counsel after conferring with her client. Since August 20, 2025, Respondent has gone "radio-silent," failing to respond to Respondent's multiple follow-up requests, including on August 26, 2025, October 2, 2025, October 8, 2025, October 14, 2025, and October 30, 2025.

Respondent considers MET's failure to respond to Respondent for the last several months as an indication that MET no longer desires the supplemental statement and direction letters or deposition previously requested. Accordingly, Respondent requests a continuance of this hearing in order that Respondent may prepare and file a declaration detailing the costs of compliance with the Order, and MET's many supplemental requests since the entry thereof, in order for the Court to order financial contribution from MET to offset Respondent's costs of compliance, as requested in the Motion.

Respondent recommends continuing the December 2, 2025, hearing to February 17, 2026, at 10:00 a.m., or as soon thereafter as may be convenient for the Court, with a declaration from Respondent containing compliance cost information due not later than two weeks prior to the continued hearing date.

Dated: November 18, 2025

SNELL & WILMER L.L.P.

By: /s/ Allison C. Murray
    Michael B. Reynolds
    Allison C. Murray

Attorneys for Respondent
*The Northern Trust Company of Delaware, as Trustee of the Seth Casden Resulting Trust*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 600 Anton Boulevard, Suite 1400, Costa Mesa, CA  92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT REGARDING CONTINUED HEARING ON MOTION FOR PROTECTIVE ORDER WITH REGARD TO 2004 EXAMINATION OF AND DOCUMENT PRODUCTION OF THE NORTHERN TRUST OF DELAWARE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shraddha Bharatia**     notices@becket-lee.com
- **Joseph Boufadel**     jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Thomas E Butler**     butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Aaron E. De Leest**     adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **John-Patrick M Fritz**     jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Lauren N Gans**     lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Matthew Grimshaw**     mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Sweeney Kelly**     kelly@ksgklaw.com
- **Wendy A Locke**     ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Betty Luu**     bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com
- **Ron Maroko**     ron.maroko@usdoj.gov
- **Allison C. Murray**     acmurray@swlaw.com, kcollins@swlaw.com
- **William M Noall**     wnoall@gtg.legal, bknotices@gtg.legal
- **Kurt Ramlo**     RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- **Arjun P Rao**     arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com
- **Michael B Reynolds**     mreynolds@swlaw.com, kcollins@swlaw.com
- **Gregory M Salvato**     gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Nicole Sullivan**     sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com;arthura@whiteandwilliams.com
- **John N Tedford**     JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **David Wood**     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Roye Zur**     rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor:**

Seth Haldane Casden
1112 Montana Ave Suite 13
Santa Monica, CA 90403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 18, 2025, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express:**

**Judge:**

The Honorable Barry Russell
United States Bankruptcy Court, Central District
255 E. Temple Street, Suite 1660/Crtrm 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 18, 2025 | Kimberly A. Collins | /s/ Kimberly A. Collins |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**