SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Allison C. Murray, Bar No. 329336
acmurray@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California  92626-7689
Telephone:    714.427.7000
Facsimile:    714.427.7799

Attorneys for Respondent
*The Northern Trust Company of Delaware, as*
*Trustee of the Seth Casden Resulting Trust*

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| In re | Case No. 2:23-bk-16904-BR |
| SETH HALDANE CASDEN, | Chapter 11 |
| Debtor. | **SUPPLEMENTAL BRIEF IN SUPPORT OF THE NORTHERN TRUST OF DELAWARE'S MOTION FOR PROTECTIVE ORDER WITH REGARD TO 2004 EXAMINATION OF AND DOCUMENT PRODUCTION OF THE NORTHERN TRUST COMPANY OF DELAWARE [DK. 288]** |
| | Hearing Information: |
| | Date:    August 25, 2026 |
| | Time:    10:00 a.m. |
| | Ctrm:    1668 |

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED

PARTIES:

The Northern Trust Company of Delaware, as the Trustee for the Seth Casden Resulting

Trust ("Respondent"), by and through undersigned counsel, hereby submits this Supplemental

Brief in Support of its Motion for Protective Order with Regard to 2004 Examination of and

Document Production of The Northern Trust Company of Delaware as Trustee of the Seth

4937-6308-3969

Casden Resulting Trust (the "Motion for Relief").

On October 24, 2024, the Court entered an order authorizing the 2004 examination of and document production of Respondent ("Order") [Dk. 275] as requested by creditor Multiple Energy Technologies, LLC ("MET") pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004. The Motion for Relief seeks relief from that Order, and this Supplemental Brief addresses the question raised by the Court during the February 17, 2026, hearing on the Motion for Relief: whether Respondent is entitled to recover its attorneys' fees for complying with this Court's Order and producing the documents sought by MET, which Respondent answers in the affirmative. The Motion for Relief is supported by the Memorandum of Points and Authorities and declarations of Allison C. Murray, Michael B. Reynolds, Gregory J. Wood, and Derek J. Boor filed on November 22, 2024 [Dk. 288], Notice of Non-Opposition and Status Report filed on January 28, 2025 [Dk. 306], Status Reports filed on April 14, 2025, June 27, 2025, September 2, 2025, November 18, 2025 and February 3, 2026 [Dk. 331, 337, 356, 398, 432], the Memorandum of Points and Authorities attached here to, supplemental declarations of Michael B. Reynolds and Allison C. Murray filed concurrently herewith, the arguments of counsel at the hearing, and the entire record in this controversy.

Dated: August 4, 2026

SNELL & WILMER L.L.P.

By: /s/Michael B Reynolds
    Michael B. Reynolds
    Allison C. Murray

Attorneys for Respondent
*The Northern Trust Company of Delaware, as Trustee of the Seth Casden Resulting Trust*

SNELL & WILMER

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................... 5

II.  RELEVANT FACTUAL BACKGROUND ............................................................... 5

III. LEGAL ARGUMENT .............................................................................................. 8

    A.   The Court is Authorized to Award Respondent its Reasonable Attorneys'
        Fees under FRCP Rule 45(d)(1) .................................................................. 8

    B.   The Court is Authorized to Award Respondent its Reasonable Attorneys'
        Fees under FRCP Rule 45(d)(2)(B) ........................................................... 11

IV.  CONCLUSION ........................................................................................................ 13

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Am. Kidney Fund, Inc.*,
   2019 WL 1894248 (D. Md. Apr. 20, 2019) ............................................................. 10, 11, 12

*In re American Nurses Ass'n*,
   643 Fed.Appx. 310 (4th Cir. 2016) ...................................................................... 11

*In re Modern Plastics Corp.*,
   890 F.3d 244 (6th Cir. 2018) ........................................................................*passim*

*In re Morreale Hotels LLC*,
   517 B.R. 184 (B.C. C.D. Cal. 2014) ................................................................. 9, 10

*Legal Voice v. Stormans Inc.*,
   738 F.3d 1178 (9th Cir. 2013) ................................................................... 8, 11, 12

**Rules**

Fed. R. Civ. P. 31 ............................................................................................... 7

