ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
COLE F. NICHOLAS, State Bar No. 354027
  *cnicholas@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Nicole A. Sullivan (pro hac vice)
sullivann@whiteandwilliams.com
Thomas E. Butler (pro hac vice)
butlert@whiteandwilliams.com
WHITE AND WILLIAMS LLP
810 Seventh Avenue, Suite 500
New York, New York 10019
(212) 631-4420

Attorneys for Creditor Multiple Energy
Technologies, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SETH HALDANE CASDEN,<br><br>Debtor. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**CREDITOR MULTIPLE ENERGY TECHNOLOGIES, LLC'S OPPOSITION TO NORTHERN TRUST'S REQUEST FOR ATTORNEYS' FEES SET FORTH IN ITS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [DOCKET NO. 462]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Information:<br>Date:    August 25, 2026<br>Time:    10:00 a.m.<br>Ctrm:    1668 |

8205264

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION..................................................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.....................................2

III.  ARGUMENT ......................................................................................................................3

      A.    The Fee Request Is Not Properly Before the Court .................................................3

      B.    Rule 45 Does Not Authorize a Fee Award Because MET Never Issued a
            Subpoena and No Order Compelled Production .......................................................5

            1.    Rule 45(d)(1) Polices the Subpoena Power, Which Was Never
                  Invoked.........................................................................................................5

            2.    Rule 45(d)(2)(B) Requires an Objection, a Motion to Compel, and
                  an Order Compelling Production; None Exists..............................................6

            3.    Every Authority Northern Trust Cites Involved an Issued Subpoena............9

            4.    Equity Cannot Supply What Rule 45 Withholds .......................................10

      C.    Even if Rule 45 Applied, No Award Would Be Warranted....................................11

IV.   CONCLUSION .................................................................................................................13

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

i

OPPOSITION TO NORTHERN TRUST'S REQUEST FOR ATTORNEYS' FEES SET FORTH IN ITS
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Am. Kidney Fund, Inc.*,
No. TDC-17-1787, 2019 WL 1894248 (D. Md. Apr. 29, 2019)..........................................8, 9

*Angell v. Kelly*,
234 F.R.D. 135 (M.D.N.C. 2006) ..............................................................................7, 9, 11

*Baker Botts L.L.P. v. ASARCO LLC*,
576 U.S. 121 (2015) ....................................................................................................2, 10

*Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*,
319 F.R.D. 277 (N.D. Cal. 2017) .......................................................................................5

*Behrend v. Comcast Corp.*,
248 F.R.D. 84 (D. Mass. 2008) ...........................................................................................9

*Blake v. NCMIC Ins. Co.*,
No. 3:17-cv-00193-JMK, 2023 WL 2072150 (D. Alaska Feb. 17, 2023) ............................11

*In re Branded Operations Holdings, Inc.*,
No. 22-22608 (JLG), 2025 WL 2738655 (Bankr. S.D.N.Y. Sept. 25, 2025) ..........................4

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .............................................................................................................10

*Electro-Mech. Prods., Inc. v. Alan Lupton Assocs. Inc.*,
No. 1:22-cv-00763-PAB-SBP, 2025 WL 51205 (D. Colo. Jan. 8, 2025) ...............................5

*Good Clean Love, Inc. v. Epoch NE Corp.*,
No. 2:24-mc-00738-AMA-JCB, 2025 WL 55242 (D. Utah Jan. 9, 2025).....................5, 7, 8

*Huntair, Inc. v. Climatecraft, Inc.*,
254 F.R.D. 677 (N.D. Okla. 2008)......................................................................................5

*Knupfer v. Lindblade (In re Dyer)*,
322 F.3d 1178 (9th Cir. 2003)...........................................................................................10

*Lasar v. Ford Motor Co.*,
399 F.3d 1101 (9th Cir. 2005).............................................................................................4

*Law v. Siegel*,
571 U.S. 415 (2014) ..........................................................................................................10

*Lee v. Va. State Bd. of Elections*,
No. 3:15-cv-357-HEH-RCY, 2016 WL 6915308 (E.D. Va. Sept. 2, 2016) ...........................7

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

*Legal Voice v. Stormans Inc.*,
    738 F.3d 1178 (9th Cir. 2013) ................................................................................ 5, 9

*In re McClain Feed Yard, Inc.*,
    661 B.R. 136 (Bankr. N.D. Tex. 2024) .......................................................................... 6

