SNELL & WILMER L.L.P.
Michael B. Reynolds, Bar No. 174534
mreynolds@swlaw.com
Rachel McMains, Bar No. 352954
rmcmains@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

Attorneys for Respondent
The Northern Trust Company of Delaware, as
Trustee of the Seth Casden Resulting Trust

SNELL & WILMER

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| In re<br><br>SETH HALDANE CASDEN,<br><br>Debtor. | Case No. 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF THE NORTHERN TRUST OF DELAWARE'S MOTION FOR PROTECTIVE ORDER WITH REGARD TO 2004 EXAMINATION OF AND DOCUMENT PRODUCTION OF THE NORTHERN TRUST COMPANY OF DELAWARE [DK. 288]**<br><br><u>Hearing Information</u>:<br>Date: August 25, 2026<br>Time: 10:00 a.m.<br>Ctrm: 1668 |

## I. INTRODUCTION

The Northern Trust Company of Delaware, as the Trustee for the Seth Casden Resulting Trust ("<u>Respondent</u>"), by and through undersigned counsel, hereby submits this Reply to MET's Opposition filed August 11, 2026, as Docket No. 463 ("<u>Opposition</u>") and in Support of its Supplemental Brief in Support of its Motion for Protective Order with Regard to 2004 Examination of and Document Production of The Northern Trust Company of Delaware as

Trustee of the Seth Casden Resulting Trust (the "Motion for Relief").[1]

## II. LEGAL ARGUMENT

MET offers no reason why this Court is not authorized to award Respondent its reasonable attorneys' fees incurred in complying with MET's Requests under FRBP Rule 2004. Indeed, 11 U.S. Code § 105 provides that this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Instead, MET seeks to benefit from its procedurally deficient Motion for Examination of Respondent pursuant to FRBP Rule 2004 ("Requests") and fabricate requirements hoping to distract this Court from exercising its equitable powers under the Bankruptcy Code.[2] This Court should not allow it.

### A. MET cannot be permitted to benefit from subpoena deficiencies of its own making.

LBR 2004-1(e) provides that "If the court approves a Rule 2004 examination of an entity other than debtor, the attendance of the entity for examination and for the production of documents *must be compelled by subpoena issued*, and served pursuant to FRCP 9016 and F.R.Civ.P. 45." MET acknowledges in its Opposition that no subpoena was issued, in direct contravention of LBR 2004-1(e). Opposition, Dk. 463, 2:19-20.

It is the height of hubris for MET to stand behind procedural deficiency in order to deprive Respondent of the ability to recoup fees associated with the Rule 2004 examination and production, when MET itself is the party that failed to properly follow the procedure in the first instance.

Rather than fight over perfecting the procedural matter of MET's failure to issue a subpoena, wasting the Parties' and Court's time and resources, Respondent received the Requests and issued Order requiring compliance, and immediately acted in a cooperative spirit, seeking to meet and confer with counsel and ultimately filing the Motion for Relief objecting to the Requests

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion for Relief.
[2] 11 U.S. Code § 105 provides that this Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."



SNELL & WILMER

and reserving its rights to seek financial contribution to offset the cost of compliance.[3]

Though the parties were able to consensually narrow the Requests, these negotiations were ongoing for nearly a year, and continued well after Respondent made its first, second and even third productions. All the while, the Order authorizing the examination and production of documents was still in effect.

When MET requested supplemental production in August of 2025, and after Respondent sought confirmation from MET that this would be the last request, MET simply stopped engaging with Respondent's counsel. This failure to respond continued for months despite numerous follow-ups. Despite MET's non-responsiveness for nearly a year, MET now argues that production has "long since concluded." Opposition, Dk. 463, 1:22.

**B. <u>Respondent's supplement need not provide a fee application to recoup fees.</u>**

MET asserts in a conclusory fashion that the relief requested by Respondent must be presented by noticed motion with the detail resembling a fee application. This is unsupported and untrue.

