Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

ROYE ZUR, State Bar No. 273875
rzur@elkinskalt.com
COLE F. NICHOLAS, State Bar No. 354027
cnicholas@elkinskalt.com
ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 | Facsimile: 310.746.4499

☐ *Individual appearing without attorney*
☒ *Attorney for:* Movant Multiple Energy Technologies, LLC

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

SETH HALDANE CASDEN,

Debtor and Debtor-in-Possession.

Debtor(s).

CASE NO.: 2:23-bk-16904-BR
CHAPTER: 11

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**
**(with supporting declarations)**
**(ACTION IN NONBANKRUPTCY FORUM)**

DATE: 11/17/2026
TIME: 10:00 a.m.
COURTROOM: 1668

**Movant**: Multiple Energy Technologies, LLC

1. **Hearing Location**:
   ☒ 255 East Temple Street, Los Angeles, CA 90012
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   ☐ 3420 Twelfth Street, Riverside, CA 92501
   ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) ___________ and (*time*) ___________; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 10/27/2026

Elkins Kalt Weintraub Reuben Gartside LLP
Printed name of law firm (if applicable)

Roye Zur
Printed name of individual Movant or attorney for Movant

/s/ Roye Zur
Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**
   a. ☒ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (*specify):*

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:
   a. *Name of Nonbankruptcy Action*: Multiple Energy Technologies, LLC v. Seth Casden
   b. *Docket number*: 2:21-cv-01149-ODW (RAOx)
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
   United States District Court for the Central District of California (Hon. Otis D. Wright, II)
   d. Causes of action or claims for relief (Claims):
   Lanham Act false advertising (15 U.S.C. § 1125(a)); false advertising and unfair competition (Cal. Bus. & Prof. Code §§ 17500, 17200); and tortious interference with contractual relations. Tried to a jury in June 2023; judgment entered September 26, 2023; now on remand from the Ninth Circuit (No. 24-4691).

3. **Bankruptcy Case History:**
   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*) 10/17/2023 .
   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) ___________.
   c. ☐ A plan was confirmed on (*date*) ___________.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:
   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.
   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.
   d. ☒ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.
   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

f. ☐ The bankruptcy case was filed in bad faith.

(1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

(3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

(4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☒ Other (*specify*):
See attached continuation page and Memorandum of Points and Authorities. This Court's June 26, 2024 order [Docket No. 213] lifted the stay for the Debtor's appeal and "any retrial and/or remand"; the Ninth Circuit remanded on July 30, 2026; and the District Court has stayed the remand pending clarification from this Court (D.C. Dkt. 282).

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)**

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☒ Other evidence (*specify*):
Exhibits A through F to the attached Memorandum of Points and Authorities (orders and filings in this case, the Nonbankruptcy Action, and the Ninth Circuit appeal), of which Movant requests judicial notice under Fed. R. Evid. 201.

7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested.

Date: 10/27/2026

Elkins Kalt Weintraub Reuben Gartside LLP
Printed name of law firm (*if applicable)*

Roye Zur
Printed name of individual Movant or attorney for Movant

/s/ Roye Zur
Signature of individual Movant or attorney for Movant

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) Cole F. Nicholas, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☒ Other (*specify*): I am counsel of record for Movant in this bankruptcy case and have reviewed the dockets in this case, the Nonbankruptcy Action, and the Ninth Circuit appeal (No. 24-4691).

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☐ Other (*specify):*

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*: Multiple Energy Technologies, LLC v. Seth Casden
   b. *Docket number*: 2:21-cv-01149-ODW (RAOx)
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*: United States District Court for the Central District of California (Hon. Otis D. Wright, II)

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are: Lanham Act false advertising (15 U.S.C. § 1125(a)); false advertising and unfair competition (Cal. Bus. & Prof. Code §§ 17500, 17200); and tortious interference with contractual relations. Judgment for Movant on all claims was entered September 26, 2023. On July 30, 2026, the Ninth Circuit reversed in part and remanded (No. 24-4691). On August 25, 2026, the District Court vacated the judgment and reopened the case, and on September 2, 2026 it stayed the action pending clarification from this Court regarding the scope of the stay.

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit A-F.

   c. The Nonbankruptcy Action was filed on (*date*) 02/08/2021.

   d. Trial or hearing began/is scheduled to begin on (*date*) 06/20/2023.

   e. The trial or hearing is estimated to require n/a days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*): None.

g. Other defendants in the Nonbankruptcy Action are (*specify*):
None.

6. **Grounds for relief from stay:**

a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

d. ☐ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

(1) ☐ It is currently set for trial on (*date*) ___________.

(2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) ___________. The basis for this belief is (*specify*):

(3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

(1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

(2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

(3) ☐ Multiple bankruptcy cases affecting the Property include:

(A) Case name:
Case number: Chapter:
Date filed: Date discharged: Date dismissed:
Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(B) Case name:
Case number: Chapter:
Date filed: Date discharged: Date dismissed:
Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

(C) Case name:
Case number: Chapter:
Date filed: Date discharged: Date dismissed:
Relief from stay regarding this Nonbankruptcy Action ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☒ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/27/2026 | Cole F. Nicholas | [signature] |
|---|---|---|
| *Date* | *Printed name* | *Signature* |

**CONTINUATION PAGE TO NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**

In re Seth Haldane Casden, Case No. 2:23-bk-16904-BR (Bankr. C.D. Cal.) | Movant: Multiple Energy Technologies, LLC

**Motion, Paragraph 4.g (Other grounds for relief from stay under 11 U.S.C. § 362(d)(1)):**

On June 26, 2024, on the Debtor's motion, this Court entered an order [Docket No. 213] (the "Stay Relief Order") lifting the automatic stay to permit the Debtor to pursue his post-trial motions, all post-judgment challenges, and "any and all appeals, including from the Judgment and any retrial and/or remand" in the Nonbankruptcy Action, and lifting the stay for Movant to pursue its motion for attorneys' fees and application to tax costs. The Debtor appealed. On July 30, 2026, the Ninth Circuit reversed the judgment in part and remanded for further proceedings (No. 24-4691). On August 25, 2026, the District Court vacated the judgment, reopened the case, and ordered a joint report proposing briefing schedules for the parties' anticipated motions. In the September 1, 2026 joint report, the Debtor contended that the Stay Relief Order permits only the Debtor to proceed and that Movant may not participate in the proceedings on remand without a further order of this Court. On September 2, 2026, the District Court stayed the Nonbankruptcy Action and ordered the parties "to obtain clarification from the bankruptcy court regarding the scope of its stay, including whether the bankruptcy court permits their contemplated motions."

Movant contends that the Stay Relief Order, which expressly extends to "any retrial and/or remand," already terminated the stay as to the proceedings on remand, and asks the Court to so confirm. Alternatively, cause exists under § 362(d)(1) to permit the Nonbankruptcy Action to proceed to final judgment: the action has been tried, reduced to judgment, appealed, and remanded; only the District Court can act on the Ninth Circuit's mandate; Movant's claim must be liquidated before this case can be resolved by plan, dismissal, or conversion; the Debtor has himself identified issues for the District Court to decide on remand; and Movant seeks no enforcement of any judgment against the Debtor or property of the estate. See the attached Memorandum of Points and Authorities.

**Relief Requested, Paragraph 8 (Other relief requested):**

An order (a) confirming that the Stay Relief Order terminated the automatic stay as to all proceedings in the Nonbankruptcy Action on remand from the Ninth Circuit, including the prosecution, defense, and adjudication of the motions contemplated by the parties in their September 1, 2026 joint report, any retrial, the entry of an amended or final judgment, and any appeals therefrom; (b) alternatively, terminating the stay under 11 U.S.C. § 362(d)(1) to permit Movant and the Debtor to proceed in the Nonbankruptcy Action to final judgment, including any appeals; and (c) providing that, except as previously authorized by order of this Court, the automatic stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate. See Attachment 1 to the proposed order lodged concurrently herewith.

