Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

ROYE ZUR, State Bar No. 273875
rzur@elkinskalt.com
COLE F. NICHOLAS, State Bar No. 354027
cnicholas@elkinskalt.com
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

☒ *Attorney for Movant*
☐ *Movant appearing without an attorney*

FOR COURT USE ONLY

FILED & ENTERED

NOV 18 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - *LOS ANGELES* DIVISION**

In re:

SETH HALDANE CASDEN,

Debtor(s).

CASE NO.: 2:23-bk-16904-BR

CHAPTER: 11

# ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Action in Nonbankruptcy Forum)

DATE: November 17, 2026
TIME: 10:00 a.m.
COURTROOM: 1668
PLACE: 255 East Temple Street
Los Angeles, California 90012

**Movant:** Multiple Energy Technologies, LLC

1. The Motion was: ☐ Opposed ☒ Unopposed ☐ Settled by stipulation
2. The Motion affects the following Nonbankruptcy Action:
   Name of Nonbankruptcy Action: Multiple Energy Technologies, LLC v. Seth Casden
   Docket number: 2:21-cv-01149-ODW (RAOx)
   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: United States District Court for the Central District of California (Hon. Otis D. Wright, II)
3. The Motion is granted under 11 U.S.C. § 362(d)(1).
4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by (specify all that apply):

a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other (*specify*): See Attachment 1 to this order.

###

Date: November 18, 2026

Barry Russell
United States Bankruptcy Judge

**ATTACHMENT 1 TO ORDER GRANTING MOTION OF MULTIPLE ENERGY TECHNOLOGIES, LLC FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)**

**Paragraph 11 (Other):**

A. On June 26, 2024, the Court entered its Order Granting Motion for Relief from the Automatic Stay [Docket No. 213] (the “Stay Relief Order”), which lifted the automatic stay to permit the Debtor to pursue his post-trial motions, all post-judgment challenges, “any and all appeals, including from the Judgment and any retrial and/or remand” in the Nonbankruptcy Action, and which lifted the stay for Movant to pursue its motion for attorney’s fees and its application to tax costs in the Nonbankruptcy Action.

B. The Court confirms that the Stay Relief Order terminated the automatic stay as to all proceedings in the Nonbankruptcy Action on remand from the United States Court of Appeals for the Ninth Circuit (No. 24-4691), including the prosecution, defense, and adjudication of the motions contemplated by the parties in their joint report filed in the Nonbankruptcy Action on September 1, 2026, any retrial, the entry of an amended or final judgment, and any appeals therefrom.

C. To the extent the automatic stay otherwise applies to any such proceeding, the stay is terminated pursuant to 11 U.S.C. § 362(d)(1) to permit Movant and the Debtor to proceed in the Nonbankruptcy Action to final judgment, including any appeals, in accordance with applicable nonbankruptcy law.

D. Except as previously authorized by order of this Court, the automatic stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor’s bankruptcy estate, absent further order of this Court. Nothing in this order limits or modifies the relief previously granted by the Stay Relief Order or by the Court’s order entered December 9, 2024 [Docket No. 297].

###