Fed. R. Civ. P. 45(d) ...................................................................................... 8, 10

Fed. R. Civ. P. 45(d)(1) ................................................................................. 8, 9, 10

Fed. R. Civ. P. 45(d)(2)(B) .............................................................................. 11, 12

Fed. R. Civ. P. 2004 ...................................................................................... 5, 6, 8

SNELL
& WILMER

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Respondent fully and faithfully complied with the document requests propounded by creditor Multiple Energy Technologies, LLC ("MET") as required by this Court's October 24, 2024, Order authorizing the Rule 2004 examination of Respondent (the "Order"). As a result of its compliance with the Order, Respondent incurred significant expenses. Respondent hereby requests that this Court order MET to pay the reasonable attorneys' fees Respondent incurred in complying with MET's unduly broad and burdensome discovery requests in the amount of $72,073.50.

## II.   RELEVANT FACTUAL BACKGROUND

On October 22, 2024, MET filed its motion for examination of Respondent pursuant to FRBP Rule 2004 ("Requests") [Dk. 273.] Pursuant to the Requests, MET sought an order compelling Respondent to produce files responsive to nine broadly defined requests by December 6, 2024, and to appear for an examination on December 17, 2024, at 10:00 a.m. The Order authorizing the examination and production of documents was entered on October 24, 2024 [Dk. 275.] Respondent did not have an opportunity to object to the Requests prior to the Order being entered because the Order was entered a mere two days after MET filed its Rule 2004 Motion.

On November 7, 2024, Respondent's counsel spoke with MET's counsel regarding Respondent's inability to appear for an examination on December 17, 2024, and followed up with MET's counsel by email on November 12, 2024, and November 14, 2024, regarding the same.[1] On November 19, 2024, Respondent's counsel informed MET's counsel of its inability to comply with the production deadline.[2]

On November 22, 2024, after MET's counsel failed to respond to Respondent's further meet and confer efforts, Respondent filed its Motion for Relief seeking an order (1) extending its deadline to comply with MET's document requests and (2) equitably shifting the cost of

---

[1] Declaration of Allison C. Murray ("Murray Decl."), filed on November 22, 2024 [Dk. 288-3], ¶ 2.
[2] *Id.*, ¶ 3.

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

compliance with the Order onto MET to offset the cost of producing documents responsive to MET's broad requests ("Respondent's Motion"). [Dk. 288, 288-3, Ex. 1.] Thereafter, Respondent and MET stipulated to the continuance of the hearing and a briefing schedule [Dk. 294.] By its order entered November 27, 2024, the Court approved the stipulation, continued the hearing on Respondent's Motion to February 4, 2025 ("February Hearing"), and adopted the stipulated schedule. [Dk. 295.]

The original search parameters set for the Requests returned 10GB of data, with an approximate universe of 10,659 documents.[3] Respondent's counsel met and conferred at length with MET's counsel regarding the document requests served by MET and the parties' agreement to refine Respondent's search parameters.[4] Respondent produced its first set of requested documents on January 7, 2025.[5] Respondent produced the remaining subset of documents on February 12, 2025.[6] MET did not file an opposition to the Motion for Relief before the February Hearing, or at any time thereafter. [*See generally* Dk.]

Thereafter, on March 28, 2025, MET requested that Respondent produce statements and direction letters related to distributions occurring since October 2024, and through February 2025.[7] While such production was not included in the original scope of MET's FRCP Rule 2004 Request, Respondent, in the spirit of cooperation, compiled and produced the supplemental production on April 10, 2025.[8]

On April 14, 2025, MET requested that Respondent produce additional documents.[9] After several weeks of negotiations, Respondent agreed to produce certain documents specific to particularized transactions and direction letters spanning the October 2021 to October 2023 timeframe.[10] Respondent, in the spirit of cooperation and with the understanding that this would be the final request from MET regarding document production, compiled and produced the

---

[3] Supplemental Declaration of Allison C. Murray ("Supp. Murray Decl."), filed concurrently herewith, ¶ 2, Ex. 1.
[4] *Id.*, ¶ 2.
[5] *Id.*, ¶ 3.
[6] *Id.*
[7] *Id.*, ¶ 4.
[8] *Id.*
[9] *Id.*, ¶ 5.
[10] *Id.*