*In re Modern Plastics Corp.*,
    890 F.3d 244 (6th Cir. 2018) ......................................................................................... 9

*In re Morreale Hotels LLC*,
    517 B.R. 184 (Bankr. C.D. Cal. 2014) .......................................................................... 9

*Mount Hope Church v. Bash Back!*,
    705 F.3d 418 (9th Cir. 2012) .................................................................................... 5, 11

*In re Rainbow Magazine, Inc.*,
    77 F.3d 278 (9th Cir. 1996). Civil ............................................................................... 10

*United States ex rel. Simpson v. Bayer A.G.*,
    No. CV 05-3895, 2021 WL 363705 (D.N.J. Feb. 2, 2021) ............................................ 8

*United States v. MacKenzie (In re Leite)*,
    112 F.4th 1246 (9th Cir. 2024) .................................................................................... 10

*United States v. McGraw-Hill Cos.*,
    302 F.R.D. 532 (C.D. Cal. 2014) ................................................................................... 7

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 2007) ................................................................................... 4, 10

**Other Authorities**

Fed. R. Bankr. P. 9013 ...................................................................................... 1, 3, 4

Fed. R. Bankr. P. 9014 ........................................................................................... 1, 3

Fed. R. Bankr. P. Rule 9016.......................................................................................... 6

Fed. R. Bankr. P. Rule 2004.................................................................................. *passim*

Fed. R. Civ. P. 45 ............................................................................................... *passim*

8205264

iii

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; NORTHERN TRUST AND ITS COUNSEL; THE UNITED STATES TRUSTEE; AND ALL PARTIES IN INTEREST:**

Creditor Multiple Energy Technologies, LLC ("MET") hereby opposes the request for attorneys' fees set forth in the Supplemental Brief in Support of the Northern Trust of Delaware's Motion for Protective Order with Regard to 2004 Examination of and Document Production of the Northern Trust Company of Delaware [Docket No. 462] (the "Supplemental Brief") filed by The Northern Trust Company of Delaware, as Trustee of the Seth Casden Resulting Trust ("Northern Trust").

## I.  INTRODUCTION

Northern Trust asks the Court to order MET to pay $72,073.50 in attorneys' fees under Rule 45 of the Federal Rules of Civil Procedure, the rule that governs subpoenas. The request is dead on arrival, because Rule 45 – entitled "Subpoena" – only applies where a subpoena is issued. No subpoena was ever issued to Northern Trust. Northern Trust concedes as much, acknowledging that "it did not receive a formal subpoena to produce the requested documents." (Suppl. Br. at 12). That concession disposes of the request.

The request is also procedurally improper. Northern Trust's underlying motion for relief from this Court's October 24, 2024 order authorizing its Rule 2004 examination [Docket No. 288] (the "Motion for Relief") asked for an extension of Northern Trust's compliance deadlines, together with a prospective "financial contribution from MET to offset [Northern Trust's] costs of compliance with the Request" (Mot. for Relief at 6). It did not invoke Rule 45, did not seek sanctions, and did not demand any sum. More than twenty months later, and after production had long since concluded, Northern Trust seeks to convert that request for prospective assistance with anticipated compliance costs into a retrospective money judgment for $72,073.50. The Bankruptcy Rules do not permit that transformation through supplemental briefing. Affirmative relief of that kind must be sought by noticed motion, supported by grounds stated with particularity and evidence the responding party can test. Fed. R. Bankr. P. 9013, 9014(a); LBR 9013-1. A supplemental brief is not that vehicle.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

1

On the merits, both of Northern Trust's theories are precluded as a threshold matter. Rule 45(d)(1) imposes a duty on "a party or attorney responsible for issuing and serving a subpoena" and protects "a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Rule 45(d)(2)(B) protects a person commanded to produce documents pursuant to a subpoena who serves a timely written objection and is then ordered to comply over that objection. Fed. R. Civ. P. 45(d)(2)(B). Neither provision applies to this record. No subpoena was issued, no written objection was served, no motion to compel was filed, no order compelling production was entered, and Northern Trust produced documents on a schedule and scope the parties negotiated. Every authority Northern Trust cites in support of its request involved an issued subpoena. Under the American Rule, a litigant may not recover attorneys' fees absent explicit statutory or contractual authority. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015). Northern Trust identifies no such authority, and there is no basis – "equitable" or otherwise – to apply Rule 45 to a scenario where no subpoena ever was at issue. As such, the fee request must be denied.