As a preliminary matter, Respondent properly filed its Motion for Relief on shortened time, as approved by the Court. That Motion for Relief remains pending, with the hearing on the Motion for Relief having been continued on several occasions. To assert that Respondent should have filed a new motion seeking a new hearing on the very subject matter that is covered by the pending Motion for Relief, is a distinction without a difference and a clear tact to distract the Court. Moreover, Respondents' recent supplement was filed and served pursuant to the notice and service requirements required of any noticed motion for fees. To assert that Respondent should have filed a new motion seeking a new hearing on the very subject matter that is covered by the pending Motion for Relief and supplement, which was served in exactly the same way, is a distinction without a difference.

Moreover, MET cites no authority, and Respondent is aware of none, imposing upon a third party to provide the level of detail required of fee applications under 11 U.S.C. §§ 327-330.

[3] In the Opposition, MET mischaracterizes Respondent's request as one for "prospective contribution toward anticipated compliance costs," however, the word "prospective" is nowhere in the Motion for Relief. Compare Opposition, Dk. 463, 4:7-8 and Motion for Relief, Dk. 288, 6:11-13.



SNELL & WILMER

Moreover, Respondent notes that even a fee application compliant with the Guidelines of the United States Trustee would result in all entries related to this matter falling in only one project category.

**III. <u>CONCLUSION</u>**

The fact remains that non-debtor Respondent is entitled to fees to offset the cumbersome and burdensome years-long Rule 2004 process inflicted upon it by MET, who now seeks to hide behind procedural quagmires of its own making. For the reasons set forth above, and in Respondent's Motion for Relief and supplemental filings, the Court should grant the motion and award Respondent $72,073.50 in attorneys' fees.

Dated: August 18, 2026

SNELL & WILMER L.L.P.

By: /s/ Michael B. Reynolds
Michael B. Reynolds
Rachel B. McMains

Attorneys for Respondent
The Northern Trust Company of Delaware, as Trustee of the Seth Casden Resulting Trust

SNELL & WILMER

SNELL & WILMER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF THE NORTHERN TRUST OF DELAWARE'S MOTION FOR PROTECTIVE ORDER WITH REGARD TO 2004 EXAMINATION OF AND DOCUMENT PRODUCTION OF THE NORTHERN TRUST COMPANY OF DELAWARE [DK. 288]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 18, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shraddha Bharatia notices@becket-lee.com**
- **Joseph Boufadel jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com**
- **Thomas E Butler butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com**
- **Aaron E. De Leest adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com**
- **John-Patrick M Fritz jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com**
- **Lauren N Gans lgans@elkinskalt.com, lmasse@elkinskalt.com**
- **Matthew Grimshaw mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com**
- **Sweeney Kelly kelly@ksgklaw.com**
- **Wendy A Locke ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com**
- **Betty Luu bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com**
- **Ron Maroko ron.maroko@usdoj.gov**
- **Allison C. Murray acmurray@swlaw.com, kcollins@swlaw.com**
- **William M Noall wnoall@gtg.legal, bknotices@gtg.legal**
- **Kurt Ramlo RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email**
- **Arjun P Rao arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com**
- **Michael B Reynolds mreynolds@swlaw.com, kcollins@swlaw.com**
- **Gregory M Salvato gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com**
- **Nicole Sullivan sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com**
- **John N Tedford JNT@LNBYG.com, jnt@ecf.courtdrive.com**
- **United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov**
- **David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com**
- **Roye Zur rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 18, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor**:

Seth Haldane Casden
1112 Montana Ave Suite 13
Santa Monica, CA 90403

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 18, 2026**, served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Federal Express**:

**Judge**:

The Honorable Barry Russell
United States Bankruptcy Court, Central District
255 E. Temple Street, Suite 1660/Crtrm 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 18, 2026 | Sharona Moshabad | /s/ Sharona Moshabad |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

SNELL & WILMER