**Declaration, Paragraph 6.f (Other facts justifying relief from stay):**

I am counsel of record for Movant in this case and have reviewed the dockets in this case, in the Nonbankruptcy Action, and in the Ninth Circuit appeal. The facts stated in Paragraph 4.g of the Motion are true and correct based on that review. True and correct copies of the Final Judgment entered September 26, 2023 (Exhibit A), the Stay Relief Order (Exhibit B), the Ninth Circuit's July 30, 2026 opinion (Exhibit C), the District Court's August 25, 2026 minute order (Exhibit D), the parties' September 1, 2026 joint report (Exhibit E), and the District Court's September 2, 2026 minute order (Exhibit F) are attached to the accompanying Memorandum of Points and Authorities. As of the date of this declaration, the Debtor has not filed any motion in this Court seeking clarification of the Stay Relief Order or relief from the automatic stay with respect to the proceedings on remand in the Nonbankruptcy Action.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
rzur@elkinskalt.com
COLE F. NICHOLAS, State Bar No. 354027
cnicholas@elkinskalt.com
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Counsel for Creditor Multiple Energy Technologies, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SETH HALDANE CASDEN,<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 2:23-bk-16904-BR<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MULTIPLE ENERGY TECHNOLOGIES, LLC FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**<br><br>**Hearing Information**<br>Date: November 17, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>255 East Temple Street<br>Los Angeles, California 90012<br>Hon. Barry Russell |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Creditor Multiple Energy Technologies, LLC ("MET") submits this Memorandum of Points and Authorities in support of its Motion for Relief from the Automatic Stay under 11 U.S.C. § 362 (the "Motion"). The Motion asks the Court to (1) confirm that its order entered June 26, 2024 [Docket No. 213] (the "Stay Relief Order"), which lifted the automatic stay to permit the Debtor to pursue his post-trial motions, his appeal, and "any retrial and/or remand" in *Multiple Energy*

*Technologies, LLC v. Casden*, No. 2:21-cv-01149-ODW (RAOx) (C.D. Cal.) (the "District Court Action"), extends to the proceedings now pending on remand from the Ninth Circuit; or, alternatively, (2) grant MET relief from the stay under section 362(d)(1) to proceed with the District Court Action to final judgment, with the stay remaining in effect as to enforcement of any judgment against the Debtor or property of the estate.

The Motion is brought at the direction of the District Court. The Debtor obtained the Stay Relief Order on his own motion, appealed MET's judgment, and obtained a partial reversal and a remand. When the District Court asked the parties how they proposed to proceed on remand, the Debtor contended that the stay bars MET from participating. The District Court declined to construe this Court's order, stayed the remand, and ordered the parties "to obtain clarification from the bankruptcy court regarding the scope of its stay, including whether the bankruptcy court permits their contemplated motions." D.C. Dkt. No. 282 (attached hereto as Exhibit F).[1] MET asked the Debtor to stipulate to the relief requested herein but the Debtor declined. MET now asks the Court to provide that clarification so that the District Court Action can proceed.

## II. STATEMENT OF FACTS

1. On February 8, 2021, MET commenced the District Court Action against the Debtor, asserting claims for false advertising under the Lanham Act, false advertising and unfair competition under California law, and tortious interference with contractual relations. Compl., D.C. Dkt. No. 1; First Am. Compl., D.C. Dkt. No. 24, ¶¶ 76-108. The case was tried to a jury in June 2023. D.C. Dkt. Nos. 177-180 (minutes of jury trial, June 20-23, 2023). On September 26, 2023, the District Court entered judgment for MET on all claims asserted in the First Amended Complaint, awarding $2,500,000 on the tortious interference claim, $2,949,513 and attorneys' fees on the Lanham Act claim, and a permanent injunction (the "Judgment"). A true and correct copy of the Judgment [D.C. Dkt. No. 199] is attached hereto as **Exhibit A**. Ex. A at 2-3. The orders and filings cited in this Memorandum are matters of public record of which the Court may take judicial notice. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

---

[1] Citations to "D.C. Dkt. No." refer to the docket in the District Court Action.

2. On October 17, 2023, three weeks after entry of the Judgment, the Debtor filed the voluntary chapter 11 petition commencing this case. [Docket No. 1.] No plan has been confirmed. The Debtor's plan and disclosure statement, filed in January 2024, remain pending, and the hearing on approval of the disclosure statement has been continued to October 27, 2026. [Docket Nos. 97-99; Docket No. 473 at 3.]

3. The Debtor moved for relief from the automatic stay to challenge the Judgment. [Docket No. 167.] On June 26, 2024, the Court entered the Stay Relief Order [Docket No. 213], a true and correct copy of which is attached hereto as **Exhibit B**. The Stay Relief Order terminated the stay of section 362(a) "as to the Debtor and the Debtor's bankruptcy estate" and provided that "[t]he stay is lifted to permit the Debtor to proceed with his challenges to the judgment obtained by MET in the MET v. Casden Action (the 'Judgment'), including pursuing the Debtor's post-trial motions, all post-judgment challenges, any and all appeals, including from the Judgment and any retrial and/or remand," and that "[t]he stay is also lifted for MET to pursue its motion for attorney's fees and its application to the clerk to tax costs in the MET v. Casden Action." Ex. B at 2.

4. The Debtor proceeded with his appeal of the Judgment. On July 30, 2026, the Ninth Circuit issued an opinion reversing and remanding in part, and affirming in part. A true and correct copy of the Ninth Circuit's opinion (the "Opinion"), as filed in the District Court Action [D.C. Dkt. No. 283], is attached hereto as **Exhibit C**. Opinion at 13, 17-20; *see also* Docket No. 461, Ex. A (Opinion as filed by the Debtor in this case). The Debtor did not challenge the permanent injunction on appeal. Opinion at 8; Ex. E at 2.

5. On August 25, 2026, the District Court, noting its receipt of the Ninth Circuit's mandate [D.C. Dkt. No. 277], vacated the Judgment, reopened the case, and ordered the parties to meet and confer and submit a joint report "addressing how the parties envision resolving the outstanding matters in this case and proposing briefing schedules for any anticipated motions." A true and correct copy of the District Court's August 25, 2026 minute order [D.C. Dkt. No. 278] is attached hereto as **Exhibit D**.

6. The parties filed their joint report on September 1, 2026 [D.C. Dkt. No. 281] (the "Joint Report"), a true and correct copy of which is attached hereto as **Exhibit E**. MET proposed a

motion for a revised judgment that finds the agent's immunity defense inapplicable under the standard the Ninth Circuit articulated, revisits the Lanham Act disgorgement award consistent with the Opinion, and restates the affirmed fee award, the unchallenged liability findings, and the permanent injunction. Ex. E at 2. The Debtor identified issues of his own for decision on remand, including whether judgment should be entered as a matter of law on his immunity defense, whether the fee award should be reduced, and whether the District Court will approve a bond for the fee award "in order to facilitate Casden's contemplated exit from his pending bankruptcy proceeding." *Id.* at 1-3. On the stay, MET stated that no further order of this Court is required because the Stay Relief Order extends to "any retrial and/or remand," and offered to stipulate to relief from the stay to the extent the Debtor believed it necessary. *Id.* at 3-4. The Debtor responded that the Stay Relief Order permits only "the Debtor" to proceed, that MET "has never sought relief to continue with its prosecution of the case against Casden," and that "[c]larification from the Bankruptcy Court is necessary to avoid a later challenge to the Court's rulings on the basis that a stay was in effect." *Id.* at 4-5.

7. On September 2, 2026, the District Court stated that it "questions whether the bankruptcy court has authorized the parties to seek their requested relief," ordered the parties "to obtain clarification from the bankruptcy court regarding the scope of its stay, including whether the bankruptcy court permits their contemplated motions," stayed the District Court Action pending this Court's ruling, and ordered status reports every thirty days and within five days of this Court's ruling. A true and correct copy of the District Court's September 2, 2026 minute order [D.C. Dkt. No. 282] is attached hereto as **Exhibit F**.

8. The Debtor has not sought that clarification and declined MET's request that he stipulate to such a clarification or relief from the automatic stay (if any remains in effect as to the remanded action). In his October 22, 2026 status report, the Debtor states that he is discussing a consensual dismissal of this case with creditors, that MET has declined to stipulate to a dismissal, and that he has reserved a December 8, 2026 hearing date for an "anticipated" motion to dismiss. [Docket No. 473 at 2.] The status conference in MET's nondischargeability action against the Debtor, Adv. No. 2:24-ap-01022-BR, has been continued repeatedly, most recently to October 27,

2026, and, as the Debtor acknowledges, further action on that complaint has been deferred because it "relates to the underlying USDC judgment." [Adv. No. 2:24-ap-01022-BR, Docket entries of Dec. 8, 2025, Feb. 18, 2026, June 1, 2026, Aug. 25, 2026, and Sept. 30, 2026 (continuing status conference); Docket No. 473 at 3.]