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

- 6 -

4937-6308-3969

requested documents on June 25, 2025.[11] In total, Respondent produced over 7,000 pages of documents.[12]

Thereafter, MET sought to take the deposition of Respondent's representative, noticing a deposition for August 14, 2025.[13] Respondent objected to the notice of deposition, as Respondent's representative was unavailable to sit for a deposition in the months of August or September due to her status as the primary contact/liaison of Respondent for an examination of Respondent's operations anticipated to be conducted by the Federal Reserve Board ("Fed Exam") during those months.[14]

On August 14, 2025, MET requested that Respondent produce "all letters of directions and statements since March 1, 2025."[15] Respondent's counsel responded to MET's counsel that, "[a]s we have stated on multiple occasions, it is cumbersome on [Respondent's] operations to continue accommodating MET's 'supplemental' requests for 'updated' letters of direction and statements every few months." Respondent's counsel agreed to provide the supplemental production if MET would agree that: (1) this would be the final document production request from MET; and (2) that the additional production would eliminate the need for a "live" deposition, and that any deposition (if necessary) would be conducted in a "written" format pursuant to FRCP 31.[16]

On August 20, 2025, MET's counsel responded, indicating that she would get back to Respondent's counsel after conferring with her client.[17] Since August 20, 2025, MET has gone "radio-silent," failing to respond to Respondent's multiple follow-up requests, including on August 26, 2025, October 2, 2025, October 8, 2025, October 14, 2025, and October 30, 2025.[18]

On January 30, 2026, Respondent's counsel sent a meet and confer letter to MET's counsel, requesting that MET compensate Respondent in the amount of $72,073.50 for attorneys'

---

[11] *Id.*
[12] *Id.*
[13] *Id.*, ¶ 6.
[14] *Id.*, ¶¶ 6-7.
[15] *Id.*, ¶ 8.
[16] *Id.*, ¶¶ 8-9.
[17] *Id.*, ¶ 9.
[18] *Id.*, ¶ 10.

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

- 7 -

4937-6308-3969

SNELL & WILMER

fees incurred by Respondent in complying with MET's demands.[19] On February 2, 2026, MET's counsel responded that she was checking with local counsel's availability and would get back to Respondent's counsel.[20] But MET's counsel never followed through to schedule a call with Respondent's counsel.[21] Respondent filed a Status Report and declaration of Michael B. Reynolds on February 3, 2026, in which Respondent detailed the attorneys' fees incurred by Respondent. [Dk. 431.] During the February 17, 2026, hearing on Respondent's Motion for Relief, the Court inquired as to the legal basis for Respondent's request for attorneys' fees and ordered MET's counsel to respond to Respondent's January 30, 2026, meet and confer correspondence by February 24, 2026. MET's counsel failed to contact Respondent's counsel by that date, or any date thereafter.[22]

## III.    LEGAL ARGUMENT

This Court is authorized to award Respondent its reasonable attorneys' fees incurred in complying with MET's Requests under FRBP Rule 2004. Federal Rule of Civil Procedure ("FRCP") Rule 45(d) governs demands upon non-parties for the production of persons or documents, which is made applicable in bankruptcy cases by FRBP 9016. FRCP 45(d) contains "'two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii).'" *In re Modern Plastics Corp.*, 890 F.3d 244, 250 (6th Cir. 2018) (internal quotations omitted) (citing *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013)).

### A.    The Court is Authorized to Award Respondent its Reasonable Attorneys' Fees under FRCP Rule 45(d)(1)

FRCP Rule 45(d)(1) provides the following: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and

---

[19] Declaration of Michael B. Reynolds ("Reynolds Decl."), filed on February 3, 2026 [Dk. 431-1.]

[20] *Id.; see also* Supplemental Declaration of Michael B. Reynolds ("Supp. Reynolds Decl."), filed concurrently herewith, ¶ 2.

[21] Supp. Reynolds Decl., ¶ 2.

[22] Supp. Reynolds Decl., ¶ 3.

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

*reasonable attorney's fees*—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1) (emphasis added). The court need not find that the requesting party acted in bad faith to order sanctions under FRCP Rule 45(d)(1). *See In re Modern Plastics Corp.*, 890 F.3d at 251 (citations omitted).