## II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2024, MET moved for an order authorizing the examination of Northern Trust and the production of documents under Federal Rule of Bankruptcy Procedure 2004 [Docket No. 273] (the "2004 Motion"). The Court entered its order two days later, directing that Northern Trust produce the identified documents "by December 6, 2024, or any other mutually agreeable date" and appear for examination [Docket No. 275] (the "Rule 2004 Order"). MET never issued or served a subpoena on Northern Trust, and Northern Trust concedes it never received one. (Suppl. Br. at 12.)

In November 2024, the parties conferred about scheduling. On November 22, 2024, Northern Trust filed the Motion for Relief, seeking an order extending its compliance deadlines and "equitably shifting the cost of compliance with the Order onto MET" (Mot. for Relief at 3), citing only authority on the permissible scope of a Rule 2004 examination. The parties then stipulated to continue the hearing and to a briefing schedule, which the Court approved [Docket Nos. 294, 295]. The Motion for Relief was never adjudicated before production occurred, and no order granting or denying it has been entered.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

2

OPPOSITION TO NORTHERN TRUST'S REQUEST FOR ATTORNEYS' FEES SET FORTH IN ITS
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Instead, the parties proceeded consensually.  Counsel met and conferred, agreed to refine Northern Trust's search parameters, and narrowed the universe of responsive material.  (Suppl. Br. at 6.)  Northern Trust produced documents on January 7 and February 12, 2025  (*Id.*)  Northern Trust thereafter made additional productions in April and June 2025 in response to follow-up requests that Northern Trust itself describes as "not included in the original scope" of the 2004 Motion and fulfilled "in the spirit of cooperation." (*Id.* at 6-7.)  Northern Trust memorialized the consensual arrangement in a January 28, 2025 filing: MET had not opposed the Motion for Relief because the parties "continue[d] working together to manage the requested scope of production," and "[t]he Parties have agreed, and [Northern Trust] has produced, a subset of the requested production" (Notice of Non-Opposition and Status Report [Docket No. 306] (the "Non-Opposition Notice") at 2).  At no point did MET move to compel anything, and at no point did the Court order Northern Trust to produce over an objection.

On January 30, 2026, nearly a year after the ordered production concluded, Northern Trust's counsel sent a letter demanding that MET pay $72,073.50 in attorneys' fees.  (Suppl. Br. at 7-8.)  On February 3, 2026, Northern Trust filed a status report attaching a declaration itemizing those fees.  [Docket No. 431.]  At the February 17, 2026 hearing, the Court asked Northern Trust to identify the legal basis for the request.  (Suppl. Br. at 8.)  The Supplemental Brief, filed August 4, 2026, answers by invoking Rules 45(d)(1) and 45(d)(2)(B) for the first time. Indeed, the Supplemental Brief effectively seeks to convert a prospective request for assistance with anticipated compliance costs into a retrospective money judgment for fees allegedly incurred months earlier. That is not supplemental briefing; it is a new claim for relief.

## III.   ARGUMENT

### A.      The Fee Request Is Not Properly Before the Court

A request for an order "must be made by written motion," and the motion "must state its grounds with particularity and set forth the relief or order requested."  Fed. R. Bankr. P. 9013(a), (b).  In a contested matter, relief "must be requested by motion," and "[r]easonable notice and an opportunity to be heard must be given to the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).  The Local Bankruptcy Rules implement the same requirements: every motion must be

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

3

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

noticed for hearing and must be served and filed with a memorandum of the points and authorities on which the moving party relies, together with declarations supplying admissible evidence. LBR 9013-1(c)(2)-(3). These are not technicalities. They are what entitles the responding party to know the authority invoked, the conduct at issue, and the amount claimed, and to answer each with evidence.

Here, Northern Trust has never filed a motion seeking the relief the Supplemental Brief demands. The Motion for Relief sought two things: more time to comply with the Rule 2004 Order, and a prospective contribution toward anticipated compliance costs. It framed its cost request in expressly equitable terms, cited only Rule 2004 scope authority, and liquidated no amount (Mot. for Relief at 3). The extension request is moot; production concluded in 2025. What remains is a new claim, first quantified in a January 30, 2026 letter and first given a legal theory on August 4, 2026, that MET must pay Northern Trust $72,073.50 as a sanction under Rule 45(d)(1) or as shifted costs under Rule 45(d)(2)(B). New relief on new grounds cannot be injected through supplemental briefing on a motion that never sought it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *accord In re Branded Operations Holdings, Inc.*, No. 22-22608 (JLG), 2025 WL 2738655, at *6 (Bankr. S.D.N.Y. Sept. 25, 2025) (requests for new affirmative relief not noticed by motion in accordance with the Bankruptcy Rules were not properly before the court).