## III. ARGUMENT

### A. THE STAY RELIEF ORDER ALREADY EXTENDS TO THE PROCEEDINGS ON REMAND

"The automatic stay is an injunction issuing from the authority of the bankruptcy court." *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir. 2000) (en banc). This Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). The District Court has asked this Court to construe the Stay Relief Order, and the Stay Relief Order answers the question.

The Stay Relief Order lifted the stay as to "any retrial and/or remand." It did not limit that relief to papers filed by the Debtor. Section 362(a)(1) stays the "continuation" of a "judicial . . . proceeding against the debtor," and whether a proceeding is stayed is determined by its posture at inception, which is why the Debtor needed relief from the stay to pursue his own appeal in an action MET commenced against him. 11 U.S.C. § 362(a)(1); *see Parker v. Bain*, 68 F.3d 1131, 1135-36 (9th Cir. 1995) ("[S]ection 362 should be read to stay all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or the appellee . . . .") (quoting *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir. 1987)). Relief from the stay as to "any retrial and/or remand" is therefore relief as to the remand proceeding itself, in which MET, the plaintiff, necessarily participates. A remand in which the plaintiff may not seek entry of judgment is not a remand at all.

The remand now before the District Court is the direct product of the Debtor's "challenges to the judgment." The Debtor appealed; the Ninth Circuit reversed in part and remanded; and the District Court vacated the Judgment and reopened the case to conduct the further proceedings the Ninth Circuit ordered. Ex. C at 20; Ex. D. Those proceedings consist of exactly the motions the parties described in the Joint Report. Ex. E at 1-3. The Debtor's contrary reading would permit

him to seek judgment on his immunity defense while barring MET from opposing him or seeking entry of an amended judgment under the standard the Ninth Circuit announced. Nothing in the Stay Relief Order suggests that the Court lifted the stay for one side of a remand. The separate sentence authorizing MET to pursue its fee motion and bill of costs addressed MET's own post-judgment proceedings, which were not part of the Debtor's challenges; it does not narrow the relief granted as to the remand those challenges produced. The Court should confirm that the Stay Relief Order permits the proceedings on remand, including the motions contemplated in the Joint Report, to go forward.

### B. ALTERNATIVELY, CAUSE EXISTS UNDER 11 U.S.C. § 362(d)(1) TO PERMIT THE DISTRICT COURT ACTION TO PROCEED TO JUDGMENT

Section 362(d)(1) requires the Court to grant relief from the stay "for cause." 11 U.S.C. § 362(d)(1). Cause is not defined in the Bankruptcy Code and is determined case by case. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). "[I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 50 (1978). In deciding whether to permit pending litigation to proceed in another forum, courts in this Circuit weigh the nonexclusive *Curtis* factors, including whether relief would result in a complete resolution of the issues, the lack of any interference with the bankruptcy case, whether the other forum has the expertise to hear the matter, whether litigation elsewhere would prejudice other creditors, the interests of judicial economy, whether the proceeding is ready for trial, and the balance of harms. *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)*, 405 B.R. 915, 921 (9th Cir. BAP 2009) (citing *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)); *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311 B.R. 551, 559-60 (Bankr. C.D. Cal. 2004). Once the movant makes a prima facie showing of cause, the burden shifts to the debtor to show that relief is unwarranted. 11 U.S.C. § 362(g)(2); *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 205 B.R.

196, 200 (9th Cir. BAP 1996).

Here, every relevant factor favors relief. The remand presents discrete legal questions on a closed trial record, and the District Court's resolution of them in an amended judgment will liquidate MET's claim in full. Liquidating the claim does not interfere with this case; it is a predicate to it. The vacatur of the Judgment left MET's claim unliquidated, and the claim must be fixed before any plan can be confirmed, before any dismissal could be conditioned on an adequate reserve for creditors, and before any trustee could make a distribution. The Debtor concedes as much: he has asked the District Court to consider a bond for the fee award "in order to facilitate Casden's contemplated exit from his pending bankruptcy proceeding," and he acknowledges that MET's nondischargeability action has been deferred because it "relates to the underlying USDC judgment." Ex. E at 1; Docket No. 473 at 3. The District Court is the only court that can act on the Ninth Circuit's mandate; it has presided over the action since 2021 and tried it, and requiring MET to liquidate its claim through the claims allowance process here would require this Court to decide, on a trial record it did not make, the same questions the Ninth Circuit has directed the District Court to decide. No other creditor is prejudiced, because the relief sought is limited to liquidation and the stay remains in effect as to enforcement. The action has been tried, reduced to judgment, appealed, and remanded; only the post-remand motions remain. And the balance of harms is not close. Five years after filing suit and three years after trial, MET still has no final adjudication of its claims, and the District Court has halted the remand because of the uncertainty the Debtor introduced. The Debtor, who sought and obtained relief to litigate the remand and has identified his own issues for decision in it, suffers no cognizable harm from MET's participation.

MET further requests that the fourteen-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(4) be waived. The District Court has stayed the remand pending this Court's ruling and has ordered the parties to report within five days of it, and there is no reason to delay the District Court's work for a further two weeks.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, MET respectfully requests that the Court grant the Motion and enter the concurrently lodged proposed order (1) confirming that the Stay Relief Order terminated

the automatic stay as to all proceedings in the District Court Action on remand from the Ninth Circuit, including the motions contemplated by the parties in the Joint Report, any retrial, the entry of an amended or final judgment, and any appeals therefrom; (2) in the alternative, granting MET relief from the automatic stay under 11 U.S.C. § 362(d)(1) to proceed with the District Court Action to final judgment, including any appeals; (3) providing that, except as previously authorized by order of this Court, the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the estate; (4) waiving the fourteen-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(4); and (5) granting such other and further relief as the Court deems just and proper.

DATED: October 27, 2026

ELKINS KALT WEINTRAUB REUBEN
GARTSIDE LLP

By: *_/s/ Roye Zur_*
ROYE ZUR
COLE F. NICHOLAS
Attorneys for Creditor Multiple Energy Technologies, LLC



8250078.2

# EXHIBIT "A"

**O**
**JS-6**

# United States District Court
# Central District of California

MULTIPLE ENERGY TECHNOLOGIES, LLC,

Plaintiff,

v.

SETH CASDEN,

Defendant.

Case № 2:21-cv-01149-ODW (RAOx)

**FINAL JUDGMENT**

Pursuant to the jury's verdict, (ECF No. 190), and the Court's Post-Trial Order, (ECF No. 198), it is therefore **ORDERED, ADJUDGED, and DECREED** as follows:

1. Plaintiff shall have **JUDGMENT** in its favor on all claims asserted in the First Amended Complaint, (ECF No. 24);
2. The Court **AWARDS** Plaintiff $2,500,000 in damages on its tortious interference claim against Defendant;
3. The Court **AWARDS** Plaintiff $2,949,513 in damages and finds Plaintiff is entitled to reasonable attorneys' fees on its Lanham Act claim against Defendant; and
4. The Court **PERMANENTLY ENJOINS** Defendant as follows:

IT IS HEREBY ORDERED that Defendant Seth Casden is enjoined from making any statement in any forum or communication including but not limited to statements 1) on any website; 2) on an social media platform; or 3) to any member of the press or persons attempting to influence the opinions or decisions of others, that a) states or suggests that the Food and Drug Administration ("FDA") has "approved" Hologenix's product Celliant for any use or any reason; b) states or suggests that the FDA has made a "determination" as to whether Celliant provides any benefits, whether those benefits are categorized as medical benefits or "general wellness" benefits; or c) states or suggests that Celliant products are better than products containing Plaintiff Multiple Energy Technologies, LLC's bioceramics because of any approval given by or determination made by the FDA.

If Celliant is cleared, authorized or approved by the FDA as reflected in the appropriate FDA databases, true and accurate statements to this effect would not be violations of this injunction.

The following statement authorized by the FDA in its June 8, 2017 letter when restated in its entirety is not a violation of this injunction: "The FDA has determined that Celliant products are medical devices as defined in section 201(h) of the Federal Food, Drug and Cosmetic Act and are general wellness products."

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

September 26, 2023

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT "B"

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

FOR COURT USE ONLY

FILED & ENTERED

JUN 26 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY toliver DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*LOS ANGELES* DIVISION**

In re:

SETH HALDANE CASDEN,

Debtor(s).