In the third-party context, when a dispute arises over the information requested, "[c]ourts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor." *See id.* In addition to non-party status, the following factors are also considered: "'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Id.* (citations omitted). "When enforcing Rule 45(d)(1), 'courts have discretion over the type and degree of sanction imposed.'" *In re Morreale Hotels LLC*, 517 B.R. 184, 193 (B.C. C.D. Cal. 2014).

As detailed in the underlying Motion for Relief [Dk. 288], the Requests originally sought information spanning back to 2016. For example, the Requests sought "all DOCUMENTS RELATING TO the creation of THE SETH CASDEN RESULTING TRUST (Request No. 1) and "all DOCUMENTS RELATING TO any transfers or distributions from THE SETH CASDEN RESULTING TRUST to a third-party on behalf of DEBTOR or at DEBTOR'S request from October 17, 2016, to present" (Request No. 3). [Dk. 273, Ex. A.] The breadth, in both time and scope, of the requests for production implicated huge volumes of data stored by Respondent within multiple systems and platforms. Critically, the documents requested could be obtained by parties other than Respondent, including by directing requests to the Debtor.

Respondent's counsel promptly met and conferred with MET's counsel regarding a continuance of the 2004 examination and an extension to the deadline to produce documents.[23] After MET's counsel failed to respond, Respondent filed its Motion for Relief and an Application for Order Shortening Time for the hearing on its motion. [Dk. 288-289.] In its Motion for Relief, Respondent sought an order extending the deadline to comply and specifically requested "financial contribution from MET to offset Respondent's costs of compliance with the Requests."

---

[23] Murray Decl., filed on November 22, 2024 [Dk. 288-3.]

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

- 9 -

4937-6308-3969

[Dk. 288.] At the time it filed its Motion for Relief, Respondent anticipated compliance with the Requests could cost Respondent $300,000.00. [*Id.*]

While MET's demands were ultimately narrowed because of negotiations following the filing of Respondent's Motion, MET's demands were also not limited to the documents sought in the narrowed Requests. MET's counsel continued to send informal "supplemental" requests and demanded additional document productions. *See In re Morreale Hotels LLC*, 517 B.R. at 193 (awarding attorneys' fees under FRCP Rule 45(d)(1) where, among other things, the subpoenaing party "did not take all reasonable steps it could to prevent undue burden on the responding parties"). In the spirit of cooperation, Respondent complied with each and every one of these requests.

Through Respondent's efforts in meeting and conferring with MET, the parties were able to limit the documents sought and, as a result, the attorneys' fees incurred in complying with the Requests totaled $72,073.50, which was less than anticipated by a significant margin.[24] *Cf. In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *7 (D. Md. Apr. 20, 2019) (declining to award fees under FRCP Rule 45(d)(1) where "[r]ather than engage in good faith negotiations with [the subpoenaing party] to determine what items would be both relevant and impose no undue burden, [the moving party] elected to file the underlying Motion to Quash after only one conference" with counsel and the moving party's "own failure to fully engage in that negotiating process [was] in large part why the Court [was] forced to decide" the discovery dispute), adopted by the district court (Case No. 8:17-cv-01787-TDC, Dk. 70, Sept. 23, 2019). But the fact that Respondent incurred fewer fees than anticipated does not render the scope of the Requests reasonable, or evidence that its compliance with the Requests was not unduly burdensome. *See In re Modern Plastics Corp.*, 890 F.3d at 253 (explaining that nothing in FRCP Rule 45(d) "requires that the costs of such efforts be established before expenses can be incurred"). As a third-party non-debtor that did not avail itself of bankruptcy protection, Respondent was forced to undertake significant burden in searching for and producing responsive documents. Applying the factors set forth in *In re Modern Plastics Corp,* this Court should order that MET bear the cost of compliance.

---

[24] Reynolds Decl., filed on February 3, 2026 [Dk. 431-1.]