The Court's question at the February 17, 2026 hearing does not change the analysis. There, the Court asked Northern Trust to identify the legal basis for its demand (that it was unable to do). However, it did not relieve Northern Trust of the obligation to present a claim for affirmative monetary relief by noticed motion. That obligation matters here for a second reason: sanctions may not be imposed without notice of the specific authority invoked and an opportunity to respond to it. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-10 (9th Cir. 2005). Nor has Northern Trust presented anything resembling a fee application. The claimed amount rests on a declaration appended to a status report, never noticed for hearing, and never allocated between work performed under the Rule 2004 Order and the later voluntary productions that Northern Trust admits fell outside the Rule 2004 Order's scope (Docket No. 431; Suppl. Br. at 6-7.) If Northern Trust believes it holds a fee claim, the Rules prescribe the vehicle for presenting one. A supplemental brief is not that vehicle.

8205264

4

**B.    Rule 45 Does Not Authorize a Fee Award Because MET Never Issued a Subpoena and No Order Compelled Production**

Northern Trust's request fails at the threshold because the indispensable predicate for both Rule 45(d)(1) and Rule 45(d)(2)(B) is undisputedly absent: Northern Trust admits it was never served with a subpoena. (Suppl. Br. at 12.)  Rule 45 regulates the use of subpoenas. Without a subpoena, there can be no Rule 45 sanction, no Rule 45 cost-shifting, and no Rule 45 fee award. Once that concession is made, the remaining Rule 45 analysis largely answers itself.

**1.    Rule 45(d)(1) Polices the Subpoena Power, Which Was Never Invoked**

Rule 45 "governs discovery from nonparties by subpoena." *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017).  Rule 45(d) "provides two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)."  *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

First, Rule 45(d)(1) imposes a duty on "a party or attorney responsible for issuing and serving a subpoena" to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and directs the court to enforce "this duty" by appropriate sanction. Fed. R. Civ. P. 45(d)(1).  The Ninth Circuit construes the provision narrowly, holding "that absent undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party, Rule 45(c)(1) sanctions are inappropriate." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 429 (9th Cir. 2012) (construing former Rule 45(c)(1), now Rule 45(d)(1)).  The rule's "undue burden" language means "the burden associated with compliance." *Id.* at 427.  The Advisory Committee explains the design: the attorney's exposure to sanctions "is correlative to the expanded power of the attorney to issue subpoenas." Fed. R. Civ. P. 45 advisory committee's note (1991 amendment).  Courts apply the provision accordingly, and only in connection with an issued subpoena. *See, e.g.*, *Good Clean Love, Inc. v. Epoch NE Corp.*, No. 2:24-mc-00738-AMA-JCB, 2025 WL 55242 (D. Utah Jan. 9, 2025); *Electro-Mech. Prods., Inc. v. Alan Lupton Assocs. Inc.*, No. 1:22-cv-00763-PAB-SBP, 2025 WL 51205 (D. Colo. Jan. 8, 2025); *Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677 (N.D. Okla. 2008).  Without a subpoena, Rule

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400  •  Facsimile: 310.746.4499

8205264

5

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

45(d)(1) does not apply and sanctions cannot be ordered.

Issuance of a Rule 2004 order does not change the result. Rule 2004 and Rule 45 are related, but they operate at different procedural stages. Rule 2004(a) authorizes the Court to permit an examination; it does not itself invoke Rule 45 or transform an order authorizing an examination into a subpoena. Rule 2004(c) separately addresses compulsion, stating that an entity "may be compelled under Rule 9016 to attend and produce documents or electronically stored information," and an attorney "may issue and sign a subpoena" for that purpose. Fed. R. Bankr. P. 2004(c). Rule 9016, in turn, makes Rule 45 applicable in bankruptcy cases. Fed. R. Bankr. P. 9016. Thus, where a nonparty does not voluntarily comply with an authorized Rule 2004 examination, Rule 2004(c) provides the mechanism for compelling compliance – *i.e.*, the issuance and service of a subpoena governed by Rule 45. The entry of a Rule 2004 order alone does not eliminate that additional step or make the examinee a "person subject to [a] subpoena." Indeed, compelling a nonparty's Rule 2004 examination without issuing a subpoena has been held procedurally defective. *See In re McClain Feed Yard, Inc.*, 661 B.R. 136, 139-41 (Bankr. N.D. Tex. 2024).