CASE NO.: 2:23-bk-16904-BR

CHAPTER: 11

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**
**(Action in Nonbankruptcy Forum)**

DATE: June 11, 2024
TIME: 10:00 a.m.
COURTROOM: 1668
PLACE: 255 East Temple Street
Los Angeles, California

**MOVANT:** Seth Haldane Casden, Debtor and Debtor in Possession

1. The Motion was: ☒ Opposed ☐ Unopposed ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: Multiple Energy Technologies, LLC v. Seth Casden

   Docket number: Case No. 2:21-cv-01149-ODW (RAOx) (the "MET v. Casden Action")

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: U.S. District Court, Central District of California

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*: **No enforcement is allowed. See par. 11 below.**
   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.
   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other (*specify*):

    The stay is lifted to permit the Debtor to proceed with his challenges to the judgment obtained by MET in the MET v. Casden Action (the "Judgment"), including pursuing the Debtor's post-trial motions, all post-judgment challenges, any and all appeals, including from the Judgment, and any retrial and/or remand. The stay is also lifted for MET to pursue its motion for attorney's fees and its application to the clerk to tax costs in the MET v. Casden Action.

    The stay shall remain in effect as to any enforcement of the Judgment, or any revised or amended judgment, against the Debtor or property of the Debtor's bankruptcy estate.

    This order shall be effective 30 days after entry of an order approving the Debtor's application to employ Theodora Oringher, PC as special litigation counsel to act as special counsel in the MET v. Casden Action.

###

Date: June 26, 2024

Barry Russell
United States Bankruptcy Judge

# EXHIBIT "C"

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>*Plaintiff - Appellee*,<br><br>v.<br><br>SETH CASDEN,<br><br>*Defendant - Appellant*. | No. 24-4691<br><br>D.C. No. 2:21-cv-01149-ODW-RAO<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted April 15, 2026
Pasadena, California

Filed July 30, 2026

Before: Consuelo M. Callahan, Patrick J. Bumatay, and
Eric C. Tung, Circuit Judges.

Opinion by Judge Tung

## SUMMARY*

### California Tort Law/Lanham Act

The panel affirmed in part and reversed in part the district court's judgment after a jury trial in favor of Multiple Energy Technologies, LLC ("MET") in its action under the Lanham Act and California state law against Seth Casden, CEO of Hologenix.

MET sued Hologenix, maker of a competing bioceramic material, claiming that Hologenix falsely advertised its product Celliant as having been approved by the FDA. The two companies settled the case, but before Hologenix made all its payments due under the settlement agreement, it filed for bankruptcy. MET then sued Casden, alleging that, in violation of the settlement agreement, Hologenix continued to represent that the FDA determined that Celliant has health benefits. The district court granted judgment as a matter of law in favor of MET on its claim that Casden tortiously interfered with Hologenix's performance of the settlement agreement, and it awarded MET $2.5 million in damages on that claim. The jury returned a verdict in favor of MET on its false advertising claim under the Lanham Act and awarded nominal damages of one dollar. On MET's motion, however, the district court awarded MET disgorgement of Casden's salary earned from 2020 through 2023, trebled that amount, and awarded MET attorneys' fees.

Reversing the district court's judgment on the tortious interference claim, the panel held that, under California law,

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Case 2:21-cv-01... Document ... Filed ... Page ... of ... Page ID #10897



when an officer of a corporation is found to have induced the corporation to breach a contract, he normally cannot be sued for tortious interference of contract because an agent acting on behalf of a principal is immune from such a suit. The panel held that the district court erred in concluding that because Casden acted for his "individual advantage" when he induced a breach, he did not act as an agent and was not entitled to immunity from the tortious-interference claim. The panel held that it is only when an agent acts outside the scope of his agency, such as by acting for his own benefit *at the expense of his principal*, that the law steps in to deny immunity. Because the district court failed to apply that rule, the panel reversed the district court's denial of immunity and remanded for further proceedings.

Reversing the district court's award of damages on the false advertising claim under the Lanham Act, which provides for the equitable remedy of an award of the defendant's profits, the panel held that Casden's salary was not his profits. The panel therefore reversed the district court's disgorgement award.

The panel affirmed the district court's award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a), which provides for an award of attorneys' fees to the prevailing party in an exceptional case. The district court did not abuse its discretion in considering the jury's finding that Casden's representations concerning Celliant were "deliberately or intentionally false" in its decision to award attorneys' fees.

## COUNSEL

Nicole Sullivan (argued) and Thomas Butler, White & Williams LLP, New York, New York; Bethany Stevens, Walker Stevens Cannom LLP, Los Angeles, California; for Plaintiff-Appellee.

Kian Tamaddoni (argued), Kelly R. Horwitz, and Gerald M. Serlin, Benedon & Serlin LLP, Woodland Hills, California, for Defendant-Appellant.

---

## OPINION

TUNG, Circuit Judge:

This case asks whether an officer of a corporation can be sued for tortious interference of contract when he is found to have induced the corporation to breach a contract. Normally, the answer is no—an agent acting on behalf of a principal is immune from such a suit; otherwise, a plaintiff can effectively seek double-recovery, first from the principal (for breach of contract) and then from the agent (for tortious interference) for the same underlying conduct (the breach). But if the supposed agent acts *not* for and on behalf of his principal, but acts to benefit himself at the expense of his principal, then the agent loses his immunity. He stands as "a stranger" to the contract and can be sued for tortious interference.

The district court misapplied these principles here. It concluded that, because the corporate officer acted for his "individual advantage" when he induced a breach (*e.g.*, he promoted sales of his company's product to boost his individual bonus), the officer did not act as an agent and was

not entitled to immunity from a tortious-interference claim. 1-ER-52–54. That conclusion is wrong.

Agency status is not defeated simply because an employee advances his own interests while also seeking to advance the company's interests (and here, there is no finding that the officer acted against the company). Nothing in the law of agency demands something so unrealistic as requiring an agent to harbor purely selfless motives; our corporate law does not reflect a puritanical creed that seeks to extirpate self-interest. The wrong is not that an agent may act to benefit himself—after all, who doesn't, to some degree, act with such a motive? It is only when an agent acts outside the scope of his agency, such as by acting for his own benefit *at the expense of his principal*, that the law steps in to deny immunity.

Because the district court failed to apply that rule, we reverse the district court's denial of immunity and remand for further proceedings. The district court also awarded disgorgement and attorney's fees for a separate claim brought by the plaintiff under the Lanham Act. 1-ER-55–57. For the reasons stated below, we reverse the damages award, but affirm the award of attorney's fees.

## I.

Plaintiff Multiple Energy Technologies ("MET") competes with another company, Hologenix, in the athletic-wear market. 3-ER-494–96. They both make a bioceramic material designed to be embedded inside textiles and reflect a person's heat back to his body in the form of infrared energy. 3-ER-367. This reflective feature is supposed to enhance the wearer's circulation, support muscle recovery, and provide other health benefits. *Id.*; 4-ER-805–06. MET calls its product Redwave. 1-ER-47; 3-ER-366.

Hologenix's competing product is called Celliant. 1-ER-47; 3-ER-367. Defendant Seth Casden is the CEO of Hologenix. 3-ER-367. He is also its co-founder and majority shareholder. *Id.*; 5-ER-909.

In 2019, MET sued Hologenix. MET claimed that Hologenix falsely advertised its product (Celliant) as having been approved by the FDA. 7-ER-1259–60. The two companies then settled the case. 7-ER-1214–19. Hologenix agreed to pay MET a settlement amount of $2.5 million (in installments) and to refrain from representing that Celliant was FDA-approved or that the FDA determined that Celliant has health benefits. *Id.* Before Hologenix made all its payments, it filed for bankruptcy. 3-ER-367; 1-ER-48.

MET then sued Hologenix's CEO (Casden). According to MET, Hologenix continued to represent that the FDA determined that Celliant has health benefits—representations that Casden approved or made himself—in violation of the settlement agreement. *See, e.g.*, 3-ER-498–502, 508–09. In this lawsuit (the subject of our appeal), MET claimed that Casden both tortiously interfered with Hologenix's performance of the settlement agreement and violated the federal Lanham Act, which prohibits false advertising. 1-ER-51; 3-ER-524, 526. MET also claimed that Casden tortiously interfered with Hologenix's obligations to pay MET under the settlement agreement when Casden (as a corporate officer) voted to put Hologenix into bankruptcy. 1-ER-51; 3-ER-526.