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

- 10 -

4937-6308-3969

**B.      The Court is Authorized to Award Respondent its Reasonable Attorneys'
Fees under FRCP Rule 45(d)(2)(B)**

FRCP Rule 45(d)(2)(B) provides an alternative method by which a third party subject to a subpoena must be awarded its significant expenses resulting from compliance. "[A]ttorney's fees incurred that are 'necessary to a discovery proceeding under Rule 45' are considered an 'expense' and may be shifted pursuant to Rule 45(d)(2)(B)." *In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (quoting *In re American Nurses Ass'n*, 643 Fed.Appx. 310, 314 (4th Cir. 2016)); *see also Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (providing that if "a non-party's costs of compliance with a subpoena" are significant, the district court is required to shift those costs).

Any such party may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection; (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance. *Id.* In other words, "if an objection is made and the court orders the non-party to comply, the court must protect a non-party from significant expenses resulting from compliance." *In re: Modern Plastics Corp.*, 890 F.3d at 252. "Once an order has been issued compelling a non-party to comply with a subpoena, 'the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party.'" *In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *4 (citing *Legal Voice*, 738 F.3d at 1184).

Here, Respondent did not have an opportunity to "object" because the Order was issued on October 24, 2024, providing that "Northern Trust Company of Delaware as the Trustee for Seth Casden Resulting Trust *shall* produce the documents identified in Exhibit 'A' of the Motion by December 6, 2024, or any other mutually agreeable date . . ." [Dk. 275 (emphasis added).] Respondent timely "objected" to the Requests by (1) calling MET's counsel within 14 days of

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

entry of the Order, (2) requesting a continuance of the deadline to produce documents and a rescheduled date of examination and (3) filing its Motion for Relief seeking an order extending the deadline to comply and specifically requesting "financial contribution from MET to offset Respondent's costs of compliance with the Requests." [Dk. 288.]

Moreover, "[i]f expenses are significant, the district court *must* shift the expenses above the level of 'significance' to the party serving the subpoena." *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013). Respondent has established that the expenses it incurred are significant.[25] Respondent has also established that the expenses "resulted from compliance with the" Requests and not merely expenses incurred "in the course of dealing with the subpoena in general." *See id.*[26]

Finally, Respondent's request for attorneys' fees has not been "waived" by its compliance with the Requests because the Court ordered production of the documents [Dk. 275]. *See In re Modern Plastics Corp.*, 890 F.3d at 253 (finding that "Respondents had not forfeited the ability to pursue cost-shifting because the record showed that they specifically objected to the burden and expense of complying with the subpoenas, communicated concerns about the amount of work and expense that would be required to comply, invited efforts to narrow the search terms and/or custodians subject to the requests, and, *ultimately, did not produce the documents until required to do so*") (emphasis added). Respondent produced documents pursuant to this Court's order requiring that it do so. *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *5 (explaining that relief under FRCP Rule 45(d)(2)(B) requires an "order specifically 'compelling production or inspection'").

Finally, Respondent notes that FRCP Rule 45 is relevant and applicable to this case, even though it did not receive a formal subpoena to produce the requested documents. This is because MET filed its Rule 2004 Motion on October 22, 2024, and this Court's Order requiring Respondent to comply with the Requests was entered a mere two days later on October 24, 2024. Respondent did not have an opportunity to object to a subpoena prior to entry of this Court's

---

[25] Reynolds Decl., filed on February 3, 2026 [Dk. 431-1.]

[26] Respondent is not seeking attorneys' fees incurred in pursuit of attorneys' fees. *See In re Am. Kidney Fund, Inc.*, 2019 WL 1894248, at * 8.

- 12 -

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

4937-6308-3969

order and equity provides that Rule 45 applies to this Motion for Relief.

IV.    **CONCLUSION**

For the reasons set forth above, and in Respondent's Motion for Relief and supplemental filings, the Court should grant the motion and award Respondent $72,073.50 in attorneys' fees.

Dated: August 4, 2026                    SNELL & WILMER L.L.P.


                                        By: /s/Michael B Reynolds
                                            Michael B. Reynolds
                                            Allison C. Murray

                                        Attorneys for Respondent
                                        *The Northern Trust Company of Delaware, as*
                                        *Trustee of the Seth Casden Resulting Trust*

SNELL & WILMER

SUPPLEMENTAL BRIEF IN SUPPORT OF
RESPONDENT'S MOTION FOR
PROTECTIVE ORDER

- 13 -

4937-6308-3969