Here, MET obtained authority to conduct a Rule 2004 examination but never invoked the separate subpoena procedure contemplated by Rule 2004(c) and Rule 9016. Northern Trust concedes that MET never issued or served a subpoena. (Suppl. Br. at 12.) Rule 45(d)(1) therefore never came into play: there was no "party or attorney responsible for issuing and serving a subpoena," no "person subject to the subpoena," and no exercise of the subpoena power for Rule 45(d)(1) to police. Without any subpoena, Rule 45 simply cannot apply here.

**2.      Rule 45(d)(2)(B) Requires an Objection, a Motion to Compel, and an Order Compelling Production; None Exists**

There is also no basis for a fee award under Rule 45(d)(2)(B). Rule 45(d)(2)(B) provides a specific procedure for protecting a non-party from significant expenses incurred when a court compels compliance with a subpoena over an objection. The sequence is explicit. A subpoena commands production. The commanded person may serve a written objection on "the party or attorney designated in the subpoena." Fed. R. Civ. P. 45(d)(2)(B). If an objection is made, the serving party may move "for an order compelling production or inspection." Fed. R. Civ. P.

8205264

6

45(d)(2)(B)(i). And if the court thereafter requires production, the resulting order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Thus, cost shifting under this provision is not a freestanding right arising whenever a non-party incurs substantial expense producing documents. It is a protection attached to court-ordered compliance with a subpoena after objection. As *Good Clean Love* recently explained, a subpoena recipient obtains Rule 45(d)(2) cost-shifting only through the prescribed process: an objection to the subpoena, a request for judicial compulsion, and an order requiring production despite the objection. *Good Clean Love, Inc. v. Epoch NE Corp.*, No. 2:24-mc-00738-AMA-JCB, 2025 WL 55242, at *2-3 (D. Utah Jan. 9, 2025). If that process is not followed, "the court cannot rely on Rule 45(d)(2)'s cost-shifting provisions." *Id.* (emphasis added).

That plain language of Rule 45(d)(2)(B) disposes of Northern Trust's request several times over. Most fundamentally, there was no subpoena. Northern Trust therefore was never a "person commanded" by a subpoena, there was no "party or attorney designated in the subpoena" on whom an objection could be served, and there was no subpoena to which Northern Trust could object under Rule 45(d)(2)(B). MET likewise never moved to compel compliance with a subpoena, and the Court never entered an order requiring Northern Trust to comply with a subpoena over an objection. Northern Trust instead produced documents pursuant to the parties' negotiated arrangements, as its own filing confirmed: "The Parties have agreed, and [Northern Trust] has produced, a subset of the requested production." (Non-Opposition Notice at 2.) Courts repeatedly reject post-production attempts to invoke Rule 45(d)(2)(B) where the non-party produced without first obtaining an adjudication of its objection. *See Lee v. Va. State Bd. of Elections*, No. 3:15-cv-357-HEH-RCY, 2016 WL 6915308, at *2 (E.D. Va. Sept. 2, 2016) ("Because the [non-party] complied with the subpoena without being compelled by a court order, Rule 45(d)(2)(B)(ii) does not apply."); *Angell v. Kelly*, 234 F.R.D. 135, 139 (M.D.N.C. 2006) (where a non-party produces without awaiting a court order, its production does not give rise to a right to post-production reimbursement under Rule 45); *see also United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 534 (C.D. Cal. 2014) (mandatory cost shifting applies "[i]f a court orders a non-party to comply with a subpoena over that non-party's objection"). *Good Clean Love* is particularly instructive: although the non-party there had been

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

7

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

served with a subpoena and had timely objected, Rule 45(d)(2)(B) still afforded no relief because the requesting parties never moved to compel and no court entered an order compelling compliance. 2025 WL 55242, at *1-3.