The case went to a jury. After the jury trial, MET moved for judgment as a matter of law, asking the district court to conclude that Casden engaged in tortious interference. *Multiple Energy Technologies v. Casden*, Case No. 2:21-cv-01149-ODW-RAO, Dkt. No. 179 (C.D. Cal., Jun. 22, 2023).

The district court granted the motion. *Id.*; 1-ER-52. The district court acknowledged that an agent is ordinarily immune from a tortious-interference claim when the agent is "acting for and on behalf of the corporation." 1-ER-52. But the district court reasoned that, because Casden "acted for his individual advantage," he could not claim immunity. 1-ER-54. As an example of Casden acting in his own interest, the district court stated that "Casden was eligible for a bonus of up to fifty percent of his base salary per year based on Hologenix's business performance" and "[t]hus, by falsely promoting Celliant, Casden positioned himself to gain personally." 1-ER-53. The district court also pointed to the jury's "advisory finding" that "Casden acted to advance his own personal interests at the time he interfered with the Settlement Agreement." 1-ER-54. The jury had made an advisory finding, too, that at the time Casden interfered with the contract, he was "acting in his official capacity on behalf of Hologenix." 2-ER-267. But the district court did not note this. It awarded MET $2.5 million in damages for the tortious-interference claim. 1-ER-55.

The jury returned a verdict in MET's favor on its false-advertising claim under the Lanham Act and awarded nominal damages of one dollar. *Id.*; 2-ER-265. On MET's motion, however, the district court awarded MET disgorgement of Casden's salary earned from 2020 through 2023 (a total of $983,171) pursuant to its reading of 15 U.S.C. § 1117(a), which entitles plaintiff to recover a "defendant's profits." 1-ER-55–56. The district court then trebled that amount pursuant to its interpretation of the statute and also awarded attorney's fees of nearly $600,000 under the Act. 1-ER-10; 1-ER-41. Between the tortious-interference award, the Lanham Act award, and attorney's fees, the district court awarded over $6 million.

Casden appealed. He brings three challenges. *First*, Casden challenges the district court's judgment as a matter of law concluding that he was not entitled to immunity as an agent of Hologenix from MET's tortious-interference claim. *Second*, Casden challenges the district court's award under the Lanham Act of a disgorgement of profits in the amount of his salary (trebled), although he does not contest the jury's finding that he violated the Lanham Act. And *third*, he challenges the district court's award of attorney's fees under the Lanham Act. Below, we address each of these three issues. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review an order granting judgment as a matter of law *de novo*, *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017), and we review a decision to award disgorgement of profits (trebled) and attorney's fees under the Lanham Act for an abuse of discretion, *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076–77 (9th Cir. 2015), *partially overruled on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (per curiam) (en banc); *SunEarth*, 839 F.3d at 1181.

## II.

### A.

Whether an agent is entitled to immunity for a tortious-interference claim is a matter of state law. *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims."). California law governs here. *Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 324 n.3 (9th Cir. 1982); *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2009)

(applying California choice-of-law rules to determine applicable state law). And under that law, "ordinarily corporate agents and employees acting for and on behalf of the corporation cannot be held liable for inducing a breach of the corporation's contract since being in a confidential relationship to the corporation their action in this respect is privileged." *DeHorney v. Bank of America Nat. Trust and Sav. Ass'n*, 879 F.2d 459, 464 (9th Cir. 1989) (citation omitted); *see also Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990) ("[C]orporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract."); *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973) (same); *Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 45 (1989) (same).

This "agent's immunity rule" comes from another settled rule: "there can be no action for inducement of breach of contract against the other party to the contract." *Shoemaker*, 52 Cal. 3d at 24; *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 512 n.4, 514 (1994).[1] Just as an "action for inducing a breach of contract will not lie against the party to the contract," *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d 990, 999 (1977), this action also should not lie against the agent who is acting for and on behalf of the party to the contract. The "grievance" the action seeks to address would be, "in essence, breach of contract"; therefore, to allow an action in tort against the party (or his agent) would "not only be superfluous" but would also allow "tort

---

[1] We use the term "agent's immunity rule," as that is the term used by the California Supreme Court. *See, e.g.*, *Applied Equipment Corp.*, 7 Cal. 4th at 512 n.4. California Courts of Appeal also refer to this immunity as the "agent's privilege" or "manager's privilege." *See, e.g.*, *Huynh v. Vu*, 111 Cal. App. 4th 1183, 1194 n.11 (2003).

Case 2:23-cv-01690-DSF-RAO Document 83 Filed 09/09/26 Page 11 of 20 Page ID #:1088



Yet that is what the district court concluded. The district court held that merely because Casden acted for "individual advantage," he lost his status as an agent and could not claim to be immune from a tortious-interference claim. 1-ER-54. But there was no finding that Casden, in purporting to act for his own benefit, took actions at the expense of his principal. The district court cited certain facts—Casden wanting to earn a larger bonus by enhancing "Hologenix's business performance"; Casden entering into an employment contract; Casden preparing Hologenix for bankruptcy—to support its conclusion that Casden "acted to advance his own personal interests" when he induced the breach. 1-ER-53–54. But all those actions appear compatible with Hologenix's interests. At least there has been no finding that Casden acted against those interests.

The district court appeared to have adopted its "individual advantage" formulation from *Wise v. S. Pac. Co.*, 223 Cal. App. 2d 50, 72 (1963) *disapproved of on other grounds by Applied Equipment Corp.*, 7 Cal. 4th at 510, but this is a misreading of *Wise*. 1-ER-52. *Wise* stated that "[a]gents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." 223 Cal. App. 2d at 72. To start, this statement addresses conspiracy, not

---

financial advantage when it acts for its principal, because the agent is compensated by its principal, and conduct in furtherance of the principal's interest will necessarily serve the agent's interests as well. A 'financial advantage' exception to the sound rule that the contracting party's agent, like the contracting party, cannot be liable for interference with the contract, would entirely swallow up the rule."); *Restatement (Third) of Agency* § 8.01 (2006) ("clarify[ing] that an agent's loyal service to the principal may, concurrently, be beneficial to the agent.").

tortious interference with contractual relations. But more importantly, *Wise* did not hold that a person, in order to retain immunity as an agent, cannot act for his "individual advantage" while also advancing his principal's interests. Indeed, *Wise* says that if a person is acting in his official capacity on behalf of the corporation, he retains an agent's immunity. *Id*. Here the jury made an advisory finding that Casden acted in that capacity (2-ER-267), and there was no contrary finding that he acted as a mere "individual" (non-agent) acting for his "individual advantage" at the expense of his principal. The district court also appeared to hinge its denial of immunity on Casden's purportedly selfish motives. But under California law, subjective motives are not the lodestar in determining whether an agent acts for and on behalf of the company. "Where an employee acts within the scope of his employment, it does not matter whether his conduct in inducing the breach of contract was motivated by 'ill-will or malice on his part.'" *DeHorney*, 879 F.2d at 464 (quoting *Imperial Ice Co. v. Rossier*, 18 Cal. 2d 33, 38 (1941)); *J.F. Parkinson Co. v. Building Trades Council of Santa Clara County*, 154 Cal. 581, 594 (1908) ("[A] bad motive does not convert an act otherwise lawful into a ground of action[.]"); *Boyson v. Thorn*, 98 Cal. 578, 583 (1893) ("[A]n act which does not amount to a legal injury cannot be actionable because it is done with a bad intent[.]"); Thomas M. Cooley, Treatise of the Law of Torts, or the Wrongs Which Arise Independent of Contract 832 (2d ed. 1888) ("Bad motive, by itself, then, is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful."); *cf. J.D. Edwards & Co. v. Podany*, 168 F.3d 1020, 1024–25 (7th Cir. 1999) ("[W]e do not make the mistake of confusing bad faith with greed. A consultant might be in consulting purely for

the money, but as long as he made his money by offering honest advice within the scope of his employment, his private motives would be irrelevant.”).[3]

It is thus the *act* (not the motive) that counts. To determine whether agency immunity attaches, we apply an objective test: is the agent *acting* for and on behalf of the company, or outside the scope of his agency such as by acting for himself at the expense of the company? The district court failed to apply the proper test here.