Northern Trust cannot avoid those missing prerequisites by relabeling the Rule 2004 Order as the "order compelling production" contemplated by Rule 45(d)(2)(B). (Suppl. Br. at 11-12.) The text of Rule 45(d)(2) forecloses that reading. Subparagraph (B) begins with service of an objection to a subpoena; only "[i]f an objection is made" to a subpoena does subparagraph (B)(i) authorize the serving party to seek "an order compelling production or inspection"; and subparagraph (B)(ii) then provides that the compelled acts may be required "only as directed in the order," which must protect the non-party from significant expense. Fed. R. Civ. P. 45(d)(2)(B)(i)-(ii). The "order" in subsection (ii) is therefore the compulsion order contemplated by subsection (i) – *i.e.*, an order entered after a subpoena, an objection, and a request to compel compliance. *See In re Am. Kidney Fund, Inc.*, No. TDC-17-1787, 2019 WL 1894248, at *5 (D. Md. Apr. 29, 2019) ("It is not enough that a court issues an order which triggers events eventually resulting in a non-party's compliance; a court must issue an order specifically 'compelling production or inspection.'"); *United States ex rel. Simpson v. Bayer A.G.*, No. CV 05-3895, 2021 WL 363705, at *5 (D.N.J. Feb. 2, 2021). The Rule 2004 Order, issued on MET's motion seeking authorization for the Rule 2004 examination, cannot satisfy that requirement. After it was entered, there was no subpoena, no Rule 45 objection, and no dispute over compliance. It also expressly permitted production on "any other mutually agreeable date." (Rule 2004 Order [Docket No. 275].) It was not an adjudication compelling Northern Trust to comply with a subpoena over a preserved objection.

Northern Trust's contrary interpretation would collapse two fundamentally different procedural events. Under its reading, a routine order authorizing a Rule 2004 examination would simultaneously constitute the later Rule 45(d)(2)(B) order compelling compliance, even though no subpoena had been issued, no Rule 45 objection had been made, and no motion to compel had been filed. That would read the entire objection-and-compulsion procedure out of Rule 45(d)(2)(B) and potentially make mandatory cost shifting available whenever a non-party voluntarily complies with a Rule 2004 order. The cases establish the opposite default: absent an order compelling compliance

8205264    8

over an objection, a non-party ordinarily bears its own production expenses.  *See Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008).  Mandatory cost shifting under Rule 45(d)(2)(B) is the consequence of invoking the court's coercive power to compel a non-party's compliance with a subpoena notwithstanding its objection. MET never invoked that power.

Moreover, if accepted, Northern Trust's position would create substantial uncertainty in Rule 2004 practice by allowing non-parties who voluntarily comply with negotiated productions to seek retrospective reimbursement long after production has concluded, even where no subpoena was served, no objection was adjudicated, and no court ever ordered compliance over objection. This is not the state of the law.

### 3.    Every Authority Northern Trust Cites Involved an Issued Subpoena

Northern Trust's own cited cases confirm the absence of any authority to support its request. Every case it cites involved the exercise of the subpoena power that is absent here.  In *In re Modern Plastics Corp.*, subpoenas actually were served on the responding non-parties, the recipients actually objected to the burden and expense of compliance, made clear that they would seek reimbursement, and they ultimately "did not produce the documents until required to do so" after entry of a protective order requiring production.  *In re Modern Plastics Corp.*, 890 F.3d 244, 252-53 (6th Cir. 2018).  The Sixth Circuit distinguished *Angell* on precisely that ground: the non-party in *Angell* voluntarily produced without awaiting a court order and therefore could not seek reimbursement under Rule 45 after the fact.  *Id.* at 252.

The same threshold fact is present in every other authority Northern Trust cites.  *In re Morreale Hotels LLC* involved document subpoenas that were served, met with objections, and litigated through enforcement proceedings brought by the subpoenaing party.  *In re Morreale Hotels LLC*, 517 B.R. 184, 187-88 (Bankr. C.D. Cal. 2014).  *Legal Voice* arose from a served subpoena, a written objection, a motion to compel, and an order compelling production – *i.e.*, the precise Rule 45(d)(2)(B) sequence absent here.  *Legal Voice*, 738 F.3d at 1181.  And *American Kidney Fund* likewise arose from served subpoenas that the recipients challenged by motion to quash.  *Am. Kidney Fund, Inc.*, 2019 WL 1894248, at *3.  Northern Trust identifies no case – and MET is aware of none – in which a court awarded sanctions or shifted costs under Rule 45 despite that no subpoena was

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

9

ever issued.  Its authorities therefore do not extend Rule 45 to this case; they demonstrate why Rule 45 does not apply and why Northern Trust's unsupportable request must be denied.