---

[3] The California Supreme Court in *Imperial Ice* noted that certain “statements” in *Boyson* “to the effect that no interference with contractual relations is actionable if the means employed are otherwise lawful were not necessary to the decision and should be disregarded.” 18 Cal.2d at 38. But *Imperial Ice* did not abrogate the proposition in *Boyson* (and subsequently affirmed in *J.F. Parkinson*) that a bad motive in this context does not convert an otherwise lawful act into an unlawful one. Indeed, *Imperial Ice* itself affirmed that proposition, citing *Boyson* and *J.F. Parkinson*. *Id*. All *Imperial Ice* meant by its commentary on *Boyson* was that the tort of interference with contractual relations does not require a *separate* wrongful act beyond the interference itself (in contrast to the tort of interference with prospective economic relations, which does require such a separate wrongful act); the inducement of a contractual breach need only be done “*unjustifiably*” for the tort to lie. *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 387 (1995) (emphasis in original). Nor is *Collins v. Vickter Manor, Inc.*, 47 Cal. 2d 875 (1957), to the contrary. There, the California Supreme Court stated that “[w]hether or not [the corporate defendants] were privileged to cause the corporation to discontinue its relations with plaintiffs, in the belief that such a course of action was in the best interests of the corporation, is a matter of defense, to be decided by a resolution of the factual issues presumptively involved.” *Id.* at 883. The California Supreme Court did not embrace a motives-only test, which would have been contrary to *Boyson*, *J.F. Parkinson*, and *Imperial Ice*; it merely concluded that the asserted privilege in that case could not sustain a demurrer.

The pitfalls of a test that turns only on subjective motives are apparent. *First*, as tort law has long recognized, it would be odd if an otherwise permissible act by an agent becomes impermissible merely because the agent had a motive to benefit himself. The California Supreme Court approvingly quoted Lord Coledrige as stating: "I do not know [except in one case] that it has ever been held that the same person for doing the same thing under the same circumstances, with the same result, is actionable or not actionable according to whether his inward motive was selfish or unselfish for what he did." *Boyson*, 98 Cal. at 583 (quoting *Bowen v. Hall*, (1881) 6 Q.B.D. 333, 344 (Lord Coleridge, C.J., dissenting)); *see also* Cooley, Treatise of the Law of Torts at 830 ("Any transaction which would be lawful and proper, if the parties were friends, cannot be made the foundation of an action merely because they happened to be enemies.") (citations omitted).

*Second*, a motives-only test would be both under- and over-inclusive. It would be under-inclusive, because if an agent harbors a "good" motive while acting against the principal's interest (*e.g.*, justifying the use of the company's funds without the company's knowledge, and against the company's directives, to promote a business opportunity that he believes would nevertheless benefit the company), a motives-only test would preserve immunity when the agent should lose it. A motives-only test would also be over-inclusive, because if the agent acts in the principal's interest but with a "bad" motive (*e.g.*, voting in favor of a bankruptcy filing, out of an ulterior motive to protect his own secured claim, even though bankruptcy is in the company's best interest), the agent would lose immunity when he should keep it.

*Third*, there are administrability problems with a motives-only test. Motives are notoriously difficult to discern; nor is it clear what a judge or jury should be looking for—that the agent acted with the intent to benefit the principal rather than himself? What if the agent harbored "mixed" motives—do we look to whether the agent was motivated *in part* to benefit the principal, or whether he was motivated *predominantly* to benefit the principal?[4] (Again, it should not matter if an agent has a private motive mostly to benefit himself so long as he acts loyally and in the company's interests.) One quickly runs into these conceptual difficulties with a motives-only test. *See Boyson*, 98 Cal. at 583–84 ("[T]he inquiries to which this view of the law would lead are dangerous and inexpedient inquiries for courts of justice; judges are not very fit for them, and juries

---

[4] *Compare Los Angeles Airways*, 687 F.2d at 328 ("We conclude that where, as here, an advisor is motivated in part by a desire to benefit his principal, his conduct in inducing a breach of contract should be privileged"), *with Huynh*, 111 Cal. App. 4th at 1198 ("In our view, when a manager stood to reap a tangible personal benefit from the principal's breach of contract, so that it is at least reasonably possible that the manager acted out of self-interest rather than in the interest of the principal, the manager should not enjoy the protection of the manager's privilege unless the trier of fact concludes that the manager's *predominant* motive was to benefit the principal."); *see also* Restatement (Third) of Torts: Liab. For Econ. Harm §17(o). Because neither *Los Angeles Airways* nor *Huynh* addressed whether an agent's immunity should turn on whether an agent's action was taken at the principal's expense (apart from his subjective motives), we are not precluded from addressing that issue (and answering yes). *See United States v. Kirilyuk*, 29 F.4th 1128, 1134 (9th Cir. 2022) ("Prior precedent that does not squarely address a particular issue does not bind later panels on the question.") (internal quotation marks and citation omitted).

are very unfit[.]" (quoting *Bowen*, Law R. 6 Q.B.D. at 344)).[5]

To be sure, some language in our caselaw and in intermediate state authorities (*supra* at n.4) suggests that a court should look to motive in assessing whether agency immunity attaches. But again, even if one could surmount the problems of administrability that a motives-only test would produce, such a test in this context misconceives the objective nature of the inquiry and is contrary to *DeHorney* and California Supreme Court precedent directing us to examine the act rather than the motive. *See supra* at 9–14; *see also Della Penna*, 11 Cal. 4th at 403 (Mosk, J.,

---

[5] In addition, "[t]he scope of the manager's [or agent's] privilege as developed under California's common law since *Olivet v. Frischling* was decided, is neither clear nor consistent," and the "question of whether the privilege is absolute [not reliant on an agent's motive] or qualified [reliant on an agent's motive] is somewhat muddled in California law, resulting in a knot of authority on the issue." *Huynh*, 111 Cal. App. 4th at 1195 (internal quotations omitted); *see also* 3 Cal. Affirmative Def. § 41:19 & nn.10, 12 (2d ed. 2025) ("[W]hen applicable, the manager's privilege is generally held to be an absolute, not qualified, privilege. . . . Nevertheless, there are decisions holding that the manager must act on behalf of the principal, 'with impersonal or disinterested motive,' not on behalf of the manager's own personal interests[.]") (citing divergent California Court of Appeal cases). Further, the most recent reported decisions of the California Courts of Appeal do not look to motive at all. *See Mintz*, 172 Cal. App. 4th at 1606 ("The only question is whether the representative of a contracting party may be held liable for the substantive tort of interfering with the contract. The cases answer that question in the negative."); *Asahi Kasei Pharm Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 967 (2013) ("[U]nder the manager's privilege, a company's manager may not be liable to a third party for inducing *his or her* company to breach *its* contract with the third party."). Given divergence among the California Courts of Appeal, we rely on the California Supreme Court's past opinions (*see supra* 9–14) to predict how that court will rule.

Case 2:23-cv-01690-DSF-RAO Document 283 Filed 09/09/26 Page 17 of 20 Page ID #:10984



concurring in the judgment) (discussing the related tort of interfering with prospective economic advantage and stating that "the focus on the interfering party's motive is simply inappropriate [because] for present purposes, motive is altogether immaterial"). We conclude that, for purposes of assessing agency immunity, evidence of motive is relevant only to the extent "it indicates whether or not [the principal's] interest is actually being protected" (*cf. Imperial Ice*, 18 Cal. 2d at 36)—*i.e.*, whether the agent acted for and on behalf of his principal, or instead, outside the scope of his agency such as by acting for himself at the expense of his principal. In short, evidence of a self-serving motive may indicate that the agent is acting for himself to the detriment of his principal.

A few remaining points. It cannot be that merely inducing the breach is enough to defeat an agent's immunity; that rule would eviscerate agency immunity altogether and disregard the reality that efficient breaches can advance a principal's interests. *See* Harvey S. Perlman, *Interference with Contract and Other Economic Expectancies: A Clash of Tort and Contract Doctrine*, 49 U. CHI. L. REV. 61, 79–80 (1982). Nor can a post hoc conclusion that the agent caused his principal to break the law result in the loss of immunity on the theory that it is never in the principal's interest to break the law. Immunity is an inquiry at the threshold; it should not turn on an after-the-fact determination of legality.

Here, the district court held that Casden acted for himself, and it erroneously denied immunity on that basis. It did not conclude that Casden failed to act for and on behalf of his principal—indeed, one of the jury's advisory findings was that Casden "act[ed] in his official capacity on behalf of Hologenix." 2-ER-267. No findings were made that Casden acted at the expense of his principal to benefit himself or that

he otherwise acted outside the scope of his agency. Absent such findings, the district court erred in denying immunity.[6]

**B.**

Now onto Lanham Act relief. Casden appeals the district court's grant of disgorgement of his salary for violating the Lanham Act. Under the Act, "the plaintiff shall be entitled . . . subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a). The district court issued an award that was purportedly based on the "defendant's profits." The district court treated Casden's salary (as the CEO of Hologenix) as a proxy for Casden's "profits." 1-ER-56.