### 4.      Equity Cannot Supply What Rule 45 Withholds

Northern Trust's final argument confirms the problem with its request.  It asserts in a single sentence that "equity provides that Rule 45 applies to this Motion for Relief."  (Suppl. Br. at 12-13.) But equity cannot make Rule 45 applicable where Rule 45's own predicates are absent. Northern Trust's original Motion for Relief asked the Court to "equitably shift[]" anticipated compliance costs to MET; only after the Court asked Northern Trust to identify a legal basis for its demand did Northern Trust invoke Rule 45.  (Mot. for Relief at 3; Suppl. Br. at 8.)  That sequence does not permit equity to supply the subpoena, objection, motion to compel, or compulsion order that Rule 45 requires.

The American Rule supplies the baseline: parties ordinarily bear their own attorneys' fees absent valid authority for shifting them.  *Baker Botts*, 576 U.S. at 126.  And a bankruptcy court's equitable authority is not a license to disregard the limits Congress and the governing rules place on a particular remedy.  *See Law v. Siegel*, 571 U.S. 415, 421 (2014); *United States v. MacKenzie (In re Leite)*, 112 F.4th 1246, 1252-53 (9th Cir. 2024).  Northern Trust identifies no source of authority for the requested $72,073.50 award other than Rule 45 and generalized notions of "equity."[1] Because Rule 45's prerequisites were never satisfied, equity cannot be used to manufacture the Rule 45 remedy that clearly does not apply in the absence of a subpoena.

Nor is there any unfairness requiring an equitable workaround.  Northern Trust was represented by skilled counsel and had procedural options throughout the process.  It could have

---

[1]  Northern Trust invokes no authority other than Rule 45 and "equity."  Any new theory raised for the first time in reply, such as the Court's inherent sanctioning authority, § 105(a), or its authority to condition a Rule 2004 examination, would come too late.  LBR 9013-1(g)(4) ("New arguments or matters raised for the first time in reply documents will not be considered."); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).  Nor would those theories support the requested award. Fee-shifting under the Court's inherent authority requires bad faith or conduct tantamount to bad faith, and Northern Trust identifies no such conduct here.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).  Civil contempt under § 105(a), in turn, requires violation of a "specific and definite order of the court."  *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1190-91 (9th Cir. 2003).  Northern Trust does not contend that MET violated the Rule 2004 Order.  And although a court may impose appropriate conditions on a Rule 2004 examination, no cost-shifting condition was requested or imposed here; that authority does not create a retroactive right to reimbursement after production has long been completed.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400  •  Facsimile: 310.746.4499

8205264

10

pressed its Motion for Relief to decision before producing; indeed, the parties stipulated to a briefing schedule for that purpose. [Docket Nos. 294, 295.] It could have conditioned production on an agreement that MET bear some or all of its compliance costs. But the conditions Northern Trust actually negotiated in August 2025 concerned the finality of MET's document requests and the format of any deposition, not reimbursement. (Suppl. Br. at 7.) Northern Trust instead elected to produce pursuant to the parties' negotiated arrangements without first obtaining either a cost-sharing agreement or a judicial ruling requiring MET to bear its expenses. *Angell* addresses exactly that circumstance: a non-party that voluntarily produces without securing reimbursement cannot later invoke Rule 45(d)(2)(B) as a post-production right to payment. 234 F.R.D. at 139. Northern Trust cannot transform its voluntary production into court-compelled compliance after the fact merely by invoking equity.

In short, Northern Trust seeks a Rule 45 remedy without a Rule 45 subpoena, a Rule 45 objection, a Rule 45 motion to compel, or a Rule 45 compulsion order. Neither the text of Rule 45 nor the authorities Northern Trust cites permit such relief.

**C.      <u>Even if Rule 45 Applied, No Award Would Be Warranted</u>**

Northern Trust's request would fail even if Rule 45 somehow applied here. Rule 45(d)(1) authorizes sanctions only where the party responsible for a subpoena fails to take reasonable steps to avoid imposing undue burden or expense. Fed. R. Civ. P. 45(d)(1). In the Ninth Circuit, sanctions are inappropriate absent "undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the requesting party." *Mount Hope*, 705 F.3d at 429. Northern Trust's own account describes none of those circumstances. Instead, it describes repeated conferences, agreed extensions, and a jointly negotiated narrowing of the search universe that ultimately reduced Northern Trust's claimed fees to roughly one quarter of the $300,000 it originally projected. (Suppl. Br. at 6, 9-10.) Those are reasonable steps to reduce a non-party's burden, not grounds for sanctions. *See Blake v. NCMIC Ins. Co.*, No. 3:17-cv-00193-JMK, 2023 WL 2072150, at *3-5 (D. Alaska Feb. 17, 2023) (denying Rule 45(d)(1) sanctions where the requesting party engaged with the non-party, accommodated scheduling concerns, and took reasonable steps to alleviate the burden of production). Rule 45(d)(1) does not convert the ordinary costs of a negotiated

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

11

document production into a sanction merely because the producing non-party ultimately incurred fees.