That was error. Casden's salary is not his profits. Under the statute, to assess "profits," the plaintiff "shall be required to prove defendant's sales only" and the "defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). But MET failed to show that Casden had any sales. To be sure, Hologenix made sales. But the "defendant" here is not Hologenix. The defendant is Casden. *See Dewberry Group, Inc. v. Dewberry Engineers, Inc.*, 604 U.S. 321, 323 (2025) ("Under the pertinent statutory provision, the court could award only profits properly ascribable to the defendant itself."). And so it is

---

[6] Casden had also argued to the district court that his vote to file for bankruptcy was protected petitioning activity under the *Noerr-Pennington* doctrine, and that he was therefore protected under the First Amendment from liability for MET's tortious-interference claim. We need not address this defense, as we hold that the district court applied the incorrect standard for agent's immunity and remand with further instructions to the district court to evaluate MET's tortious interference claim in light of the appropriate standard.

Case 2:23-cv-01803-DMV-RAO Document 223 Filed 09/09/26 Page 19 of 20 Page
ID #:10906



*Casden's* sales that must be shown. Without that first step, the district court could not award Casden's "profits." Nor could the district court substitute "profits" with "salary" in this case; the two are distinct—salary is a business cost to Hologenix and compensation to Casden, and profits are what remain after expenses have been deducted. *See Profit*, Black's Law Dictionary (3d ed. 1933) ("The advance in the price of goods sold beyond the cost of purchase [or t]he gain made by the sale of produce or manufactures, *after deducting the value of the labor*, materials, rents, and all expenses, together with the Interest of the capital employed." (emphasis added)). Conflation of the two here was improper.

Because we conclude that the district court erred in treating Casden's salary as his profits, we reverse the district court's disgorgement award (and do not reach the propriety of trebling that award).

**C.**

Finally, attorney's fees. The district court "in exceptional cases may award reasonable attorney fees to the prevailing party" under the Lanham Act. 15 U.S.C. § 1117(a). Because MET prevailed on its Lanham Act claims—an outcome that Casden does not contest—MET may be awarded attorney's fees if the district court finds this case to be "exceptional." *Id*. A case may be "considered exceptional 'when the infringement is malicious, fraudulent, deliberate, or willful.'" *Fifty-Six Hope Rd. Music*, 778 F.3d at 1077. The jury here found that Casden's representations concerning Celliant were "deliberately or intentionally false" in violation of the Lanham Act. 2-ER-264. The

district court thus did not abuse its discretion when it considered this finding to award attorney's fees.[7]

*   *   *

Selfishness may be a moral failing but by itself is no grounds for a tort here. For the reasons stated above, the district court erred when it deprived Casden of an agent's immunity merely because he acted for his "individual advantage." An agent loses his immunity when he acts at the expense of his principal. He does not lose immunity when he acts in his principal's interests, though he may harbor a motive for personal gain. We reverse the district court's judgment denying immunity and remand for further proceedings consistent with this opinion. We reverse the district court's award of disgorgement, but affirm its award of attorney's fees, under the Lanham Act.

**REVERSED AND REMANDED IN PART. AFFIRMED IN PART.**

[7] While we affirm the award of attorney's fees under the Lanham Act, the district court remains free, if asked, to adjust the amount in light of our opinion.

damages" (such as punitive and mental-suffering damages) for a contract claim. *Id.* California law does not permit that.

But an agent's immunity vanishes if he does *not* act for and on behalf of his principal when inducing the breach. In that instance, the purported agent stands as a "stranger[]" to the contract and could be subject to a tortious-interference claim. *See Applied Equipment Corp.*, 7 Cal. 4th at 514. When does an agent fail to act "for and on behalf" of his principal? When he acts outside the scope of his agency such as by acting for himself *at the expense of his principal*. That occurs when, for example, the supposed agent usurps corporate opportunities meant for the principal or engages in other forms of self-dealing to the detriment of the principal. *See, e.g.*, *Olivet v. Frischling*, 104 Cal. App. 3d 831, 836, 841 (1980) ("Obviously, when a manager induces a breach in the hopes that he himself might fill the resultant economic void, he acts not as a servant, i.e., as one upholding his master's best interests, but rather as a naked competitor, devoid of the protections accorded those who labor under standards of fidelity, good faith[,] and fiduciary responsibility."), *disapproved of on other grounds by Applied Equipment Corp.*, 7 Cal. 4th at 510. An agent's immunity should not be denied merely because the agent acts to benefit himself (while also seeking to advance the principal's interest). *See Los Angeles Airways*, 687 F.2d at 328. Otherwise, agents who act in their self-interest—to get a raise, to make more money, to sustain a family—would *lose* immunity even though their actions would generally also advance their employer's interests.[2] Nothing in California law (or common sense) requires that outcome.

---

[2] *See, e.g.*, *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1606 (2009) ("Every agent, in one way or another, acts for its own

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-5

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01149-ODW (RAOx) | Date | August 25, 2026 |
| Title | *Multiple Energy Technologies, LLC v. Seth Casden* | | |

| | |
|---|---|
| Present: The Honorable | Otis D. Wright, II, United States District Judge |

| | | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **In Chambers**

On August 21, 2026, the Court received the Mandate of the Ninth Circuit, reversing and remanding this matter back to this Court. (Dkt. No. 277.) The Mandate is spread; this Court once again has jurisdiction over this action. This Court's Judgment issued on September 26, 2023, (Dkt. No. 199), is hereby **VACATED**.

In light of the Ninth Circuit's Mandate, the Court **ORDERS** the parties to meet and confer and submit a joint report **no later than SEPTEMBER 1, 2026**, addressing how the parties envision resolving the outstanding matters in this case and proposing briefing schedules for any anticipated motions.

The Clerk of the Court shall re-open the case.

**IT IS SO ORDERED.**

___ : 00

Initials of Preparer SE

# EXHIBIT "E"

WHITE AND WILLIAMS LLP
Nicole Sullivan (pro hac vice)
sullivann@whiteandwilliams.com
Thomas E. Butler (pro hac vice)
butlert@whiteandwilliams.com
810 Seventh Avenue – Suite 500
New York, NY 10019
Telephone: (212) 714-3070
Facsimile: (212) 244-6200

WALKER STEVENS CANNOM LLP
Bethany Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone: (213) 712-9145
Facsimile: (213) 403-4906
*Attorneys for Plaintiff Multiple Energy Technologies, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SETH CASDEN,<br><br>Defendant. | Case No.: 2:21-cv-01149-ODW<br><br>**JOINT REPORT IN RESPONSE TO THE COURT'S MINUTE ORDER DATED AUGUST 25, 2026 (Dkt. No. 278)**<br><br>The Hon. Otis D. Wright II |

Case 2:21-cv-01393-DSF-RAO Document 81 Filed 09/01/26 Page 2 of 7 Page ID #:1088

Pursuant to this Court's Minute Order dated August 25, 2026 (Dkt. No. 278), the parties met and conferred on August 27, 2026, and hereby submit the following joint report regarding their proposals to resolve the outstanding issues in this case.

## *I. Outstanding Matters In This Case*

**MET's Position**:

- whether agency immunity applies as a defense to MET's tortious interference claim under the standard articulated by the Ninth Circuit;
- whether Casden's bonuses, which were not compensatory salary but incentives tied directly to sales generated by the false advertising, constitute profits able to be disgorged as a remedy for MET's Lanham Act claim.

**Casden's Position**:

- Whether, based on the record, judgment should be entered as a matter of law on the agency immunity defense, or, absent a determination as a matter of law, the question should be presented to a jury.
- Whether, because the Ninth Circuit did not remand the Lanham Act claim for further decision, a final judgment should be entered on that claim at this time.
- Whether, in light of the Ninth Circuit's suggestion (fn. 7, page 20) regarding a potential adjustment in the attorney's fee award due to its decision, the attorney's fee award of $598,142.12 in fees [USDC Dkt. No. 260] should be reduced.
- Whether the Court will approve a bond in the amount of the potential attorney's fee award while such challenge is pending in order to facilitate Casden's contemplated exit from his pending bankruptcy proceeding.