The result is not any different under Rule 45(d)(2)(B)(ii). That provision shifts only "significant expense resulting from compliance" with an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(ii). Even assuming, contrary to the arguments above, that the Rule 2004 Order could somehow qualify as such an order, Northern Trust has not identified the expenses that resulted from compliance with it. Its $72,073.50 demand is presented as a single undifferentiated amount and makes no allocation between work allegedly required by the Rule 2004 Order and the later supplemental productions that Northern Trust admits fell outside the Rule 2004 Order's scope and were made voluntarily "in the spirit of cooperation." (Suppl. Br. at 6-7.) Costs incurred producing documents that the Rule 2004 Order did not require cannot be expenses "resulting from compliance" with that Order.

Even if Rule 45 were theoretically applicable, Northern Trust forfeited any claim to Rule 45 protection by electing to proceed with production rather than requiring adjudication of its objections before compliance. A non-party cannot voluntarily produce documents and later invoke Rule 45 as a retroactive reimbursement mechanism.

Northern Trust's evidentiary presentation compounds the problem. Northern Trust offers only a declaration appended to a status report, rather than a noticed fee application or motion, and provides no allocation permitting MET or the Court to determine which fees were incurred for compelled production, which related to voluntary supplemental production, and which reflect other activity. (Status Report [Docket No. 431].) MET therefore has had no meaningful occasion to test the claimed fees for reasonableness, necessity, allocation, or duplication. Even if Rule 45 supplied a potential basis for relief (and it does not), Northern Trust has not established an amount that could properly be shifted under it.

/ / /

/ / /

/ / /

/ / /

OPPOSITION TO NORTHERN TRUST'S REQUEST FOR ATTORNEYS' FEES SET FORTH IN ITS
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

## IV.    CONCLUSION

For the foregoing reasons, MET respectfully requests that the Court deny in its entirety Northern Trust's request for $72,073.50 in attorneys' fees, deny the Motion for Relief as moot in all other respects, and grant such other and further relief as the Court deems just and proper.

DATED:  August 11, 2026

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By:    _/s/ Roye Zur_
ROYE ZUR
COLE F. NICHOLAS
Attorneys for Creditor Multiple Energy Technologies, LLC

DATED:  August 11, 2026

WHITE AND WILLIAMS LLP

By:    _____
NICOLE A. SULLIVAN (pro hac vice)
THOMAS E. BUTLER (pro hac vice)

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8205264

13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **CREDITOR MULTIPLE ENERGY TECHNOLOGIES, LLC'S OPPOSITION TO NORTHERN TRUST'S REQUEST FOR ATTORNEYS' FEES SET FORTH IN ITS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [DOCKET NO. 462]; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 11, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Shraddha Bharatia     notices@becket-lee.com
- Joseph Boufadel     jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Thomas E Butler     butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- Aaron E. De Leest     adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- John-Patrick M Fritz     jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Lauren N Gans     lgans@elkinskalt.com, lmasse@elkinskalt.com
- Matthew Grimshaw     mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- Sweeney Kelly     kelly@ksgklaw.com
- Wendy A Locke     ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- Betty Luu     bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com
- Ron Maroko     ron.maroko@usdoj.gov
- Allison C. Murray     acmurray@swlaw.com, kcollins@swlaw.com
- William M Noall     wnoall@gtg.legal, bknotices@gtg.legal
- Kurt Ramlo     RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
- Arjun P Rao     arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com
- Michael B Reynolds     mreynolds@swlaw.com, kcollins@swlaw.com
- Gregory M Salvato     gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- Nicole Sullivan     sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- John N Tedford     JNT@LNBYG.com, jnt@ecf.courtdrive.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- David Wood     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- Roye Zur     rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 11, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

*Debtor*
Seth Haldane Casden
1112 Montana Ave Suite 13
Santa Monica, CA 90403

*Courtesy Copy*
The Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 11, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 11, 2026 | Lisa Masse | */s/ Lisa Masse* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**