Case 2:21-cv-01193-DSF-RAO Document 81 Filed 09/01/26 Page 3 of 7 Page ID #1088

***II. Anticipated Motions and Proposed Briefing Schedule***

**MET's Position:** MET proposes to bring a motion for revised judgment that (i) finds the agency immunity defense does not apply to MET's tortious interference claim under the standard articulated by the Ninth Circuit, (ii) revisits the Court's disgorgement award on MET's Lanham Act claim consistent the Ninth Circuit's holding that the Court cannot treat Casden's salary as profits in this case; and (iii) restates the attorneys' fees award (which was affirmed by the Ninth Circuit) and the liability findings and issued permanent injunction (which Casden did not challenge on appeal) as stated in the original judgment (Dkt. No. 199). It should be noted that the Ninth Circuit did not reverse the judgment on the tortious interference cause of action and only remanded for the Court to consider whether the agency immunity defense applies under the standard articulated in this decision. Nor can it be decided as a matter of law as posited by Casden because it requires an application of the facts to the standard.

**Casden's Position:** Casden contends that (1) judgment may be entered as a matter of law on the agency immunity defense based on the record, the numerous findings by the Court that the Casden actions were taken for the benefit of Hologenix, as well as himself, and the jury's advisory finding that Casden was acting in the scope of his agency, (2) there is no basis to re-instate the tortious interference claim as the Ninth Circuit ruling precludes that determination, (3) the disgorgement issue is not open for further consideration in the District Court because the Lanham Act claim was not remanded for further proceedings, and the Ninth Circuit's reasoning applies equally to bonuses received by Casden, which are not profits tied to any sales of the offending entity, Hologenix.

It should be noted that Casden's appeal did not challenge the injunction itself, but the contempt order is the subject of his second appeal, which is currently on an administrative hold.

Casden intends to evaluate the grounds for a possible adjustment of the attorney fee award entered by the Court on February 25, 2025, in the amount of $598,142.12 [USDC Dkt. No. 260], in view of the Ninth Circuit's comment that

> "While we affirm the award of attorney's fees under the Lanham Act, the district court remains free, if asked, to adjust the amount in light of our opinion."

*See* Ninth Circuit Opinion at p. 20, n. 7.

Given his counsel's recent substitution into this case, Casden requests additional time to evaluate the record and whether to bring such a motion to reduce the award of attorneys' fees.

The Parties propose the following briefing schedule on its anticipated motions and Casden's anticipated motion:

- Opening Briefs due October 13, 2026
- Opposition Briefs due October 20, 2026
- Reply Briefs due November 3, 2026
- Hearing: December 7, 2026, or as otherwise convenient for the Court.

***III. Status Report Regarding Bankruptcy***

**MET's Position:** The Bankruptcy proceedings initiated by Casden on October 17, 2023, *In re Casden*, No. 2:23-bk-16904-BR (Bankr. C.D. Cal.), remain pending. By order dated June 26, 2024, the Bankruptcy Court lifted the automatic stay in this case "to permit [Casden] to proceed with his challenges to the judgment obtained by MET," which expressly included "any retrial and/or remand." (*See* Dkt. 217.) As such, MET understands no further order or permission of the Bankruptcy court is required to proceed with the outstanding matters and/or anticipated motions identified in this Joint Report. It is unclear to MET why Casden believes the automatic stay was not lifted as to this remand given the clear language of the bankruptcy court's order. In any event, MET has offered to stipulate to relief from the stay to the extent that

Casden believes it is necessary.

**Casden's Position:** The Bankruptcy Court Order entered June 26, 2024, stated that "As to **Movant** [Casden], its successor, transferees and assigns, the stay of 11 U.S.C. S 362(a) is: (a) Terminated as to the Debtor and the Debtor's bankruptcy estate."

The Order further states:

> The stay is lifted to permit the **Debtor** to proceed with his challenges to the judgment obtained by MET in the MET v. Casden Action (the "Judgment"), included pursuing the Debtor's post-trial motions, all post-judgment challenges, any and all appeals, including from the Judgment and any retrial and/or remand. The stay is also lifted for **MET** to pursue its motion for attorney's fees and its application to the clerk to tax costs in the MET v. Casden Action.

*See* Bk. Dkt. No. 213 (emphasis added).

MET, which opposed the Debtor's stay relief motion in the Bankruptcy Court, has never sought relief to continue with its prosecution of the case against Casden and it is not clear that it has the right to do so at this stage of the proceedings (except for its motion for attorney's fees), given the terms of the Bankruptcy Court order.

As to further proceedings on this Court's "Order Granting Plaintiff's Motion for Contempt" entered on June 4, 2025 [Dkt. No. 265], the Court stated that:

> The stay in this action remains in place as the bankruptcy court lifted the stay only for the limited purpose of bringing a motion for contempt, not a motion for attorney's fees. (Sullivan Decl. Ex. 9 (Bankruptcy Court Order") 2, ECF No. ECF No. 254-10. MET may move for the above requested attorneys' fees within thirty (30) days of a lift of the stay.

*See* USDC Dkt. No. 265.

Case 2:2...-RAO Document ... Filed 09/01/26 Page 6 of 7 Page ID #:1088

As of this date, MET has not moved for relief from the stay. Absent a further order of the Bankruptcy Court, or a dismissal of the bankruptcy case, Casden contends that the stay remains in effect, except as specified in the prior Bankruptcy Court orders. Clarification from the Bankruptcy Court is necessary to avoid a later challenge to the Court's rulings on the basis that a stay was in effect.

Dated: September 1, 2026

**WHITE AND WILLIAMS LLP**

_*/s/ Nicole A. Sullivan*__________
Thomas E. Butler
Nicole A. Sullivan
*Attorneys for Plaintiff*
*Multiple Energy Technologies, LLC*

Dated: September 1, 2026

Gregory M. Salvato
Joseph Boufadel
Salvato Boufadel, LLP

*/s/ Gregory M. Salvato*____
Gregory M. Salvato

*Attorneys for Defendant*
*Seth Casden*

## E-FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September 1, 2026

*/s/ Bethany Stevens*______
Bethany Stevens

# EXHIBIT "F"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01149-ODW (RAOx) | Date | September 2, 2026 |
| Title | *Multiple Energy Technologies, LLC v. Seth Casden* | | |

| | |
|---|---|
| Present: The Honorable | Otis D. Wright, II, United States District Judge |

| | | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not present | Not present |

**Proceedings:** **In Chambers**

After considering the parties' joint report, the Court questions whether the bankruptcy court has authorized the parties to seek their requested relief. The Court **ORDERS** the parties to obtain clarification from the bankruptcy court regarding the scope of its stay, including whether the bankruptcy court permits their contemplated motions. The Court **STAYS** this action pending the bankruptcy court's ruling.

The Court **ORDERS** the parties to file status reports every thirty days, beginning **October 2, 2026**, addressing the status of their briefing with the bankruptcy court. The Court further **ORDERS** the parties to file a status report within **five (5) days** of the bankruptcy court's ruling regarding the scope of its stay.

**IT IS SO ORDERED.**

: 00

Initials of Preparer SE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10345 Olympic Boulevard, Los Angeles, California 90064.

A true and correct copy of the foregoing documents entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or were served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Shraddha Bharatia** notices@becket-lee.com
- **Joseph Boufadel** jboufadel@salvatoboufadel.com, Gsalvato@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Thomas E Butler** butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Aaron E. De Leest** adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **John-Patrick M Fritz** jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Lauren N Gans** lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Matthew Grimshaw** mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Sweeney Kelly** kelly@ksgklaw.com
- **Wendy A Locke** ecfcacb@aldridgepite.com, wlocke@ecf.inforuptcy.com
- **Betty Luu** bluu@duanemorris.com, betty-luu-4381@ecf.pacerpro.com
- **Ron Maroko** ron.maroko@usdoj.gov
- **Allison C. Murray** acmurray@swlaw.com, kcollins@swlaw.com
- **William M Noall** wnoall@gtg.legal, bknotices@gtg.legal
- **Kurt Ramlo** RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
- **Arjun P Rao** arjun.rao@morganlewis.com, kathleen.rosello@morganlewis.com
- **Michael B Reynolds** mreynolds@swlaw.com, kcollins@swlaw.com
- **Gregory M Salvato** gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **Nicole Sullivan** sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- **John N Tedford** JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **David Wood** dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Roye Zur** rzur@elkinskalt.com, lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

*Courtesy Copy*
The Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 27, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 27, 2026 | Lisa Masse | */s/ Lisa Masse* |
| *Date* | *Printed Name* | *Signature* |